```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

|                                      |   |                              |
|--------------------------------------|---|------------------------------|
| BRIANNA J. ADAMS, et al.,            | ) |                              |
|                                      | ) |                              |
|     Plaintiffs,  | ) |                              |
|                                      | ) |                              |
| v.                                   | ) | Civil Action No. 17-11059-LTS |
|                                      | ) |                              |
| MICHAEL W. MORRISSEY, et al.,        | ) |                              |
|                                      | ) |                              |
|     Defendants.  | ) |                              |

ORDER

January 18, 2018

SOROKIN, D.J.

Before the Court are the plaintiffs' motions for appointment of counsel and for class certification. For the reasons stated below, the Court denies both motions and orders that the plaintiffs pay the filing fee or seek leave to proceed *in forma pauperis*.

**I.      Background**

On June 6, 2017, *pro se* litigants Jordan Rice, his mother Blenda Rice, his fiancée Brianna Adams, and the fiancée's mother Patricia Adams, filed a civil rights complaint in which they allege that correctional officers and other officials at MCI Cedar Junction engaged in a campaign to torture and even kill Mr. Rice by contaminating his food, drink, and bed with their bodily fluids and those of prisoners. According to Mr. Rice, who is now incarcerated at the Souza Baranowski Correctional Center, the correctional officers engaged in this harassment to coerce him into pleading guilty to criminal charges involving alleged assaults on correctional officers, and to punish him when he refused to do so and the charges against him were dropped. They also claim that the correctional officers, or their agents, threatened the other plaintiffs with

serious bodily injury if Mr. Rice did not plead guilty. The plaintiffs name 101 individuals as defendants.

The plaintiffs also filed motions for appointment of counsel (ECF No. 8) and for certification of a class (ECF No. 6). In the latter motion, the four plaintiffs ask that this Court certify them as a class. Although they refer to "potential" of adding additional defendants, they state that the potential class is limited to themselves: "The Class of persons in this action are 4 Plaintiffs." (ECF. No. 6 at 1).

The plaintiffs did not pay the filing fee or seek leave to proceed *in forma pauperis*.

## II. Discussion

### A. Motion to Certify Class

The Court cannot certify a class unless "the class is so numerous that joinder of all members in impracticable." Fed. R. Civ. P. 23(a)(1). This "numerosity" requirement refers to the number of persons in the potential class, not the total number of parties in the action. Here, the plaintiffs seek certification of a class with four members. Joinder of four plaintiffs is not impracticable. Class certification is not necessary for them to pursue their claims. Accordingly, the motion to certify a class is denied.

### B. Motion for Appointment of Counsel

Under 28 U.S.C. § 1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. §1915(e)(1). However, a civil plaintiff lacks a constitutional right to free counsel. *See DesRosiers v. Moran*, 949 F.2d 15, 23 (1st Cir. 1991). Before appointing *pro bono* counsel, the Court must find that the party is indigent and that exceptional circumstances exist such that the denial of counsel will result in fundamental unfairness impinging on the party's due process rights. *See id.* In determining whether there are exceptional circumstances sufficient to warrant the appointment of counsel, a court must

examine the total situation, focusing on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself. *See id.* at 24.

Here, it does not appear that exceptional circumstances that would justify the appointment of counsel exist. While the complaint is lengthy and the defendants are numerous, the legal issues are not necessarily complex and the plaintiffs have articulated their claims with substantial clarity. Further, the Court does not have adequate information concerning the plaintiffs' finances to determine whether they are unable to afford an attorney. Accordingly, the Court denies with motion without prejudice to renewal after the defendants have been served with and responded to the complaint.

### C. Filing and Administrative Fees

A person commencing a non-habeas civil action must pay a statutory filing fee of $350, *see* 28 U.S.C. § 1914(a), and an administrative fee of $50 (collectively, the "filing fee"). Only one filing fee is assessed per action, regardless of the number of plaintiffs in the case. Plaintiffs who cannot afford the fee can move to proceed *in forma pauperis* by filing an Application to Proceed in District Court without Prepaying Fees or Costs ("Application").

Here, the plaintiffs have neither paid any portion of the filing fee nor moved to proceed *in forma pauperis*. The action will not go forward without resolution of the fee. It is up to the plaintiffs whether they want to pay the fee collectively (*i.e.*, one plaintiff pays $400 or more than one plaintiff pool their assets to pay $400) or individually on a *pro rata* basis (*i.e.*, each party is responsible for paying his or her *pro rata* share of $100 or seeking leave to proceed *in forma pauperis* without prepaying the $100).

If Mr. Rice seeks leave to proceed without prepayment of his *pro rata* share, he must include with his Application "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the

complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). Should the Court grant Mr. Rice's motion to proceed *in forma pauperis*, he will still be required to pay his *pro rata* share of the fee over time, regardless of the outcome of the case.[1]

Once the filing fee is resolved, the complaint will be subject to an initial screening prior to the issuance of summonses. *See* 28 U.S.C. § 1915(e)(2) (screening of *in forma pauperis* complaints); 28 U.S.C. § 1915A (screening of certain prisoner complaints, even if the filing fee is paid).

## III. Conclusion

Accordingly:

(1) The motion for appointment of counsel (ECF No. 8) is DENIED WITHOUT PREJUDICE to renewal after the defendants have responded to the complaint.

(2) The motion for class certification (ECF No. 6) is DENIED.

(3) The plaintiffs shall, within 21 days of the date of this order: (1) pay the $400 filing fee; (2) pay his or her *pro rata* share of the filing fee; *or* (3) seek leave to proceed *in forma pauperis* with regard to his or her *pro rata* share of the filing fee. The Clerk shall provide an Application to each plaintiff. If Mr. Rice files an Application, he must also submit a six-month prison account statement. Failure to resolve the filing fee as stated above in a timely fashion may result in dismissal of the action.

SO ORDERED.

                                                   /s/ Leo T. Sorokin
                                                   UNITED STATES DISTRICT JUDGE

---

[1] Unlike other civil litigants, prisoner plaintiffs are not entitled to a complete waiver of the filing fee, notwithstanding the grant of *in forma pauperis* status. Based on the information contained in the prison account statement, the Court will direct the appropriate prison official to withdraw an initial partial payment from Mr. Rice's account, followed by payments on a monthly basis until Mr. Rice's *pro rata* share of the filing fee is paid in full. *See* 28 U.S.C. § 1915(b)(1)-(2).