UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JORDAN RICE, et al.,<br><br>       Plaintiffs,<br><br>       v.<br><br>MICHAEL W. MORRISEY, et al.,<br><br>       Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)       Civil Action No. 17-11059-LTS |

ORDER

September 26, 2019

SOROKIN, D.J.

Now before the Court is the Amended Complaint [ECF #48] of state prisoner Jordan

Rice. Rice asserts claims for violations of his rights under the First, Fifth, Sixth, Eighth and

Fourteenth amendments to the United States Constitution. See Amend Compl. ¶¶ 159-164. He

seeks compensatory and punitive damages as well as injunctive relief. See id. at 36-37.

Upon review of the pleading pursuant to 28 U.S.C. §§ 1915 and 1915A,[1] the Court

hereby orders:

    1.      The claims against Arthur DaSilva, Peter Diagle, Joshua Riley, and Frederick

Sleeper are DISMISSED for failure to state a claim upon which relief may be granted because

they are time barred.

---

[1] These statutes permit the Court to conduct a preliminary review of a pleading in actions where
the plaintiff is proceeding in forma pauperis and where the plaintiff is a prisoner suing a
government entity or government official. The Court may dismiss any claims that are malicious,
frivolous, fail to state a claim upon which relief may be granted, or seek monetary damages from
a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2), 1915A(b).

Claims for violations of federal constitutional rights by state actors must be brought under 42 U.S.C. § 1983 ("§ 1983"). See Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 925 (9th Cir. 2001) ("[A] litigant complaining of a violation of a constitutional right does not have a direct cause of action under the United States Constitution but [rather] must utilize 42 U.S.C. § 1983.") This statute provides that any "person," acting under the color of state law, who "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983.

Claims under § 1983 borrow the statute of limitations of the forum state for personal injury claims. See Rodriguez-Garcia v. Municipality of Cagus, 354 F.3d 91, 96 (1st Cir. 2004). Thus, Rice's § 1983 claims borrow the Massachusetts three-year statute of limitations for tort and personal injury claims. See M.G.L. ch. 260, § 2A. The only alleged conduct by these four defendants occurred on March 22, 2013, more than four years before Rice commenced this action on June 6, 2017. See Amend. Compl. ¶¶ 150-154. There is no basis for the Court to infer that that the claims arising from the alleged events of March 22, 2013 are timely filed.

2.       The claims against James Reed, Jr. (the older of the two Reeds)[2] are dismissed for failure to state a claim upon which relief may be granted, and James Reed, Jr. shall be terminated as a defendant in this action.

Rice's only allegation against this defendant is that he watched his son, James Reed III, escort Rice from the "yard" to the Behavioral Management Unit ("BMU"), during which time

---

[2] It is unclear whether the two father and son defendants are named James Reed Jr./James Reed III or James Reed,Sr./James Reed, Jr. The caption of the Amended Complaint and recitation of the parties contains the former but the pleading refers to the latter. See Amend. Compl. at 1, 2 n.1, ¶¶ 26, 27, 158.

James Reed III attempted to provoke Rice to engage in a physical altercation. See id. ¶ 158. Rice believes this was a "set up" because the elder Reed wasn't assigned to the BMU and "Father and Son shouldn't be working in the same unit together." Id. While the Court treats this allegation as true for present purposes, it does not contain enough factual material from which the Court can reasonably infer that James Reed, Jr. violated Rice's federal rights.

3.    The claims against Thomas Turco, former Commissioner of the Massachusetts Department of Correction ("DOC") are dismissed for failure to state a claim upon which relief may be granted, and Turco shall be terminated as a party to this action.

In the context of a § 1983 claim, "only those individuals who participated in the conduct that deprived the plaintiff of his rights can be held liable." Cepero-Rivera v. Fagundo, 414 F.3d 124, 129 (1st Cir. 2005). In other words, a commissioner, superintendent, or other supervisory employer cannot be held liable under § 1983 based solely on the misconduct of a subordinate; the supervisor must have had some form of direct involvement in the alleged misconduct. See id.; Feliciano-Hernandez v. Pereira-Castillo, 663 F.3d 527, 536 (1st Cir. 2011) ("[N]ot every official who is aware of a problem exhibits deliberate indifference by failing to resolve it." (internal quotation marks omitted)).

Rice's only allegation against Turco is that his failure to "act on [his] knowledge of a substantial risk of serious harm to Rice" violated Rice's rights under the United States Constitution. Id. ¶ 161. This is a conclusory allegation that the Court is not required to credit, and there are no other allegations in the Amended Complaint from which the Court can reasonably infer that Turco was directly involved in a violation of Rice's rights.

4.    All claims against current DOC Commissioner Carol Mici shall be dismissed and she shall be terminated as a party to this action. Rice does not allege any misconduct by Mici but

rather names her as a defendant in her official capacity for the purpose of procuring injunctive relief.  Id. at 36-37.  He asks that she be ordered to (1) arrange for Rice to be transferred to the general population at NCCI Gardner; (2) prohibit the placement of Rice in punitive segregation at Souza-Baranowski Correctional Center or MCI Cedar Junction; (3) prohibit the transfer of Rice to any out-of-state jails or prisons; (4) compel all DOC correction officers to wear body cameras; and (5) enter into a consent decree whereby "the federal court monitors the Department of Correction."  Id.

The only basis on which Rice may bring an official capacity claim against the DOC Commissioner is if his pleading "alleges an ongoing violation of federal law and seeks relief properly characterized as prospective."  Virginia Office for Protection & Advocacy v. Stewart, 563 U.S. 247, 255 (2011) (citations omitted).  Rice's pleading does not suggest that the alleged misconduct of the other defendants is ongoing with regard to him.  Rice is no longer housed at MCI Cedar Junction, where the alleged misconduct occurred.  He does not allege that any of the named defendants are now working at Old Colony Correctional Center, where Rice is currently housed.  Nothing in the complaint suggests that the injunctive relief requested by Rice would remedy an ongoing violation of federal law by the defendants.

5.      The official capacity claims against the remaining defendants (Badger, Borges, Chapman, Fagan, Hill, Kasprzak, Leavitt, Pacheco, Pakuris, James Reed III, Resendes, Rodrigues, Saba, Thibault, and Vogt) are DISMISSED.  See Johnson v. Rodriguez, 943 F.2d 104, 108 (1st Cir. 1991) ("It is settled beyond peradventure, however, that neither a state agency

nor a state official acting in his official capacity may be sued for damages in a § 1983 action."). Rice may pursue his § 1983 claims against these defendants in their individual capacities.[3]

6.      The Clerk shall issue summonses as to defendants Badger, Borges, Chapman, Fagan, Hill, Kasprzak, Leavitt, Pacheco, Pakuris, James Reed III, Resendes, Rodrigues, Saba, Thibault, and Vogt.  Rice is responsible for ensuring that each of these defendants are served with a summons, the Amended Complaint, and this Order in accordance with Rule 4 of the Federal Rules of Civil Procedure.

7.      The aforesaid service must be completed within 90 days of the issuance of the summonses.  Failure to complete service in a timely fashion may result in dismissal of the action without prior notice to the plaintiff.  See Fed. R. Civ. P. 4(m); Local Rule 4.1 (D. Mass.)

8.      Because Rice is proceeding in forma pauperis, he may elect to have the United States Marshals Service ("USMS") complete service with all costs of service to be advanced by the United States.  If so asked by Rice, the USMS shall serve a copy of the summonses, amended complaint, and this order on the defendants as directed by the plaintiff.  Rice is responsible for providing the USMS all copies for service and for completing a USM-285 form for each party to be served.  The Clerk shall provide Rice with forms and instructions for service by the USMS.

9.      The defendants are required to respond to the complaint.  See 42 U.S.C. § 1997e(g)(2).

---

[3] "Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law."  Kentucky v. Graham, 473 U.S. 159, 165 (1985).  In contrast, official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent."  Id. (quoting Monell v. New York City Dep't of Social Servs., 436 U.S. 658, 690, n. 55 (1978)).

10.     The claims of Brianna Adams, Patricia Adams, and Blenda Rice, who were co-plaintiffs in the original complaint but are not parties to the Amended Complaint, shall be DISMISSED without prejudice and these individuals shall be terminated as parties to this action.

SO ORDERED.

/s/ Leo T. Sorokin
UNITED STATES DISTRICT JUDGE