**U.S. Department of Justice**
**United States Marshals Service**

# PROCESS RECEIPT AND RETURN
*See Instructions for "Service of Process by the U.S. Marshal" on the reverse of this form.*

| PLAINTIFF | COURT CASE NUMBER |
|---|---|
| Jordan M. Rice | 17--11059-LTS |

| DEFENDANT | TYPE OF PROCESS |
|---|---|
| Jamie Chapman | |

**SERVE** → NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC., TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN

Jamie Chapman/Her Phone No(s). 413-583-8295 or 508-579-6976

**AT** ADDRESS (*Street or RFD, Apartment No., City, State and ZIP Code*)
48 Village Rd.    -OR- P.O. Box 324
Paxton,MA. 01612        Ludlow, MA.01056

SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW:

Jordan M. Rice - W65429
1 Administration Road
Bridgewater, MA. 02324

| | |
|---|---|
| Number of process to be served with this Form - 285 | 49 |
| Number of parties to be served in this case | 15 |
| Check for service on U.S.A. | |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE (*Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available For Service*):

If you can't locate her at either address then serve her Attorney at
Nancy White, Attorney
Department of Correction Legal Division
70 Franklin Street; Site# 600
Boston, MA. 02110
E-Mail: nancy.white@massmail.state.ma.us
Phone# 617-727-3300

| Signature of Attorney or other Originator requesting service on behalf of: ☑ PLAINTIFF ☐ DEFENDANT | TELEPHONE NUMBER N/A | DATE 10/22/19 |
|---|---|---|

## SPACE BELOW FOR USE OF U.S. MARSHAL ONLY — DO NOT WRITE BELOW THIS LINE

| I acknowledge receipt for the total number of process indicated. (*Sign only first USM 285 if more than one USM 285 is submitted*) | Total Process | District of Origin No. 38 | District to Serve No. 38 | Signature of Authorized USMS Deputy or Clerk | Date 11/5/19 |
|---|---|---|---|---|---|

I hereby certify and return that I ☐ have personally served, ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above or on the individual, company, corporation, etc., shown at the address inserted below.

☑ I hereby certify and return that I am unable to locate the individual, company, corporation, etc., named above (*See remarks below*)

| Name and title of individual served (*if not shown above*) | ☐ A person of suitable age and discretion then residing in the defendant's usual place of abode. |
|---|---|

| Address (*complete only if different than shown above*) | Date of Service 11/16/19 | Time 925 am |
|---|---|---|
| | Signature of U.S. Marshal or Deputy | |

| Service Fee 195.00 | Total Mileage Charges (*including endeavors*) 31.80 | Forwarding Fee 8.00 | Total Charges 229.0 | Advance Deposits | Amount owed to U.S. Marshal or | Amount of Refund |
|---|---|---|---|---|---|---|

REMARKS:
11/13 1st Endeavor  1 DUSM  1 hour 20 miles rnd trip. Paula Chapman
11/15 2nd Endeavor  1 DUSM  1 hour 20 miles rnd trip Jr lives at 48 Village Rd
11/16 3rd Endeavor  1 DUSM  1 hour 20 miles rnd trip Jr Her daughter Jamie does not have anything to do with Mental health

PRIOR EDITIONS MAY BE USED

**1. CLERK OF THE COURT**

FORM USM-285 (Rev. 12/15/80)
(Instructions Rev. 12/08)

## INSTRUCTIONS FOR COMPLETING USM-285, PROCESS RECEIPT AND RETURN

- The Form USM-285 is a five-copy form set designed as a control document for process served by a U.S. Marshal or designee. Process may include, but is not limited to, a summons and complaint, subpoena, writ, or court order. The United States Marshals Service (USMS) is authorized by law (28 U.S.C. § 1921) to charge fees for the service of process. The amount of fees charged is established by regulation (28 C.F.R. § 0.114). Except in cases where the litigant has been granted permission by the court for waiver of prepayment of fees and costs, the USMS must request advance payment of the estimated fees and expenses for service of process.

- Please type or print legibly. Submit one copy of the Form USM-285 and one copy of each process for each individual, company, corporation, government agency, etc., to be served or property to be seized.

- In cases where the court has directed the USMS to effect service of a summons and complaint upon an officer or agent of the United States Government, submit a copy of the summons and complaint and Form USM-285 for each officer or agent upon whom service is desired. Submit two (2) additional copies of the summons and complaint for service upon the Government of the United States. The U.S. Marshal or designee will serve one copy upon the U.S. Attorney and will forward the other copy to the Attorney General of the United States. (When the applicable box is checked, completion of the final signature block by the U.S. Marshal or designee certifies service on the U.S. Attorney and the U.S. Attorney General, regardless of whether other defendants on the summons were served). Failure to provide sufficient copies will delay service of the summons.

- Mark all applicable check boxes and use the "Special Instructions" to advise of any information that will assist the USMS in expediting service. You are responsible for providing accurate and sufficient information that will identify the individual or entity to be served or the property to be seized.

- If more than one item of process and Form USM-285 is submitted on a single case, the U.S. Marshal or designee will receipt for all of them on the first Form USM-285. You will receive for your records the "Acknowledgment of Receipt" copy for all the USM-285 forms you submit. When the process is served, you will receive the "Notice of Service" copy. This copy will be identical to the return to the Clerk of the U.S. District Court.

- Upon completion of all services, you will receive a "Billing Statement" copy of Form USM-285. You should return this "Billing Statement" copy to the USMS, together with your payment, in the form of a certified or bank check payable to the U.S. Marshal, for any amounts still owed. Alternatively, the USMS will accept cash. The USMS will not accept personal checks.

- Additional USM-285 forms may be obtained, without cost, from the Clerk of the U.S. District Court, U.S. Marshal, or printed from http://www.usmarshals.gov/process/usm 285.pdf.

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

District of Massachusetts

| | |
|---|---|
| JORDAN RICE _____ *Plaintiff(s)* v. MICHAEL W. MORRISSEY, et al. _____ *Defendant(s)* | ) ) ) ) ) ) ) ) ) |

Civil Action No.    17-11059-LTS

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*
    JAMIE CHAPMAN
    48 Village Road    -or-    P.O.Box324
    Paxton, MA. 01612        Ludlow, MA. 01056


A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

**JORDAN M. RICE**
Old Colony Correctional Center
1 Administration Road
Bridgewater, MA.02324


If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date:    September 26, 2019                    /s/ Jeanette McGlamery
                                    *Signature of Clerk or Deputy Clerk*



AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.    17-11059-LTS

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):* _____

_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JORDAN RICE, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 17-11059-LTS |
| | ) | |
| MICHAEL W. MORRISEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER

September 26, 2019

SOROKIN, D.J.

Now before the Court is the Amended Complaint [ECF #48] of state prisoner Jordan
Rice. Rice asserts claims for violations of his rights under the First, Fifth, Sixth, Eighth and
Fourteenth amendments to the United States Constitution. See Amend Compl. ¶¶ 159-164. He
seeks compensatory and punitive damages as well as injunctive relief. See id. at 36-37.

Upon review of the pleading pursuant to 28 U.S.C. §§ 1915 and 1915A,[1] the Court
hereby orders:

1.     The claims against Arthur DaSilva, Peter Diagle, Joshua Riley, and Frederick
Sleeper are DISMISSED for failure to state a claim upon which relief may be granted because
they are time barred.

---

[1] These statutes permit the Court to conduct a preliminary review of a pleading in actions where
the plaintiff is proceeding in forma pauperis and where the plaintiff is a prisoner suing a
government entity or government official. The Court may dismiss any claims that are malicious,
frivolous, fail to state a claim upon which relief may be granted, or seek monetary damages from
a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2), 1915A(b).

Claims for violations of federal constitutional rights by state actors must be brought under 42 U.S.C. § 1983 ("§ 1983").  See Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 925 (9th Cir. 2001) ("[A] litigant complaining of a violation of a constitutional right does not have a direct cause of action under the United States Constitution but [rather] must utilize 42 U.S.C. § 1983.")  This statute provides that any "person," acting under the color of state law, who "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983.

Claims under § 1983 borrow the statute of limitations of the forum state for personal injury claims.  See Rodriguez-Garcia v. Municipality of Cagus, 354 F.3d 91, 96 (1st Cir. 2004).  Thus, Rice's § 1983 claims borrow the Massachusetts three-year statute of limitations for tort and personal injury claims.  See M.G.L. ch. 260, § 2A.  The only alleged conduct by these four defendants occurred on March 22, 2013, more than four years before Rice commenced this action on June 6, 2017.  See Amend. Compl. ¶¶ 150-154.  There is no basis for the Court to infer that that the claims arising from the alleged events of March 22, 2013 are timely filed.

2.     The claims against James Reed, Jr. (the older of the two Reeds)[2] are dismissed for failure to state a claim upon which relief may be granted, and James Reed, Jr. shall be terminated as a defendant in this action.

Rice's only allegation against this defendant is that he watched his son, James Reed III, escort Rice from the "yard" to the Behavioral Management Unit ("BMU"), during which time

---

[2] It is unclear whether the two father and son defendants are named James Reed Jr./James Reed III or James Reed,Sr./James Reed, Jr.  The caption of the Amended Complaint and recitation of the parties contains the former but the pleading refers to the latter.  See Amend. Compl. at 1, 2 n.1, ¶¶ 26, 27, 158.

2

James Reed III attempted to provoke Rice to engage in a physical altercation. See id. ¶ 158.

Rice believes this was a "set up" because the elder Reed wasn't assigned to the BMU and

"Father and Son shouldn't be working in the same unit together." Id. While the Court treats this

allegation as true for present purposes, it does not contain enough factual material from which

the Court can reasonably infer that James Reed, Jr. violated Rice's federal rights.

      3.      The claims against Thomas Turco, former Commissioner of the Massachusetts

Department of Correction ("DOC") are dismissed for failure to state a claim upon which relief

may be granted, and Turco shall be terminated as a party to this action.

      In the context of a § 1983 claim, "only those individuals who participated in the conduct

that deprived the plaintiff of his rights can be held liable." Cepero-Rivera v. Fagundo, 414 F.3d

124, 129 (1st Cir. 2005). In other words, a commissioner, superintendent, or other supervisory

employer cannot be held liable under § 1983 based solely on the misconduct of a subordinate;

the supervisor must have had some form of direct involvement in the alleged misconduct. See

id.; Feliciano-Hernandez v. Pereira-Castillo, 663 F.3d 527, 536 (1st Cir. 2011) ("[N]ot every

official who is aware of a problem exhibits deliberate indifference by failing to resolve it."

(internal quotation marks omitted)).

      Rice's only allegation against Turco is that his failure to "act on [his] knowledge of a

substantial risk of serious harm to Rice" violated Rice's rights under the United States

Constitution. Id. ¶ 161. This is a conclusory allegation that the Court is not required to credit,

and there are no other allegations in the Amended Complaint from which the Court can

reasonably infer that Turco was directly involved in a violation of Rice's rights.

      4.      All claims against current DOC Commissioner Carol Mici shall be dismissed and

she shall be terminated as a party to this action. Rice does not allege any misconduct by Mici but

rather names her as a defendant in her official capacity for the purpose of procuring injunctive relief. Id. at 36-37. He asks that she be ordered to (1) arrange for Rice to be transferred to the general population at NCCI Gardner; (2) prohibit the placement of Rice in punitive segregation at Souza-Baranowski Correctional Center or MCI Cedar Junction; (3) prohibit the transfer of Rice to any out-of-state jails or prisons; (4) compel all DOC correction officers to wear body cameras; and (5) enter into a consent decree whereby "the federal court monitors the Department of Correction." Id.

The only basis on which Rice may bring an official capacity claim against the DOC Commissioner is if his pleading "alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." Virginia Office for Protection & Advocacy v. Stewart, 563 U.S. 247, 255 (2011) (citations omitted). Rice's pleading does not suggest that the alleged misconduct of the other defendants is ongoing with regard to him. Rice is no longer housed at MCI Cedar Junction, where the alleged misconduct occurred. He does not allege that any of the named defendants are now working at Old Colony Correctional Center, where Rice is currently housed. Nothing in the complaint suggests that the injunctive relief requested by Rice would remedy an ongoing violation of federal law by the defendants.

5.      The official capacity claims against the remaining defendants (Badger, Borges, Chapman, Fagan, Hill, Kasprzak, Leavitt, Pacheco, Pakuris, James Reed III, Resendes, Rodrigues, Saba, Thibault, and Vogt) are DISMISSED. See Johnson v. Rodriguez, 943 F.2d 104, 108 (1st Cir. 1991) ("It is settled beyond peradventure, however, that neither a state agency

4

nor a state official acting in his official capacity may be sued for damages in a § 1983 action."). Rice may pursue his § 1983 claims against these defendants in their individual capacities.[3]

6.      The Clerk shall issue summonses as to defendants Badger, Borges, Chapman, Fagan, Hill, Kasprzak, Leavitt, Pacheco, Pakuris, James Reed III, Resendes, Rodrigues, Saba, Thibault, and Vogt. Rice is responsible for ensuring that each of these defendants are served with a summons, the Amended Complaint, and this Order in accordance with Rule 4 of the Federal Rules of Civil Procedure.

7.      The aforesaid service must be completed within 90 days of the issuance of the summonses. Failure to complete service in a timely fashion may result in dismissal of the action without prior notice to the plaintiff. See Fed. R. Civ. P. 4(m); Local Rule 4.1 (D. Mass.)

8.      Because Rice is proceeding in forma pauperis, he may elect to have the United States Marshals Service ("USMS") complete service with all costs of service to be advanced by the United States. If so asked by Rice, the USMS shall serve a copy of the summonses, amended complaint, and this order on the defendants as directed by the plaintiff. Rice is responsible for providing the USMS all copies for service and for completing a USM-285 form for each party to be served. The Clerk shall provide Rice with forms and instructions for service by the USMS.

9.      The defendants are required to respond to the complaint. See 42 U.S.C. § 1997e(g)(2).

---

[3] "Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law." Kentucky v. Graham, 473 U.S. 159, 165 (1985). In contrast, official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." Id. (quoting Monell v. New York City Dep't of Social Servs., 436 U.S. 658, 690, n. 55 (1978)).

      10.     The claims of Brianna Adams, Patricia Adams, and Blenda Rice, who were co-plaintiffs in the original complaint but are not parties to the Amended Complaint, shall be DISMISSED without prejudice and these individuals shall be terminated as parties to this action.

      SO ORDERED.

/s/ Leo T. Sorokin
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
For The District of Massachusetts
(1st Circuit)

Civil Action Number:

# 17-cv-11059

Jordan Rice (Prisoner) Pro Se/Pro Per.,            :

     Plaintiff,                                              :

     VS                                                       :

Jamie Chapman (Mental Health Clinician),           :
at Massachusetts Correctional Institution          :
at Cedar Junction; Debra Vogt (Mental              :
Health Clinitian) at Massachusetts                 :
Correctional Institution at Cedar Junction;        :
Brian Leavitt (Correctional Officer) at            :
Massachusetts Correctional Institution at          :
Cedar Junction; Rowan Hill (Correctional           :
Officer - Sargent) at Massachusetts                :
Correctional Institution at Cedar Junction;        :
Chris Pakuris (Correctional Officer) at            :
Massachusetts Correctional Institution at          :
Cedar Junction; Stephen Fagan                      :
(Correctional Officer) at Massachusetts            :
Correctional Institution at Cedar Junction;        :
Ryan W. Resendes (Correctional Officer) at         :
Massachusetts Correctional Institution at          :
Cedar Junction; Jason Badger (Correctional         :
Officer) at Massachusetts Correctional             :
Institution at Cedar Junction; Chris               :
Pacheco (Correctional Officer - Sargent) at        :
Massachusetts Correctional Institution at          :
Cedar Junction; Matthew Borges                     :
(Correctional Officer) at Massachusetts            :
Correctional Institution at Cedar Junction;        :
James Saba (Superintendent) at Massachusetts:
Correctional Institution at Cedar Junction;        :
Christopher Thibault (Correctional Officer)        :
at Massachusetts Correctional Institution          :
at Cedar Junction; James Redd, III                 :
(Correctional Officer) at Massachusetts            :
Correctional Institution at Cedar Junction;        :
James Reed, Jr. (Correctional Officer -            :
Lieutenant) at Massachusetts Correctional          :
Institution at Cedar Junction; Michael             :
Rodrigues (Superintendent) at Massachusetts        :
Correctional Institution at Cedar Junction;        :
Michael Kasprzak (Correctional Officer -           :
Sargeant) at Massachusetts Correctional            :

RECEIVED IN CLERK'S OFFICE

DATE: 9/3/19

Institution at Cedar Junction; <u>Joshua</u>          :
<u>Riley</u> (Correctional Officer) at               :
Massachusetts Correctional Institution at  :
Cedar Junction; <u>Peter Diagle</u>                  :
(Correctional Officer) at Massachusetts     :
Correctional Institution at Cedar Junction:
<u>Arthur DaSilva</u> (Correctional Officer -       :
Lieutenant) at Massachusetts Correctional  :
Institution at Cedar Junction; <u>Frederick</u>     :
<u>Sleeper</u> (Correctional Officer) at            :
Massachusetts Correctional Institution      :
at Cedar Junction; <u>Thomas Turco</u>              :
(Commissioner) of the Massachusetts         :
Department of Correction; and <u>Carol Mici</u>     :
(Commissioner) of the Massachusetts         :
Department of Correction.                   :
                                            :
                Defendants[1]               :
                                            :
_____:

## I. PRELIMINARY

Pursuant to an "Order" dated June 5, 2019, the Honorable

Leo T. Sorokin (United States District Judge) was given permission

to amend, with the attent of reducing the amount of pages, paragraphs

and defendants‖ thus‖ would not lean on the Court's time and

attention‖ in addition to financial burdens.

After requesting addition time to file said amendment, the

plaintiff (Rice) here files this "Amended Complaint".

The Plaintiff directs this court to use the same "Exhibits"

that were filed in the original complaint, rather than taxing the

court with additional documents that are simply repetitive.

_____

1. It should be noted that cited within the Plaintiff's original
   complaint, Defendants James Reed, III and James Redd, Jr, were
   referred to as James Redd, Jr. and James Redd, Sr. respectively,
   in which was an error.

## II. INTRODUCTION

1. This is an action for Declaratory Judgment, that would subsequently declare that agents within the Massachusetts Department of Correction ("DOC") violated Plaintiff's rights, as mentioned throughout this complaint, through this present day.

2. The methods of retaliation employed by the Defendants, those that are named herein this complaint, in concert with others not so named,(collectively), include, but are not limited to, a departmental wide conspiracy to violate Plaintiff's Constitutional Rights and Privileges as highlighted within this complaint (See Fatual Allegations). Said methods used with the ultimate goal to subvert issues, side-step criminal matters and stop Plaintiff from seeking the assistance of the Courts of the Commonwealth for redress of numerous rights, that is, preventing Plaintiff from exercising his right to "Access To Court", time and time again.

3. Among the many allegations made within this complaint, are: violations of Civil Rights (Title 42 U.S.C.A., § 1983); Conspiracy to Interfere With Civil Rights (Title 42 U.S.C.A., § 1985 and violations of Constitutional Rights (M.G.L. c. 265, § 37) in addition to criminal acts: e.g., Obstructing Justice; Subverting Claims and Statements; Supressing Evidence; Hiding Material Facts; Intimidation of Witness; Filing False and Unsubstantiated Incident and Disciplinary Reports; Tampering with evidence; Conspiring To Violate Constitutional Rights, in addition to make threats to do bodily harm - even to kill.

4. Furthermore, among the methods they have employed, as mentioned within paragraph 3 of this complaint, they have elected to employ the tactics of Libel and Slander in an attempt of covering up or creating a "smoke screen" in their attempt to subvert criminal actions (their Modus Operandi).

5. The Defendants' conduct, whether acting individually or in concert, have violated the principle of fundamental fairness, and have deprived (and continue to do so) the Plaintiff of Liberty without due process of law in violation of the Due Process of the Fourteenth Amendment of the United States Constitution (Amendment IIV, § 1.)

6. The Defendants' conduct, whether acting individually or in concert, have, in addition to conspiring to violate Plaintiff's rights and to due process of law to redress liberty interests, they have violated Plaintiff's rights pursuant to Title 42 U.S.C.A., § 1983 of the Civil Rights Act of 1964, when they have conspired and continue to do so, in order to violate Plaintiff's right, including, but not limited to, covering up crime(s), which Plaintiff is aldo adjudicating herein this complaint (or at least attempting to do so).

7. The arbitrary, capricious and summary manner in which said actions mentioned throughout this complaint are accomplished, do not provide the procedural safeguards constitutionally required to protect the substantial interest of the Plaintiff and are violative of the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

8. Their actions and/or lack of actions, whether in concert or individually, have willingly, arbitrarily, systematically

and impermissibly, infringed on Plaintiff's rights.

9. In addition to the aforementioned actions, or lack of actions, they have even broken some Federal Laws, such as, but not limited to: Title 18 U.S.C.A., § 1700 - Destruction of Mail; Title 18 U.S.C.A., § 1701 - Obstruction of Mails; and pursuant to Title 18 U.S.C.A., § ____ - Delay and Destruction of Mail.

10. Furthermore, the criminality of such "malfeasance" is statutory defined in M.G.L. c. 265, § 37, in essence, making a civil violation of this type and level, also a crime.

11. Also, there seems to be a very strong "Civil Rights of Institutional Person Act of 1980" claim herein, thus, many other claims may be raised and adjudicated.

12. Given the totality of the circumstances involved with these matters, the Plaintiff is entitled to the "Extraordinary Relief" that might be available to him.

## III.
## PARTIES

13. The Plaintiff, Jordan Rice, acting pro se/pro per., and without qualified counsel, is a prisoner within the Old Colony Correctional Center (hereinafter "OCCC"), a medium security prison, located within the Town/City of Bridgewater, at One Administration Road, Bridgewater, Massachusetts 02324.

14. Defendant, Jamie Chapman, is a Mental Health Clinician, at the Massachusetts Correctional Institution at Cedar Junction, at all times relevant to this case, and being sued in both, her Official and Individual capacities. Her place of business is located at Post Office Box 100, Walpole, Massachusetts 02071.

15. Defendant, Debra Vougt, is a Mental Health Clinitian,

at the Massachusetts Correctional Institution at Cedar Junction, at all times relevant to this case, and being sued in both, her Official and Individual capacities. Her place of business is located at Post Office Box 100, Walpole, Massachusetts 02071.

16. Defendant, Brian Leavitt, is a Correctional Officer at the Massachusetts Correctional Institution at Cedar Junction, at all times relevant to this case, and being sued in both, his Official and Individual capacities. His place of business is located at Post Office Box 100. Walpole, Massachusetts 02071.

17. Defendant, Rowan Hill, is a Correctional Officer, with the rank of Sargent, at the Massachusetts Correctional Institution at Cedar Junction, at all times relevant to this case, and being sued in both, his Official and Individual capacities. His place of business is located at Post Office Box 100, Walpole, Massachusetts 02071.

18. Defendant, Chris Pakuris, is a Correctional Officer at the Massachusetts Correctional Institution at Cedar Junction, at all times relevant to this case, and being sued in both, his Official and Individual capacities. His place of business is located at Post Office Box 100, Walpole, Massachusetts 02071.

19. Defendant, Stephen Fagan, is a Correctional Officer at the Massachusetts Correctional Institution at Cedar Junction, at all times relevant to this case, and being sued in both, his Official and Individual capacities. His place of business is located at Post Office Box 100, Walpole, Massachusetts 02071.

20. Defendant, Ryan W. Resendes, is a Correctional Officer at all the Massachusetts Correctional Institution at Cedar Junction, at all times relevant to this case, and being sued in both, his

Official and Individual capacities. His place of business is located at Post Office Box 100, Walpole, Massachusetts 02071.

21. Defendant, Jason Badger, is a Correctional Officer at the Massachusetts Correctional Institution at Cedar Junction, at all times relevant to this case, and being sued in both, his Official and Individual capacities. His place of business is located at Post Office Box 100, Walpole, Massachusetts 02071.

22. Defendant, Chris Pacheco, is a Correctional Officier, with the rank of Sarent, at the Massachusetts Correctional Institution at Cedar Junction, at all times relevant to this case, and being sued in both, his Official and Individual capacities. His place of business is located at Post Office Box 100, Walpole, Massachusetts 02071.

23. Defendant, Mathew Borges, is a Correctional Officer at the Massachusetts Correctional Institution at Cedar Junction, at all times relevant to this case, and being sued in both, his Official and Individual capacities. His place of business is located at Post Office Box 100, Walpole, Massachusetts 02071.

24. Defendant, James Saba, is the Superintendent of the Massachusetts Correctional Institution at Cedar Junction, at certain times relevant to this case, and being sued in both, his Official and Individual capacities. His place of business is located at the DOC Headquarters at 50 Maple Street, Milford, Massachusetts 01757.

25. Defendant, Christopher Thibault, is a Correctional Officer at the Massachusetts Correctional Institution at Cedar Junction, at all times relevant to this case, and being sued in both, his Official and Individual capacities. His place of

business is located at Post Office Box 100, Walpole, Massachusetts 02071.

26. Defendant, James Redd, III, is a Correctional Officer at the Massachusetts Correctional Institution at Cedar Junction, at all times relevant to this case, and being sued in both, his Official and Individual capacities. His place of business is located at Post Office Box 100, Walpole, Massachusetts 02071.

27. Defendant, James Reed, Jr., is a Correctional Officer with the rank of Lieutenant, at the Massachusetts Correctional Institution at Cedar Junction, at all times relevant to this case, and being sued in both, his Official and Individual capacities. His place of business is located at Post Office Box 100, Walpole, Massachusetts 02071.

28. Defendant, Michael Rodriquez, is the Superintendent of the Massachusetts Correctional Institution at Cedar Junction, at certain times relevant to this case, and being sued in both, his Official and Individual capacities. His place of business is located at the DOC Headquarters at 50 Maple Street, Milford, Massachusetts 02071.

29. Defendant, Michael Kasprzak, is a Correctional Officer, with the rank of Sargent, at the Massachusetts Correctional Institution at Cedar Junction, at all times relevant to this case, and being sued in both, his Official and Individual capacities. His place of business is located at Post Office Box 100, Walpole, Massachusetts 02071.

30. Defendant, Joshua Riley, is a Correctional Officer at the Massachusetts Correctional Institution at Cedar Junction, at all times relevant to this case, and being sued in both, his

Official and Individual capacities. His place of business is located at Post Office Box 100, Walpole, Massachusetts 02071.

31. Defendant, Peter Diagle, is a Correctional Officer at the Massachusetts Correctional Institution at Cedar Junction, at all times relevant to this case, and being sued in both, his Official and Individual capacities. His place of business is located at Post Office Box 100, Walpole, Massachusetts 02071.

32. Defendant, Arthur DaSilva, is a Correctional Officer, with the rank of Lieutenant, at the Massachusetts Correctional Institution at Cedar Junction, at all times relevant to this case, and being sued in both, his Official and Individual capacities. His place of business is located at Post Office Box 100, Walpole, Massachusetts 02071.

33. Defendant, Frederick Sleeper, is a Correctional Officer at the Massachusetts Correctional Institution at Cedar Junction, at all times relevant to this case, and being sued in both, his Official and Individual capacities. His place of business is located at Post Office Box 100, Walpole, Massachusetts 02071.

34. Defendant, Thomas Turco, was the Commissioner of the DOC at times relevant to this case, and being sued in both, his Official and Individual capacities. His place of business is located within the DOC Headquarters at 50 Maple Street, Milford, Massachusetts 01757.

35. Defendant, Carol Mici, was the Commissioner of the DOC at times relevant to this case, and being sued in both, her Official and Individual capacities. Her place of business is located within the DOC Headquarterd at 50 Maple Street, Milford, Massachusetts 01757.

## IV. JURISDICTION

36. This court has jurisdiction over this matter pursuant to Title 42 U.S.C.A., § 1983 (violations of Civil Rights), Title 42 U.S.C.A. § 1985 (Conspiracy to Interfere With Civil Rights) and violations pursuant to Title 18 U.S.C.A. § 1700 (Destruction of Mail, Title 42 U.S.C.A. § 1701 (Obstruction of Mails) and pursuant to Title 18 U.S.C.A. § ____ (Delay and Destruction of Mail, among other interrelated statutes.

## V. VENUE

37. This court is the appropriate venue for this action.

## VI. Factual Allegations

38. The following is an account on the First bogus case that was brought by prison officials that was dismissed which ultimately led to a "Nazi Style Death Penalty System" being employed against Plaintiff J. Rice (hereinafter "Rice" and the continuing conspiracy, i.e., campaign of harassment towards Rice.

**Officer:  James Cheever**

39. On June 05, 2006, at Massachusetts Correctional Institution at Cedar Junction (hereinafter "Walpole") while at the segregation unit know as 10 - Block, Correctional Officer James Cheever and Correctional Officer Corey Hanks, did disseminate breakfast to prisoners.

40. Officer Cheever gave trays and Hanks gave coffee and milk.

41. That, Cheever claimed that Plaintiff (Rice) threw a cup
of extremely hot coffee in his face which Rice was issued a
Disciplinary Report (Hereinafter "D-Report") for (See Exhibit
No. 1) but the pictures of Cheever's taken allegedly that day
show absolutely NO injuries (See and compare with Exhibit No. 2).

42. That, sometime between September 14, 2006 thru
December 1, 2006, Rice had a disciplinary hearing where the video
of the fictitious assault claim by Cheever was produced which
clearly depicts the cup of coffee falling off the cell bars on
its own accord and more importantly not in the direction that
Cheever stood. (Note: Rice can positively state the date or the
disciplinary hearing due to the fact his legal documents has been
repeatedly seized. The original Co-Plaintiffs P. Adams and B. Rice
have a copy of the video mentioned in this paragraph)(See and
compare with initial complaint).

43. That, On September 14, 2006, Rice was arraigned in
Wrentham District Court for A & B on Correctional Officer and
A & B with Dangerous weapon filed by Cheever (See Exhibit No. 3).

44. That, on or about November 9, 2006, the A & B on
Correctional Officer was dropped and amended with A & B Public
Employee, because Norfolk County District Attorney Office announced
the case was't going yo be indicted to Superior Court.

45. That, the case was litigated Pro Se by Rice himself, in
Wrentham District Court until on or about January 15, 2008, where
Rice announced to the Court that he would be seeking an interlocutory
appeal of denied Pro Se motions.

46. That, while appointment of appellate counsel, the Norfolk
County District Attorney sought to circumvent Rice's rights and

punish him for exercising his statutory appellate right with a vindictive indictment.

47. That, on December 10, 2008, Rice filed a Motion for Funds for Toxicology blood test and testing of food because the campaign of harassment began in an attempt to coerce a guilty plea (See Exhibit No. 4 at page No. 4). Therefore, this is the earliest date that Michael W. Morrissey (District Attorney for the County of Norfolk) became aware that prison officials began employing the death penalty system against Rice in an attempt to coerce a guilty plea. Rice also on the same date filed a Motion to order Prison Officials to stop using food as punishment which was denied by Judge Sanders.

48. That, On February 2, 2009, Rice filed another pro se Motion, i.e., Motion To Dismiss due to Commonwealth's indictment and supporting Memorandum of Law based on U.S. Supreme Court's decision in Blackledge v Perry, 417 U.S. 21, 27-28 (1974) (Vindictive prosecution claim araises when prosecutors uses criminal charges to penalize defendant for exercising right to appeal).(See Exhibit No. 4 at page No. 5).

49. That, on May 29, 2009, said District Attorney's Office filed a Motion For Nollo ProSequi which was granted by Judge L. Sanders without Rice present in Court (See Exhibit No. 4 at pg. No. 7 and Exhibit No. 5).

50. That, it should be noted that Michael W. Morrissey was, as stated above, the District Attorney for the County of Norfolk at the time of this false case which will be an important factor because he would conspire with Prison Officials to cover-up their

Civil and Human Rights Criminal Violations of Rice by bringing
a second false criminal charge against Rice which is the subject
of this Civil Action. (See Exhibit No. 5)

51. That, the Video evidence of the fictitious assault was
produced and it demonstrated no assault occurred, i.e., the hot
cup of coffee falling off the cell door bars which Rice has a
copy of to date. Therefore, Morrissey should've taken caution
any further assault claims by Prison Officials against Rice as any
responsible District Attorney would've done in executing his/her
duties, i.e. probe and valid future criminal charges well prior
to filing criminal charges and arraigning a defendant.

52. That, District Attorney Morrissey would fail to execute
these duties which let to Defendant Michael Kasprzak (hereinafter
"Kasprzak") filing false criminal charges with Morrissey's blessing
in an attempt to cover-up the Cheever's case and continuing
conspiracy along with campaign of harassment of Rice and the
other named Plaintiffs within the initial complaint.

53. That, Cheever's and the other named defendants within
"Walpole" abuse their sick time more than any other Prison
Guards and to circumvent using sick time Prison Guards claim
false assaults by Prisoners because they get to go out on injury
absence with full paid, i.e., tax free and doesn't count towards
a guard's sick time which is a scam that was implemented after
the blue ribbon panels probing the prison murder of former
Pedophile Priest/Prisoner John Geoghan that concluded one of the
mitigating factors to the homicide was guards misuse of sick time
so the recommendations in regards to sick time use were in fact
implemented.

54. That, Rice will demonstrate he has been dragged through the Prison Machine's Byzantine and Morrisssey's arbitrary legal system.

55. That, since District Attorney Morrissey and/or his office had the video evidence of the fictitious assault and chose to violate the Constitution in vigorously prosecute/indict this case shows why he would late enters into an unholy alliance with Defendant Kasprzak and others (etal) to further frivolously prosecute as part of the continuing conspiracy of campaign of harassment in an attempt to coerce Rice into silence.

56. That, the Cheever Case and coerce tactics to force a guilty plea is the beginning of the continuing conspiracy campaign of harassment which Rice will demonstrate has led to a snowball rolling hill turning into a criminal unconstitutional avalanche (a negative ripple effect) spanning to the present date.

57. That, Rice is unsure if they can sue Cheever under the RICO statute due to the statute of limitations three year expiration has expired but the Cheever case is the root cause for all the other Civil and Human criminal violations set forth that are in fact within the three year statute of limitations. Rice reserves the right to amend this complaint relevant to the matter as discussed/cited within this paragraph.

Malicious, Selective and Vindictive Prosecution:[1]

58. That, a day shy of eight months from the January 13, 2013 incident, on August 12, 2013, Rice was arraigned in Wrentham District Court on one count of A & B (Assault and Battery) with Bodily fluids substance on Correctional Facilty (i.e.,...

---

1. Paragraphs 58 thru 74 are to demonstrate certain material facts relevant to defendants actions in concert with others not so named as defendants, such as D.A. Morrissey.

Defendant Kasprzak).

59. That, at Rice's arraignment, he stated upon the Court record that he had to employ self-defense by spitting in Kasprak who had Rice by his testicles because he filed a lawsuit alleging that he was seeking DNA testing of several guards' DNA and seeking an independent probe into Norfolk County District Attorney's Office and the Department of Correction for the Cheever's alleged assault case.

60. That, this was selective and vindictive prosecution after the January 13, 2013 incident, Rice again wrote to District Attorney Morrissey requesting to file criminal charges against Defendant Kasprzak for sexual assault. (It chould be noted that this letter has been "lost" with numerous other legal and personal documents.)

61. That, Morrissey further covered up defendants' (et al's) unholly alliance with Aryan Nation Prisoners to conduct the death penalty system because Plaintiff Rice admitted that he spat in Defendant Kasprak's face in self-defense to break his grip upon Rice's testicles.

62. That, On April 24, 2014, Rice represented himself, pro se, because no Court appointed lawyer wanted to file a Motion for (A) Buccal Swab of Third Party, (B) Funds for DNA Expert and Testing which on August 8, 2014, Rice filed each Motion Pro Se (See Exhibit No. 5).

63. That, also, on August 8, 2014, Rice filed a Motion for Discovery for Production of the camcorder video which existed after Rice's arraignment because the disciplinary hearing took

place after Rice's arraignment.

64. That, at the disciplinary hearing, Rice pointed out
that the disciplinary report which defendant Kasprzak falsely
claims that Rice provokingly turned and spit after he was
secured in the therapeutic cage, but the camcorder video
directly contradicted this claim. Defendant Kasprzak and Mark
L. Reilly did conspire to lose the camcorder video evidence
because it was an exculpatory piece of evidence that would lead
to Rice being exonerated.

65. That, on August 9, 2014, the date Rice was scheduled
to orally argue Motion For (A) Buccal Swab of Third Party, (B)
Funds For DNA Expert and Testing and (C) Dismissal, District
Attorney Morrissey abruptly dismissed the case. The facts and
law were on Rice's side for the DNA issue and dismissal.

66. That, Morrissey failed to investigate the charges because
had he did, then he would've learned that the video directly
contradicted Kasprzak's disciplinary report. Furthermore, had
he probe the charges then he could've secured the exculpatory
camcorder video evidence.

67. That, simply Morrissey brought this false charge in
an attempt to coerce Rice into silence because they were and
currently are seeking an independent probe into the false
criminal assault charge prosecuted by Norfolk County District
Attorney and the grave criminal, civil and human rights
violations of biological Nazi style torture (as listed above)
in reprisal for the Cheever's case dismissal.

68. That, Rice wrote to Morrissey informing him that Defendant Kasprzak and Reilly were going to destroy the exculpatory video that was mailed certified, but the letter was seized by Defendant Ryan Resendes and Daniel Flavin on October 11, 2014.

69. That, due to Morrissey's malicious prosecution, it deprived Rice his constitutional rights against false arrest, illegal detention, free from cruel and unusual punishment, in intentionally inflicted stress and did enter into conspiracy with prison officials.

70. That, case in point, on October 9, 2014, Morrissey moved for dismissal that was granted which was Morrissey's further conspiracy of covering up for defendants, due to the fact this is the date Rice was set to argue his Pro Se Motion for DNA Swab from Defendant Kasprzak and others and for DNA Testing/ Expert pursuant to state law prison officials, due to the Supreme Judicial Court's decision in Jansen Petitioner, 444 Mass 112 (2003).

71. THat, clearly, Morrissey was aware of defendant's illegal death penalty and special eating systems and only sought to further cover them up by dismissing this case, prior to DNA Testing, especially where Rice stated in open court and his Pro Se pleading that he did spit in Defendant Kasprzak's face but in self-defense which camcorder video evidence at the incident would prove.

72. That, therefore, this is the true essence of malicious, selective and vindictive prosecution. See Pearson v Callahan, 555 U.S. 223 (2009); Harlow v Fitzgerald, 457 U.S. 800 (1982) and Messerschmidt v Millender, 132 S. Ct 1235 (2010).

and <u>Messerscmidt v Millender</u>, 132 S. Ct. 1235 (2010).

73. That, Rice notified Doherty and Morrissey that they would seeking Civil Litigation against them - "they" as original Plaintiffs (See Exhibit No. 6)

74. That, this false case is proof of Morrissey entering in an unholy alliance with the defendant, et al, and Aryan Nation Prisoner which is all part of the constinuing conspiracy of campaign of harassment in an attempt to coerce Rice into silence.

**Food Contamination:**

75. That, On November 27, 2013, at breakfast, Rice was given contaminated Cold Cereal that was wet and pre-poured cups of coffee by Defendant Ryan Resendes and Correctional Officer Jason Badger. Rice swabbed the coffee and mailed the coffee swab with cereal flakes to Ms. B. Rice (one of the original Plaintiffs) on November 28, 2013.

76. That, on November 30, 2013 at lunch, Rice was given contaminated Chop Suey by Defendant Resendes who verbally claimed bodily fluids was in the said food and pre-poured cups of juice by Correctional Officer Gomma who claimed 'feces was in the juice and good which there was what appeared to be feces in it.' Rice swabbed both food items and mailed the swabs to Ms. B. Rice on December 1, 2013.

77. That, on December 1, 2013 at breakfast, Rice was given contaminated pre-poured cups of coffee that had something in them by Correctional Officer Jason Badger and oatmeal that had an odd look and smell by Defendant Resendes. Rice swabbed both food items and mailed the swabs to Ms. B. Rice on December 2, 2013.

78. That, on January 26, 2014 at breakfast, Rice was given

contaminated oatmeal by Defendant Resendes and pre-poured cups
of coffee by Correctional Officer Tranhan. Both food items has
a foul odor and something was in them so Rice swabbed both food
items and mailed swabs to Ms. B. Rice on January 27, 2014.

79. That, on or about February 19, 2014 at lunch, Rice was
given contaminated pre-poured cups of juice that had something
floating in it by Correctional Officer Leavitt so Plaintiff Rice
swabbed the juice and mailed the swab to Ms. B. Rice on February
19, 2014.

80. That, on April 19, 2014 at breakfast, Rice was given
contaminated pre-poured cups of dark purple juice by Levitt. The
juice did not appear to have anything in it while the cups of
juice were full but Leavitt, Resendes and Flavin all said
"Aryan Poo-Poo Juice for refusing to plead guilty to the Kasprzak
case and filing a DNA lawsuit that's fucking the D.O.C. !" When
the Plaintiff (Rice) drank the juice, at the bottom of the cups
were pieces of feces so he spit out the juice in the cup then
poured it out leaving out the feces in the cup with some juice
and he next placed the feces and juice on a piece of toilet
paper. Then rice mailed the swab to Ms. B. Rice on April 21, 2014.

81. That, the feces belongs to either Correctional Officer
Leavitt, Resendes or Flavin and/or thier Aryan Nation hitman
which DNA testing can prove but some of Rice's DNA will be in the
swab due to spitting out the juice in the cups.

82. That, Rice was vomiting and sick for two days after this
matter due to consuming feces that was placed in the juice.

82. That, on June 3, 2014 at breakfast, Rice was given
contaminated pre-poured cups of coffee that had a hair floating in

it that was a Caucasion hair by Correctional Officer Leavitt, who called said coffee "Aryan Coffee" (note, Rice is Afro-American). Rice swabbed the coffee with the hair on the swab and mailed the swab to Ms. B. Rice/Adams on June 3, 2014. Leavitt is Caucasion, thus a good possiblity said hair belong to him.

84. That, on June 6, 2014 at breakfast, Rice was given contaminated Cold Cereal that was wet and had an odd smell by Leavitt. Plaintiff Rice placed the wet cereal on a toilet paper and mailed it to Ms. B. Rice on June 6, 2014.

85. That, on June 7, 2014, at lunch time, Rice was given contaminated Chop Suey that had an odd look and smell by Resendes. Rice swabbed the food and mailed the swab to Ms. Adams on June 9, 2014.

86. That, on June 12, 2014 at dinner, Rice was given contaminated Bread that had either bodily fluids and/or chemical agent on it by Correctional Officer Pakuris. Rice mailed the bread to Ms. Adams on June 12, 2014.

87. That, on June 14, 2014 at lunch, Rice was given contaminated Rice that was wet and pre-poured cups of juice that had something floating in it by Resendes. Rice swabbed both food items and mailed the swabs to Ms. B. Rice on June 16, 2014.

88. That, on October 4, 2014 at lunch, Rice was given contaminated pre-poured cups of juice that had something floating in it by Correctional Officer Fagan and Chop Suey that had an odd look by Leavitt. Prior to eating, Rice swabbed both food items. That, after Rice ate the food, it left a cigarette and chemical agent aftertaste in his mouth. Rice mailed the swabs to Ms. B. Rice on October 6, 2014.

89. That, on October 5, 2014 at lunch, Rice was given contaminated Chili and Rice by Fagan and pre-poured cups of juice that had something floating in them by Correctional Officer Gomma. Rice swabbed the Chili and Rice prior to eating it and he swabbed the juice but did not drink it. The food left a cigarette aftertaste in his mouth. The swabs were mailed to Ms. B. Rice on October 6.

90. That, on December 3, 2014 at breakfast, Rice was given contaminated cereal that was wet by Leavitt who made a spitting sound as handling Rice the tray. Rice put the ceral on a piece of paper and mailed it to Ms. Adams on December 2014.

91. That, On December 13, 2014 at breakfast, Rice was given contaminated pre-poured cups of coffee that had something floating in it by Leavitt. Rice swabbed the coffee and mailed the swab to Ms. Adams on December 15, 2014.

92. That, on January 2, 2015 at lunch, Rice was given contaminated Baked Beans by Leavitt. Prior to eating, Rice swabbed the said beans. The beans had an odd taste and made the Plaintiff's body itch and shake. Rice mailed the swab to Ms. B. Rice on January 2, 2015.

93. That, on January 4, 2015 at breakfast, Rice was given contaminated pre-poured cups of coffee and juice that had something floating in it by Resendes. Rice swabbed both items and mailed the swabs to Ms. Adams on January 5, 2015.

94. That, on January 6, 2015 at breakfast, Rice was given contaminated cereal that was wet by Resendes. Rice put some cereal flakes on a toilet paper and mailed it to Ms. Adams on January 6, 2015.

95. That, on January 17, 2015 at breakfast, Rice was

given contaminated Grits that had a very odd smell by Resendes. Rice swabbed the grits and mailed the swab to Ms. Adams on January 19, 2015.

96. That, on January 18, 2015 at lunch, Rice was given contaminated Chili and Rice by Resendes. Prior to eating, Rice swabbed the food and mailed the swab to Ms. Adams on January 19, 2015. Rice's body shook and he vomited due to the food that had an odd taste.

97. That, on January 28, 2015 at lunch, Rice was given contaminated pre-poured cups of juice that had something floating in it by Correctional Officer Badger. Rice swabbed the juice and mailed the swab to Ms. B. Rice on January 28, 2015.

98. That, on January 29, 2015 at dinner, Rice was given contaminated pre-poured cups of juice that had something floating in it by Correctional Officer Hill. Rice swabbed the juice and mailed the swab to Ms. Adams on January 29, 2015.

99. That, on February 2, 2015 at breakfast, Rice was given contaminated Oatmeal that had an odd smell by Badger so Rice swabbed it and mailed the swab to Ms. Adams on February 3, 2015.

100. That, on February 2, 2015 at lunch, Rice was given contaminated Pasta Sauce that had an odd taste by Badger. Prior to Rice eating, Rice swabbed the food and mailed the swabs to Ms. Adams on February 3, 2015. Said food made Rice's body shake and caused him to vomit.

101. That, on February 3, 2015 at dinner, Rice was given contaminated Bread that had either bodily fluids and/or chemical agent by Pakuris and pudding that had an odd taste by Pakuris. Prior to eating the pudding, Rice swabbed it but did not eat the

bread. Swab was mailed to Ms. Adams on February 4, 2015. Rice's
body shook and he vomited.

102. That, on February 7, 2015 at lunch, Rice was given
contaminated pre-poured cups of juice that had something floating
in it by Resendes. Rice swabbed the juice and mailed the swab to
Ms. B. Rice on February 8, 2015.

103. That, on April 28, 2015 at dinner, Rice was given conta-
minated Bread that had either bodily fluids and/or chemical
agent on it by Badger. Rice mailed the Bread Slice to Ms. Adams
on April 28, 2015.

104. That, on December 2, 2016 at lunch, Rice was given
contaminated Beans by Fagan. Food made Rice shake due to the
beans being contaminated with an agent by Fagan. Prior to eating
said food, Rice swabbed the beans and mailed it to Ms. B. Rice
on December 2, 2016.

105. That, on December 25, 2016 at Christmas lunch, Rice
was given contaminated cranberry sauce, mash potatoes, and gravy
by Correctional officer Thibault. Prior to eating said food, Rice
swabbed each item of food and mailed it to Ms. B. Rice on
December 27, 2016. Thibault stated to Rice after he ate: "You ate
our spit abd chemical agent Aryan Christmas Present for Kasprzak
at tray collection time." Then an hour later Correctional Officer
Dankievitch walked by Rice's cell door stating "you ate Christmas
spit." (See Exhibit no. 317-318). That, if there is any DNA in
Plaintiff's food samples, it belongs to Dankievitch, Thibault and/
or Valla that all claimed to spit in Rice's food.

106. That, on January 1, 2017 at lunch, Rice was given
contaminated Chili and Rice by Thibault. Food made Rice's body.

shake but prior to eating said food, Rice swabbed it and mailed the swap to Ms. Adams on January 2, 2017.

107. That, on January 4, 2017 at dinner, Rice was given contaminated sauce by Pakuris. Food made Rice body shake, but prior to eating said food, he swapped it and mailed the swab to Ms. B. Rice on January 5, 2017.

1st Failure To Protect:

108. That, on February 13, 2014, Mental Health Clinician Chapman did verbally threatened Rice with being assaulted by Aryan Nation Prisoner Ralph Sullivan.

109. That, on April 11, 2014, Leavitt opened the cell door slot of Prisoner Ralph Sullivan given him some type of contraband stating to Rice: "Rice, I just paid for the hit on your life in the restart chairs."

110. That, on May 15, 2014, the night before the failed hit on Rice's life, Defendants Hill and Pakuris did seize Rice's personal property from his cell and stated to plaintiff" "We will have you fucked up in the restart chairs by Ralph Sullivan because you ain't going to stop trying to fuck us with that DNA Lawsuit."

111. That, on May 16, 2014, either Fagan or Leavitt did arranged an unsuccessful plot to have Rice killed by Aryan Nation Prisoner hitman Ralph Sullivan who was given a handcuff key at breakfast which hours later Sullivan used in the restart chair area (in the BMU Unit) to remove his leg shackles and did assault Rice with the leg shackles while Rice was shacked to the restart chair.

112. That, Rice sustained injuries to his left arm, head and

back. He now has permanent scars to all injured areas and always now has headaches.

113. That, in an attempt to cover up the unsuccesful hit, Fagan issued a false disciplinary report that claimed Rice was swinging his arms at Sullivan which the restart chair room video depict Rice just blocking in a defensive manner.

**2nd Failure To Protect:**

114. That on December 1, 2014, Defendants Resendes, Chris Pacheco and Badger did give Aryan Nation Prisoner hitman Francis Long a handcuff key while he was in the restart chair area meeting M.C.I. Cedar Junction mental health clinicians, i.e., Defendant Chapman and Debra Vogt, were planning on an assault upon Rice (See Exhibit Nos 60-62).

115. That, at approximately 1:30 pm on December 1, 2014, Defendant Resendes did place the handcuffs and leg shackles on extremely tight on Rice and said "Today is our revenge for the DNA lawsuit, DNA restrining order and Kasprzak case dismissal."

116. That, then Rice stepped out his cell in full hand and leg restraints and turned the corner to go to group where Long had removed his leg shackles at the restart chair and came at Rice with a telephone receiver in his hand which he used to beat Rice over the head with until it broke and then stabbed Rice with the broken phone receiver. (See Exhibit Nos. 60-62).

117. That, while this assault was occurring, Resendes, Pacheco and Badger were cheering him on via stating "Kill that nigger for fucking us over for the Kaspzak case DNA lawsuit and DNA restraining order." Pacheco stated "Let me help you kill that nigger." That, then Pacheco did assault Plaintiff via spraying

Rice in the face with chemical agent which is all while Rice was still in full hand and leg restraints and Lang was in absolutely NO restraints and Lang never was sprayed with chemical agents. (See Exhibits 60-62).

118. That‖ next Lang and Rice fell to the ground and Lang bit Rice in the back of the neck. That, Defendant Resendes did assault Rice via twisting his left wrist back which caused deep indentations and swelling of the left wrist.

119. That‖ due to Lang's assault, Rice received numerous facial and head injuries. After Rice was picked up off the ground, he was moved to the shower where Defendant Resendes continued to assault Rice via twisting back his left wrist stating: "Nigger you will spark a scandal if you're successful in attaining a federal investigation into our Death Penalty System. You, your mother, Brianna and Patricia better shut up or you all are dead niggers." (See Exhibit Nos. 60-63)

120. That, also during the assault, Defendant Chapman and Vogt were screaming "White Power" and "Kasprzak Power" "Die Nigger" and "Kill the Nigger."

121. That, the assault was captured in an institutional video.

122. That, Correctional Officer Mathew Borges did seize Rice's thermal top and sneakers because they had blood on them and photographed Rice's injuries caused by Lang, but refused to take photos of Rice's injuries caused by Resendes stating" "I am not going to rat out my brother officer and fellow Portuguese. (See Exhibit Nos. 60-62).

123. That, Then Rice and Lang were in their seperate cells

on the same tier Defendant Resendes said to Lang: "Hey don't worry you will get no less than two years DDU time for this. I will make sure IPS [Inner Perimeter Security] don't take your clothes for evidence because they got that niggers blood on them. You don't have to buy new shit. I will have Lieutenant Flavin move Rice off the tier to the right side so you can stay on the left side. That's for working with us, next we will set Rice up to be stabbed to death while in full restraints because we ain't going to lose our jobs over that nigger having our DNA." (See Exhibit Nos. 60-62).

124. That, Lang's clothes were never taken for evidence despite Rice's blood on them. (See Exhibit No. 62).

125. That, Defendants Resendes, Pacheco, Badger, Chapman and Vogt, all knew Lang and Rice are listed as enemies, yet, still allowed this assault to occur.

126. That, despite the aforementioned facts and knowledge, said defendants set up and arranged the assault upon Rice along with racially discriminating against Rice.

127. That, furthermore, it is common knowledge throughout the Prison system that Rice is enemies with the Aryan Nation and all white supermacist prison gangs since 2001, which is when said Plaintiff slashed the Number (#) 2 Aryan Nation Gang Boss, Keith Parkinson in the face with a razor in response of Parkinson calling Rice a "Black Gorilla Nigger."

128. That, on February 9, 2015, Rice was still having medical issues of headaches, dizziness, and memory loss, due to the December 1, 2014 assault. (See Exhibit No 63.)

129. That, not only did defendants, et al, including to, but

not limited to, Saba, failed to protect Rice, but he also failed to probe or discipline his rogue staff's malfeasance behavior.

130. That, Defendants actions, coupled with Morrissey and Doherty, did fail to criminally charge Lang or Prison Officials so they did refuse to protect Rice. In fact, had these individuals granted Rice an evidentiary hearing on his restraining order, as state statute mandates, it would've led to an restraining order granted against Defendant Resendes, which most likely there is a chance this assault and other interrelated matters and/or actions wouldn't have taken place because the application was received by them on October 9, 2014. (See Exhibit No. 64).

131. That, in the restraining order, Rice made clear that Defendant Resendes was threatening, harassing and assaulting Rice which Rice has Resendes' DNA (i.e., feces, semen, urine, saliva and hair) to prove that it was occuring to coerce a guilty plea into the Kasprzak case. (See Exhibit No. 64).

132. That, on February 19, 2015, the restraining order was dismissed without an evidentiary hearing. (See Exhibit No. 65).

133. That, therefore, Morrissey and Doherty did deny Rice access to the courts, due process, freedom of speech and right to be free from cruel and unusual punishment.

134. That, on February 18, 2016, Wrentham District Court Judge, Emogene Johnson-Smith, wrote Rice, informing him that his restraining order against Defendant Resendes was "Denied". (See Exhibit No. 94).

135. That, the Wrentham District Court and Deputy Court Administrator Ellen S. Shapiro errored by denying the restraining

order without an evidentiary hearing because there was no relationship between Rice and Defendant Resendes. The law was changed over five years ago where to attain on restraining order the parties do not have to be related or in a relationship. (See Exhibit No. 95).

136. That, therefore, Defendants, coupled with Morrissey and Doherty did deny Rice access to court, due process, freedom of speech and right to be free from cruel and unusual punishment.

137. That, the December 1, 2014, unsuccessful hit by Lang was the grand finale of many torture in reprisal of Rice's filing the restraining order, and complaining of the aforementioned abuses.

<u>3rd Failure to Protect:</u>

138. That, on July 22, 2014, Defendant Resendes asked Rice if he was going to the yard which he answered simply "yes" and Resendes replied: "Good, Pasquale wants you for making him miss his visit on Friday (i.e., July 18, 2014) which is when Prisoner Andrew Pasquale was issued a disciplinary report (d-report) for threatening Rice.

139. That, to set-up a physical altercation beteen Rice and Pasquale, Resendes and Badger did not place prisoners (other prisoners) in the yard as their cell numerical order were.

140. That, Rice was in cell No. 106, Miller was in cell No. 107 and Pasquale was in cell no. 110, which yard video will prove. That, Badger did allow Pasquale to physically carry a red scrub top to the yard when prison policy states all prisoners must wear clothes to the yard. Pasquale was purposely placed beside Rice in the yard when Miller should've been.

141. That, while in the yard, Pasquale used the scrub top to

bend the yard fence to break it which yard video will prove
along with: (A) Aryan Nation Prisoner Long coached Parquale how
to breach fence which Lang was NEVER disciplined for and (B)
Defendants Badger and Resendes knew Pasquale was breaching the
fence that took him approximately 20 minutes to do, but they
refused to take action until Rice was forced to employ self--
defense after Pasquale physically entered Rice's cage. In fact,
Defendant Badger is captured in yard video only walking half
way down the row of fences to ~~llok~~ to see if Pasquale had
successfully entered Rice's cage.

142. That, both Badger and Resendes stated: "This is
payback for not copping out to Kasprzak case and for having our
DNA from November 27, 2013 and filing a lawsuit." Then they told
Pasquale, "Kill that nigger."

143. That, Resendes and Badger gave Pasquale razors so he
could slash Rice, which Pasquale did attempt to stab Rice with a
piece of the fence, which Rice successfully maneuvered and
disarmed Pasquale without injury. That, Rice temporarily penned
Pasquale to the ground causing injury to Rice's knees, hands,
arms and back.

144. That, Pasquale was able to escape and both of them got
on their feet. That, Rice was able to place Pasquale in a one
arm neck which Rice contemplated killing Pasquale via breaking
his neck because Pasquale had two razors inside his mouth which
Rice knew for certain because Pasquale opened his mouth showing
the razor before stating: "I am going to cut your nigger head
off for Sgt. Kasprzak (See Exhibit No. 23).

145. That, by this time, responding prison staff arrived on

the scene where they sprayed Rice with chemical agent to break
the death grip on Pasquale's neck. That, next, Rice secured
Pasquale's knife made from the fense and handed it to IPS
Correctional Officer Mathew Borgus.

146. That, Rice was placed on full extra restraint status
which when a prisoner is placed in the yard in waist restraints
and leg shackles due to Resendes issuing Rice a Disciplinary
Report. That, Rice remained on said status until May 14, 2015.
(See Exhibit No. 23-25).

147. That, from July 22, 2014 thru May 14, 2015, i.e. ten
months, Rice could not go to the yard because he was on said
status, where he would be an easy victim for the defendants and
their Aryan Nation Prisoner hitmen to assault and/or murder.
Therefore, Rice was forced to stay in his cell 24 hours a day,
while in punitive segregation.

Harassment:

148. That, on August 21, 2016, while in the BMU yard,
conducted in numerical order until it was Rice's turn to be
stripped for the yard, Thibault walked by Rice's cell door,
skipping him in order to go to Aryan Nation Prisoner Dominic
Joyce, stating to Rice: "Rice, Reed's got something special
planned for you", which is captured on their video. Please
note: policy has it that the yard is suppose to be conducted in
numerical order. (See Exhibit No. 132).

149. That, then about a minute later at approximately
8:52 AM, Defendant James Redd, Jr. came to Rice's cell door,
where the following events are captured on Rice's cell video:
Rice placed his clothes on the top slot and sneakers on the

bottom cell door slot. That, Reed, Jr. took Rice's clothes to
search them, pursuant to protocol. Then Reed, Jr. purposely
threw them on the ground inside Rice's cell through the top slot,
via sticking his hands in the cell dropping the clothes on the
ground which he did with Rice's sneakers too. That, then
Reed, Jr. said" "That's for telling the court in the Kasprzak
case and the FBI - I am one of the CO's you want DNA from, becaus
you believe I spit in your juice and mailed it out to your mother
or wife. We will kill you nigger if you don't shut up because we
will lose our job." (See Exhibit No. 132).

150. That, on September 22, 2016, Correctional Officer
Rodrigues concurred with Correctional Officer Dubois frivolously
denied/denial of Rice's grievance against Reed, Jr. and Thibault,
where Dubois held: "Your grievance is denied. Based on the
allegation towards staff, an inquiry was reviewed. Upon the
completion, it has determined that your allegations regarding staff
are not sustained." That, Dubois and Rodrigues clearly did not
probe this matter, because no one ever interviewed Rice himself
and the actions of both Reed, Jr. and Thibault are captured on
cell and tier videos. (See Exhibit No. 133). This failure to prob
or correct this matter is due to Rice having DNA evidence.

151. That, Reed, Jr. was referring to on March 22, 2013, in
the DDU Unit at MCI Cedar Junction, when Kasprzak, Redd, Riley an
Peter Diagle handed out food where they left Rice's food in the
feeding box, but they left the tier. Reed, Jr. said: "Think of my
dad (i.e., James Reed, Sr.) while you drink tonight."

152. That, minutes later, Correctional Officer DaSilva and
Sleeper rolled the feeding box down the tier and Rice's cell door

was opened where he secured a styrofoam tray and two cups of
juice. Upon inspection of the cups of juice, Rice notice a huge
loogie wad of spit in one cup of the juice which he poured out
the juice so he could swab the entire wad of spit. After the wad
of spit was swabbed and dried out, then it was mailed to Ms. B.
Rice on March 25, 2013.

153. That, this wad of spit belongs to either Redd, Jr,
Kasprzak, Riley, Diagle, DaSilva or Sleeper who Rice was seeking
a buccal swab for in Wrentham District Court, prior to the
Kasprak case being dismissed. If it wasn't from one of these
men spitting in Rice's juice, then Reed, Jr. wouldn't have sought
reprisal on August 21, 2016. Rice still has the wad of spit and
will be seeking DNA testing in this litigation of it.

154. That, Rice filed a timely grievance form and exhausted
his appeals in regards to the spit in the juice on March 22, 2013,
but this grievance form with lots of other legal documents are
being withheld by the defendants or lost by them.

155. That, on August 22, 2016 at approximately 7:54 AM,
Reed, Jr. came on the tier opening Miller's cell door slot stating:
"You got the breakfast tray with semen in it to put in Jordan's
food." Please note, breakfast trays had already been collected.
(See Exhibit No. 136(.

156. That, hours later, while cuffing Rice up to go to the
yard, Reed, Jr. attempted to scrape Rice's left wrist with the
handcuffs which took place during cuffing Rice. (See Exhibit No.
136).

157. That, one hour later, after yard was completed, BMU
Staff, attempted to set up a physical altercation where Rice and

Miller were the last two prisoners in the yard. That, Reed, Jr. took Miller in from the yard which the other guards were supposed to take Rice in, but never came to take him in. (See Exhibit No. 136).

158. That, Reed, Jr. came to Rice where he placed the handcuffs on extremely loose and the yard door was opened where he escorted Rice to his cell, but as Reed, Jr. was escorting Rice, upon entering the BMU Unit, Reed, Jr's father, Reed, Sr. was standing watching the escort. That, then Reed, Jr. stated to Rice: Hey slip the cuffs and let's fight over the spit in the juice instead of you rating to the FBI and to the Courts in lawsuits. Clearly, this was a set up because Reed, Sr. wasn't assigned to the BMU. Father and Son shouldn't be working in the same unit together. (See Exhibit No. 136).

## VII Causes of Action:

159. That|| the actions of all named defendants|| whether individually, or in concert|| in their continued conspiracy campaign of harassment against Rice (the Plaintiff), constitued violations of the First, Fifth, Sixth, Eighth and Fourteenth Amendments of the United States Constitution.

160. That, the actions of all named defendants, whether individually, or in concert, specifically the actions of Defendants Chapman, Resendes, Flavin, Pacheco, Badger, Fagan and Vogt, while entering in an unholly alliance with Aryan Nation Prisoners, Francis Long, Andrew Pasquale and Ralph Sullivan, to assault and torture Rice in refusing to plead guilty to assaulting Sgt. Michael Kasprzak in criminal court, was failure to protect, constituting violations of the First, Fourth, Fifth, Sixth, Eighth and

Fourteenth Amendments of the United States Constitution.

161. That, the failure of Defendants Saba, Turco III and Rodrigues, to act on their knowledge of a substantial risk of serious harm to Rice, violated his First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the United States Constitution.

162. That, the actions of defendants Saba and Rodrigues, in faILING TO INSURE THE Prison rules were enforced against Aryan Nation Prisoner Lang, Pasquale and Sullivan where defendants Resendes, Chapman, Pacheco, Badger, Fagan, Vogt and Fagan willingly failed to protect Rice in reprisal of Rice's refusal to plead guilty to assaulting Sgt. Michael Kasprzak in criminal court, which is part of the ongoing campaign of harassment constituting violations of the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the United States Constitution.

163. That, the failure of defendant Rodrigues to properly probe and discipline defendants Thibault and Reed, III, was a failure of his Supervisory duties, as part of the ongoing cover-up and continuing campagn of harassment in reprisal of Rice refusing to plead guilty to assaulting Sgt. Michael Kasprzak's in criminal court that led to dismissal constituting violations of First, Fourth|| Fifth, Sixth, Eighth and Fourteenth Amendments of the United States Constitution.

164. That|| the actions of defendants, relative to using Rice's food as punishment via contaminating in reprisal of Rice not entering a guilty plea to the false criminal assault charges, filed by Sgt. Michael Kasprzak, constituted violations of the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the United States Constitution

## RELIEF REQUESTED

WHEREFORE, the Plaintiff (Rice) request that this Court issue
the following relief:

A. Issue a declaratory judgment stating that:

   1. That‖ the named defendants have willingly engaged
      in an ongoing cover up and continuing conspiracy
      campaign of harassment in attempting to coerce a
      guilty pla‖ and in reprisal of the dismissal of
      the false criminal assault in the James Cheever
      case in direct violations of the First‖ Fourth,
      Fifth, Sixth, Eighth and Fourteenth Amendments
      of the United States Constitution.

   2. That, the named defendants engaged in an ongoing
      cover-up and continuing conspiracy campaign of
      harassment in attempting to coerce a guilty plea
      and in reprisal of the dismissal of charges‖ is a
      direct violation of the First, Fourth, Fifth, Eighth
      and Fourteenth Amendments of the United States
      Constitution.

B. Issue an injunction ordering Defendant Commissioner (Now
   presently Carol Mici) to:

   1. Immediately arrange for Rice to be transferred to the
      NCCI Gardner, level 4, general population facility.

   2. Prohibit Rice from ever being incarcerated in punitive
      segregation at Souza-Baranowski Correctional Center
      and/or the Massachusetts Correctional Institution at
      Cedar Junction, and

3. Prohibit Rice from being transfered to any and all out of state prisons or jails in federal institutions‖ especially due to retaliation, and

4. Compel all Correctional Officers employed within the Massachusetts Department of Correction to wear body-camera, that capture audio and verbal contact with a prisoner/prisoners' property and food.

5. To agree to a consent decree where the federal court monitors the Department of Correction.

C. Award compensatory damages in the following amounts:

° $ 10 Million dollars jointly and severally for the malicious, selective and vindictive (attempted) prosecution of Rice

° $ 10 Million dollars for physical and emotional injuries sustained as a result of Rice's beating.

° $ 10 Million for engaging in the ongoing cover-up and continuing conspiracy campaigns of harassment in regards to Plaintiff Rice

D. Award punitive damages in the following amount:

1. $ 80 Million dollars from each name defendants for their actions as so cited within the complaint.

E. Award any other relief that this court deems just and proper.

Signed on this ___25th___ day of August‖ 2019.

_Jordan M. Rice_

Mr. Jordan M. Rice
Old Colony Correctional Center
1 Administration Road
Bridgewater, MA 02324







Exhibit No. 2

| DEFENDANT NAME AND ADDRESS | DOB 06/26/1973 | GENDER Male | COURT NAME & ADDRESS Wrenham District Court |
|---|---|---|---|
| Jordan M Rice MCI Cedar Junction P.O. Box 100 South Walpole, MA 02071 | DATE COMPLAINT ISSUED 07/26/2006 | | 60 East Street Wrentham, MA 02093 (508)384-3106 |
| | PRECOMPLAINT ARREST DATE | | INTERPRETER REQUIRED |

FIRST FIVE OFFENSE COUNTS *amended 11/9/06, Power, J* *public employee*

| COUNT | CODE | OFFENSE DESCRIPTION | | OFFENSE DATE 06/29/2006 |
|---|---|---|---|---|
| 1 | 127/38B | A&B ON CORRECTIONAL OFFICER c127 §38B | 4/5/06 | 06/05/2006 |
| 2 | 265/15A/A | A&B WITH DANGEROUS WEAPON c265 §15A(b) | | *amended* |

*11/9/06 Arraignment reappt effective 9/14/06 complaint amended to district court + jurisdiction*

| DEFENSE ATTORNEY *Andrea Wagner* | OFFENSE CITY/TOWN Walpole | POLICE DEPARTMENT SP NORFOLK DA's Unit |
|---|---|---|

| DATE & JUDGE *9/14/06 (Power)* | DOCKET ENTRY | DATE & JUDGE *9/14/06 Power* | FEES IMPOSED |
|---|---|---|---|
| | ☑ Attorney appointed (SJC R. 3:10)  ☐ Atty denied & Deft. Advised per 211 D §2A  ☐ Waiver of Counsel found after colloquy | | Counsel Fee (211D § 2A)(2) $  ☑ WAIVED |
| | | | Counsel Contribution (211D § 2) $  ☐ WAIVED |
| | Terms of release set:  ☑ PR  ☐ Bail  ☐ See Docket for special condition  ☐ Held (276 §58A) | | Default Warrant Fee (276 § 30)(1) $  ☐ WAIVED |
| 4 | | | Default Warrant Arrest Fee (276 § 30 )(2) $  ☐ WAIVED |
| | Arraigned and advised:  ☐ Potential of bail revocation (276 §58)  ☐ Right to bail to review (276 §58)  ☐ Right to drug exam (111E § 10) | | Probation Supervision Fee (276 § 87A) $  ☐ WAIVED |
| | Advised of right to jury trial  ☐ Waiver of jury found after colloquy  ☐ Does not waive | | Bail Order Forfeited |
| | Advised of trial rights as pro se (Dist. CL Supp.R.4)  Advised of right of appeal to Appeals Ct. (M.R. Crim P.R. 28) | | |

SCHEDULING HISTORY

| NO. | SCHEDULED DATE | EVENT | RESULT | | JUDGE | TAPE START/ STOP |
|---|---|---|---|---|---|---|
| 1 | 09/14/2006 | Arraignment | ☑ Held  ☐ Cont'd ✓✓ | | *Powers Powers* | |
| 2 | 11/9/06 | PTH | ☑ Held  ☐ Cont'd *MCI C.J.* | | *Powers* | |
| 3 | 1/8/07 | PTH | ☐ Held  ☑ Cont'd *habe MCI C.J.* | | *Powers* | |
| 4 | 2/8/07 | PTH | ☑ Held  ☐ Cont'd *habe MCI CJ STC* | | *McGovern* | |
| 5 | 4/8/07 | CF | ☐ Held  ☑ Cont'd *habe MCI CJ (ISSU)* | | | |
| 6 | 6/24/07 | CF | ☑ Held  ☐ Cont'd *habe MCI CJ (ISSU)* | | *Powers 11:8am* | |
| 7 | 8/6/07 | CF | ☐ Held  ☑ Cont'd *habe MCI CJ (ISSU)* | | | |
| 8 | 10/4/07 | PTH/MOT | ☑ Held  ☐ Cont'd *habe MCI STC* | | | |
| 9 | 1/5/08 | MOT | ☐ Held  ☐ Cont'd | | | |
| 10 | | | ☐ Held  ☐ Cont'd | | | |

APPROVED ABBREVIATIONS
ARR = Arraignment    PTH = Pretrial hearing    DCE = Discovery compliance & jury selection    BTR = Bench trial    JTR = Jury trial    PCH = Probable cause hearing    MOT = Motion hearing    SRE = Status review
SRP = Status review of payments    FAT = First appearance in jury session    SEN = Sentencing    CWF = Continuance-without-finding scheduled to terminate    PRO = Probation scheduled to terminate
DFTA = Defendant failed to appear & was defaulted    WAR = Warrant issued    WARD = Default warrant issued    WR = Warrant or default warrant recalled    PVH = probation revocation hearing.

| A TRUE COPY ATTEST: | CLERK-MAGISTRATE / ASST CLERK X | TOTAL NO. OF PAGES | ON (DATE) |
|---|---|---|---|

Date/Time Printed: 2006-07-28 09:46:58

A TRUE COPY, ATTESTED

**Public Counsel 549353**
Robert M Tutino
Mass Public Counsel Services (Dedham)
450 Washington Street
Suite 206
Dedham, MA 02026-4449
Phone: 781-326-0632
Fax: 781-320-0011
Inactive 01/05/2009

**Private Counsel 551865**
James J Gavigan
80 Billings Road
Quincy, MA 02171
Phone: 617-479-9900
Fax: 617-471-8098
Active 01/16/2009 Notify

**Private Counsel 543939**
Christopher P Ryan
21 Franklin Street
Quincy, MA 02169
Phone: 617-471-6007
Active 04/21/2009 Notify

Exhibit No. 4
Page No. 1 of 7

## ENTRIES

| Date | Paper | Text |
|------|-------|------|
| 05/08/2008 | 1.0 | Indictment returned |
| 05/22/2008 | 2.0 | Habeas corpus for Deft at Cedar Junction MCI (Walpole) 6/9/08 |
| 06/09/2008 | | Deft arraigned before Court - Plea Not Guilty - Track A Bail Personal- Bail Warning - Atty Fee: $150.00 Atty Paul Hayes. Continued to 7/15/08 for PTC - Habe MCI CJ and 8/19/08 Habe MCI CJ (Sanders, J) J. Uguccuioni a.c D. Chapin ct rpt |
| 06/09/2008 | | RE Offense 1:Plea of not guilty |
| 06/09/2008 | | Assigned to Track "A", see scheduling order |
| 06/09/2008 | | Tracking deadlines Active since return date |
| 06/09/2008 | 3.0 | Commonwealth files Statement of the Case. |
| 06/10/2008 | 4.0 | Habeas corpus issued for Deft at Cedar Junction MCI (Walpole) for 7/15/08 |
| 06/10/2008 | 5.0 | Habeas corpus issued for Deft at MCI Cedar Junction for 8/19/08 |
| 07/21/2008 | 6.0 | Deft files Notice to the Court |
| 08/04/2008 | 7.0 | 07/28/2008: Defendant files Notice to Court. |
| 08/19/2008 | 8.0 | MOTION by Deft: For Discovery And For The Production Of Discoverable Information with Certificate of Service. |
| 08/19/2008 | | Continued 9/10/08 status re: discovery. Habe CJ. (Connors, J) B Roche a.c., S Hoban ct. rpt. |
| 08/19/2008 | 9.0 | Habeas corpus for Deft at Cedar Junction MCI (Walpole) on 09/10/2008. |

NOCR2008-00395
Commonwealth v Rice, Jordan

| Date | Paper | Text |
|------|-------|------|
| 9/10/2008 | | Continued 10/16/08 status re: counsel. Habe CJ. (Connors, J) B Roche a.c., D Keefer ct. rpt. |
| 9/10/2008 | 10.0 | Habeas corpus for Deft at Cedar Junction MCI (Walpole) on 10/16/2008. |
| 9/10/2008 | 11.0 | Habeas corpus for Deft at Souza-Baranowski Correctional Center on 10/16/2008. |
| 0/20/2008 | | 10/16/08: Atty. Tutino stand-by counsel. Deft. pro se. Continued 10/23/08 status agreed. Habe Souza. (Sanders, J) J Uguccioni a.c., D Chapin ct. rpt. |
| 0/20/2008 | 12.0 | Habeas corpus for Deft at Souza-Baranowski Correctional Center on 10/23/2008. |
| 10/29/2008 | 13.0 | 10/23/08: Deft files Notice Of Appearance As Counsel To Represent Himself Pro Se |
| 10/29/2008 | 14.0 | 10/23/08: Deft files Order Department Of Corrections To Stop Malfeasance Behavior |
| 10/29/2008 | 15.0 | 10/23/08: MOTION by Deft: To Order Preserve Of Wrentham District Court Records And Letters Attached With Exhibit To The Judge |
| 10/29/2008 | 16.0 | 10/23/08: MOTION by Deft: To Waive Speedy Trial Rights |
| 10/29/2008 | 17.0 | 10/23/08: MOTION by Deft: To Order Attorney's Paul Hayes And Andrea Wagner To Turn Over Case Files |
| 10/29/2008 | 18.0 | 10/23/08: MOTION by Deft: To Order DOC To Preserve Exculpatory Evidence |
| 10/29/2008 | 19.0 | 10/23/08: MOTION by Deft: For Protective Order |
| 10/29/2008 | 20.0 | 10/23/08: MOTION by Deft: To Order Lt. Jeffrey Grimes To Return Non-Contraband Items Seized From Defendant's Cell |
| 10/29/2008 | | 10/23/08: MOTION by Deft: For Free Copies Of Five Wrentham District Court Cassette Tapes With Affidavit. |
| 10/29/2008 | | 10/23/08: All material to be provided by ADA by 11/7/08. Continued 12/10/08 mtns. agreed. Habe MCI CJ. (Sanders, J) J Uguccioni a.c., D Chapin ct. rpt. |
| 10/29/2008 | 21.0 | Habeas corpus for Deft at Cedar Junction MCI (Walpole) on 12/10/2008. |
| 12/02/2008 | 22.0 | Copy of letters addressed to MC I Cedar Junction Superintendent Peter St. Amand filed by defendant |
| 12/17/2008 | 23.0 | Habeas corpus Issued for Deft at Cedar Junction MCI (Walpole) for 12/18/08 |
| 12/29/2008 | 24.0 | 12/24/08 - Notice of Interlocutory Appeal filed by Jordan Rice |
| 12/29/2008 | 25.0 | 12/24/08 - Notice of Interlocutory Appeal filed by Jordan Rice |
| 12/30/2008 | | Copy of notice of appeal mailed to Judge Sanders and Varsha Kukalka, ADA |
| 12/30/2008 | 26.0 | 12/10/08: Deft files Notice To The Court |
| 12/30/2008 | 27.0 | 12/10/08: MOTION by Deft: To Order Prison Officials To Protect The Defendant From Prisoner Che Sosa And His Gang. |
| 12/30/2008 | | 12/18/08: MOTION (P#27.0) Denied: Safety of prisoners is whithin jurisdiction of the prison officials, not the court. (Janet L. Sanders, Regional Adminstrative Justice). Copies mailed 12/30/2008. |
| 12/30/2008 | 28.0 | 12/10/08: MOTION by Deft: To Order Prison Officials To Provide Defendant Medical Care. |

case01 223853 y y y y y y y

| Date | Paper | Text |
|------|-------|------|
| 12/30/2008 | | MOTION (P#28.0) denied (Janet L. Sanders, Regional Adminstrative Justice). Copies mailed 12/30/08 |
| 12/30/2008 | 29.0 | 12/10/08: MOTION by Deft: To Order Prison Officials To Allow Defendant To Groom His Hygiene |
| 12/30/2008 | | MOTION (P#29.0) denied (Janet L. Sanders, Regional Adminstrative Justice). Copies mailed 12/30/08 |
| 12/30/2008 | 30.0 | 12/10/08: MOTION by Deft: To Order Prison Officials To Stop Using Food As Punishment |
| 12/30/2008 | | MOTION (P#30.0) Denied: Defendant should raise his complaints with the institution in the first instance not in this unusual case (Janet L. Sanders, Regional Adminstrative Justice). Copies mailed 12/30/08 |
| 12/30/2008 | 31.0 | 12/10/08: MOTION by Deft: To Order Trancripts Of Dedham Superior Court Proceedings Be Prepared |
| 12/30/2008 | | 12/18/08: MOTION (P#31:0) Denied: Motion showing that transcripts would assist in preparation of this case. (Janet L. Sanders, Regional Adminstrative Justice). Copies mailed 12/30/08 |
| 12/30/2008 | 32.0 | 12/10/08: MOTION by Deft: For Protective Order |
| 12/30/2008 | | 12/18/08: MOTION (P#32.0) (Janet L. Sanders, Regional Adminstrative Justice). Copies mailed 12/30/08 |
| 12/30/2008 | 33.0 | 12/10/08: MOTION by Deft: Application To Press Criminal Charges And / Or In The Alternative Dismissal |
| 12/30/2008 | | 12/18/08: MOTION (P#33.0) denied (Janet L. Sanders, Regional Adminstrative Justice). Copies mailed 12/30/08 |
| 12/30/2008 | 34.0 | 12/10/08: MOTION by Deft: For Funds For Toxicology Blood Tests And Testing Of Food |
| 12/30/2008 | | 12/18/08: MOTION (P#34.0) denied (Janet L. Sanders, Regional Adminstrative Justice). Copies mailed 12/30/08 |
| 12/30/2008 | 35.0 | 12/10/08: MOTION by Deft: 12/10/08: To Order Prison Officials To Return Illegally Seized Legal Documents And / Or Dismissal In The Alternative |
| 12/30/2008 | | 12/10/08: MOTION (P#35.0) Denied (see endorsement on action re: legal materials) (Janet L. Sanders, Regional Adminstrative Justice). Copies mailed 12/30/08 |
| 12/30/2008 | 36.0 | MOTION by Deft: To Order Prison Officials To Stop Consurring The Defendants Incoming And Outgoing Articles Of Both Legal And Personal Mail |
| 12/30/2008 | | MOTION (P#36.0) Denied: A motion of this criminal case is not the only way to raise these issues. (Janet L. Sanders, Regional Adminstrative Justice). Copies mailed 12/30/08 |
| 12/30/2008 | 37.0 | 12/10/08: MOTION by Deft: Requesting Records From Department Of Mental Health |
| 12/30/2008 | | 12/18/08: MOTION (P#37.0) denied (Janet L. Sanders, Regional Adminstrative Justice). Copies mailed 12/30/08 |
| 12/30/2008 | 38.0 | 12/10/08: Request Of Defendant For Production Of Discovery Exculpatory Evidence Outlined In Defendant's Accompanying Affidavit |
| 12/30/2008 | | 12/18/08: Re: #38.0 All relevant material has been provided by |

Exhibit No. 4 - p.5 No. 3 of 7

NOCR2008-00395
Commonwealth v Rice, Jordan

| Date | Paper | Text |
|------|-------|------|
| | | Commonwealth to date. (Janet L Sanders, Regional Administrative Justice) |
| 12/30/2008 | 39.0 | 12/10/08: MOTION by Deft: For Funds For Stenographer |
| 12/30/2008 | | 12/18/08: MOTION (P#39.0) denied (Janet L. Sanders, Regional AdmINistrative Justice). Copies mailed 12/30/08 |
| 12/30/2008 | 40.0 | 12/10/08: MOTION by Deft: For A Stenographer And Free Transcripts |
| 12/30/2008 | | MOTION (P#40.0) denied (Janet L. Sanders, Regional AdmINstrative Justice). Copies mailed 12/30/08 |
| 12/30/2008 | 41.0 | 12/22/08: MOTION by Deft: Motion And Affidavit For Limited Discovery |
| 12/30/2008 | 42.0 | 12/10/08: Commonwealth files Notice Of Discovery |
| 12/30/2008 | 43.0 | 12/22/08: MOTION by Deft: To Withdraw As Standby Counsel |
| 12/30/2008 | | 12/22/08: MOTION (P#43.0) allowed (Janet L. Sanders, Regional AdmINstrative Justice). Copies mailed 12/30/2008 |
| 12/30/2008 | | 12/18/08: Continued 1/16/09 Trial Assignment agreed. (Sanders, J) J McDermott a.c., D Chapin ct. rpt. |
| 12/30/2008 | 44.0 | Habeas corpus for Deft at Cedar Junction MCI (Walpole) on 01/16/2009. |
| 01/20/2009 | | 1/16/09: Atty. Gavigan appoINted as stand-by counsel. Continued 2/2/09 motions agreed. Habe CJ. (Fishman, J) J Uguccioni a.c., D Keefer ct. rpt. |
| 01/20/2009 | 45.0 | Habeas corpus for Deft at Cedar Junction MCI (Walpole) on 02/02/2009. |
| 01/22/2009 | 46.0 | 1/16/09 - ApoINtment James J. Gavigan pursuant to Rule 53 |
| 02/17/2009 | 47.0 | 2/5/09: Defendnat files Motion to Dismiss due to Commonwealth's Vindictiveness and Memorandum of Law. |
| 02/17/2009 | | MOTION (P#47) The Defendant's request for an evidentiary hearing on this matter to dismiss due to prosecutorial vindictiveness is DENIED. The parties shall be prepared to argue the motion on April 2, 2009. (Kenneth J. Fishman, Associate Justice). Copies mailed 2/17/09 |
| 02/17/2009 | 48.0 | 12/18/08: Defendant files Motion to Dismiss due to Prison Officials Misconduct and Affidavit of Jordan Rice |
| 02/17/2009 | | MOTION (P#48) Upon review, the request for an evidentIiary hearing is DENIED. The parties shall argue the motion on April 2, 2009. (Kenneth J. Fishman, Associate Justice). Copies mailed |
| 02/17/2009 | 49.0 | 12/10/08: Deft files Motion to Order Prison Officials to Turn Over Defendant's Medical Records |
| 02/17/2009 | | MOTION (P#49) denied (Kenneth J. Fishman, Associate Justice). Copies mailed |
| 02/17/2009 | 50.0 | 12/10/08: Deft files Motion for Color Photos of Victim |
| 02/17/2009 | | MOTION (P#50) After hearing, Tho Motion is MOOT as said photos are contained on the CD previously previously produced to Defense Counsel. (Kenneth J. Fishman, Associate Justice). Copies mailed |
| 02/17/2009 | 51.0 | 12/10/08: Deft files Motion for Disciplinary Hearing Audio Tape and Motion for Funds to have said tape transcribed |
| 02/17/2009 | | MOTION (P#51) After hearing, the request for the audio tape is moot as it has already been produced. THe motion for funds to transcribe the tape of the disciplinary hearing is ALLOWED at CPCS approved rates.(Kenneth J. Fishman, Associate Justice). Copies mailed 2/17/2009 |

Exhibit No. 4 - Ps. 4 of 5

case01 223853 y y y y y y y

## Commonwealth v Rice, Jordan

| Date | Paper | Text |
|---|---|---|
| 02/17/2009 | 52.0 | 12/10/08: Deft files Motion for names and addresses of Doctor's and motion for James Cheever's medical records from personal physician. |
| 02/17/2009 | | MOTION (P#52) After hearing, Motion is DENIED, without prejudice to the defendant being permitted to seek Orders for the production of medical records (Kenneth J. Fishman, Associate Justice). Copies mailed |
| 02/17/2009 | 53.0 | 2/10/08: MOTION by Deft: For Funds to Hire a Corrections Consultant Expert and affidavit |
| 02/17/2009 | | MOTION (P#53) After hearing motion is DENIED (Kenneth J. Fishman, Associate Justice). Copies mailed |
| 02/17/2009 | 54.0 | 12/10/08: Deft files Ex Parte Motion for Funds for Private Investigator |
| 02/17/2009 | | MOTION (P#41) Upon review, motion is DENIED. The Commonwealth has produced all discovery relevant to this case (Kenneth J. Fishman, Associate Justice). Copies mailed |
| 03/02/2009 | 55.0 | MOTION by Deft: to Order c/o Stephen Oliveira to Return defendant's Legal Documents Pertaining to this Case |
| 03/02/2009 | 56.0 | MOTION by Deft: to Order Wrentham District Court to Release Tapes |
| 03/02/2009 | 57.0 | MOTION by Deft: to Order Prison Officials to Move Defenant's in Tier Camera View |
| 03/02/2009 | 58.0 | MOTION by Deft: to Order Prison Officials to Stop Consurring Defendant's Legal Mail |
| 03/02/2009 | 59.0 | MOTION by Deft: to Order Production of the Video Evidence and/or In Alternative Dismissal |
| 03/02/2009 | 60.0 | Deft files Notice to the Court |
| 03/02/2009 | 61.0 | MOTION by Deft: Ex Parte Motion for Funds to Hire Eyewitness Expert, Affidavit of Jordan M. Rice |
| 03/02/2009 | 62.0 | MOTION by Deft: for Funds for a Spatter Pattern Analysis Expert, Affidavit of Pro Se Counsel |
| 03/02/2009 | 63.0 | MOTION by Deft: for Limited Discovery and Affidavit of Jordan M. Rice w/attachments |
| 03/12/2009 | 64.0 | Deft files Notice to the Court |
| 03/27/2009 | | 3/26/09: Continued to 4/2/09 motion/status HABE MCI Cedar Junction. (Fishman, J) J. Uguccioni, ac. |
| 04/01/2009 | 65.0 | Habeas corpus for Deft at Cedar Junction MCI (Walpole) for Thursday April 2, 2009. |
| 04/06/2009 | 66.0 | Habeas corpus for Deft at Cedar Junction MCI (Walpole) for Tuesday April 7, 2009. |
| 04/07/2009 | 67.0 | Habeas corpus for Deft at Cedar Junction MCI (Walpole) for Thursday April 16, 2009. |
| 04/07/2009 | 68.0 | Motion to Withbdraw as Standby Counsel |
| 04/07/2009 | | Continued to 4/16/09 for motions. HABE to Issue. (Sanders, J) J. McDermott, ac., D. Chapin, ct. rpt. |
| 04/21/2009 | 69.0 | 4/16/09: Appointment of Counsel Christopher P Ryan, pursuant to Rule 53 |
| 04/21/2009 | | 4/16/09: MOTION (P#68) Allowed (Janet L. Sanders, Regional Administrative Justice), Copies mailed 4/21/2009 |

case01 223853 y y y y y y y

## Commonwealth v Rice, Jordan

| Date | Paper | Text |
|------|-------|------|
| 04/21/2009 | | 4/16/09: Continued 4/24/09 Status of stand - by counsel. Habe to issue. (Sanders, J) J McDermott a.c., D Chapin ct. rpt. |
| 04/21/2009 | 70.0 | Habeas corpus for Deft at Cedar Junction MCI (Walpole) on 04/24/2009. |
| 04/28/2009 | | 4/24/09: Continued 5/27/09 2PM Status, 2PM Habe CJ and Bridgewater. (Sanders, J) J McDermott a.c., D Chapin ct. rpt. |
| 04/28/2009 | 71.0 | Habeas corpus for Deft at Cedar Junction MCI (Walpole) on 05/27/2009. |
| 04/28/2009 | 72.0 | Habeas corpus for Deft at Bridgewater State Hospital on 05/27/2009. |
| 05/28/2009 | | 5/27/09: Continued 6/8/09 9AM status. Habe MCI CJ. Trial scheduled for Oct. 28, 2009 9AM Ct. Rm. 25. Habe MCI CJ. (Sanders, J) J Hurley III, a.c., G Grayson ct. rpt. |
| 05/28/2009 | 73.0 | Habeas corpus for Deft at Cedar Junction MCI (Walpole) on 06/08/09. |
| 05/28/2009 | 74.0 | Habeas corpus for Deft at Cedar Junction MCI (Walpole) on 10/28/09. |
| 05/29/2009 | 75.0 | Commonwealth files request for Nolle Prosequi |
| 05/29/2009 | | Commonwealth files request for Nolle Prosequi (Sanders, J) J.P. Hurley III, a.c., |
| 05/29/2009 | | RE Offense 1:Nolle prosequi |
| 06/25/2009 | 76.0 | Deft files Notice to the Court |

### EVENTS

| Date | Session | Event | Result |
|------|---------|-------|--------|
| 06/03/2008 | 1 - CtRm - Main | Arraignment | Event canceled not re-scheduled |
| 06/09/2008 | 1 - CtRm - Main | Arraignment | Event held as scheduled |
| 07/15/2008 | 1 - CtRm - Main | Conference: Pre-Trial Habe MCI CJ. | Event not held--joint request |
| 08/19/2008 | 1 - CtRm - Main | Hearing: Pre-Trial Habe MCI CJ. | Event not held--joint request |
| 09/10/2008 | 1 - CtRm - Main | Status: Review by Session Re: discovery; habe MCI CJ | Event not held--joint request |
| 10/16/2008 | 1 - CtRm - Main | Status: Review by Session Habe Souza/ CJ. Date changed at request of counsel from 10/15/08 to 10/16/08. | Event held as scheduled |
| 10/23/2008 | 1 - CtRm - Main | Status: Review by Session Habe Souza. | Event held as scheduled |
| 12/10/2008 | 1 - CtRm - Main | Hearing: Motion Habe MCI CJ. All motions. | Event held as scheduled |
| 12/18/2008 | 1 - CtRm - Main | Hearing: Motion Habe CJ. | Event held as scheduled |
| 01/16/2009 | 1 - CtRm - Main | Conference: Trial Assignment Habe | Event held as scheduled |
| 02/02/2009 | 1 - CtRm - Main | Hearing: Motion Habe CJ. Atty. Gavigan appointed as stand-by counsel. | Event held as scheduled |
| 04/02/2009 | 1 - CtRm - Main | Hearing: Motion Habe MCI CJ. Defendant not transported. | Event held as scheduled |
| 04/07/2009 | 1 - CtRm - Main | Hearing: Motion Status / motions. Habe MCI CJ> | Event rescheduled by court order |
| 04/16/2009 | 1 - CtRm - Main | Hearing: Motion habe MCI CJ | Event held as scheduled |
| 04/24/2009 | 1 - CtRm - Main | Hearing: Motion Habe MCI CJ | Event held as scheduled |
| 05/27/2009 | 1 - CtRm - Main | Status: Review by Session Habe MCI CJ and Bridgewater | Event held as scheduled |

## Commonwealth v Rice, Jordan

| Date | Session | Event | Result |
|---|---|---|---|
| 06/08/2009 | 1 - CtRm - Main | Status: Review by Session<br>Habe MCI CJ | Event canceled not re-scheduled |
| 10/28/2009 | Criminal Trials (CtRm 25) | TRIAL: by jury<br>Habe MCI CJ; | Event canceled not re-scheduled |

Exhibit No. 4 - Pg. 7 of 7

caseQ1 223853 y y y y y y y

Jordan M Rice
MCI-Cedar Junction
Route 1A, P.O. Box 100
South Walpole, MA 02071

06/26/1973    Male    60 East Street
DATE COMPLAINT ISSUED    Wrentham, MA 02083

07/01/2013
PRECOMPLAINT ARREST DATE    INTERPRETER REQUIRED

FIRST FIVE OFFENSE COUNTS

| COUNT | CODE | OFFENSE DESCRIPTION | OFFENSE DATE |
|---|---|---|---|
| 1 | 127/38B/A | A&B WITH BODILY SUBSTANCE ON CORRECTIONAL FACILITY EMPLOYEE c127 §3 | 01/31/2013 |

AUG 12 2013   8/15/13 Susan Costa scanfcd

DEFENSE ATTORNEY    OFFENSE CITY/TOWN    POLICE DEPARTMENT
Wm Brennele    Walpole    DOC-APPREHENSION

| DATE & JUDGE | DOCKET ENTRY | DATE & JUDGE | FEES IMPOSED |
|---|---|---|---|
| AUG 12 2013 JOHNSON SMITH | ☐ Attorney appointed (SJC R: 3:10) ☐ Atty denied & Deft. Advised per 211 D §2A ☐ Waiver of Counsel found after colloquy | 8-12-13 JOHNSON SMITH | Counsel Fee (211D § 2A)(2) ☐ WAIVED $ no-toe incarr |
|  | Terms of release set: ☐ PR ☐ Bail ☐ See Docket for special condition ☐ Held (276 §58A) |  | Counsel Contribution (211D § 2) ☐ WAIVED $ |
|  |  |  | Default Warrant Fee (276 § 30¶1) ☐ WAIVED $ |
|  | Arraigned and advised: ☐ Potential of bail revocation (276 §58) ☐ Right to bail to review (276 §58) ☐ Right to drug exam (111E § 10) |  | Default Warrant Arrest Fee (276 § 30 ¶2) ☐ WAIVED $ |
| N |  |  | Probation Supervision Fee (276 § 87A) ☐ WAIVED $ |
|  | Advised of right to jury trial ☐ Waiver of jury found after colloquy ☐ Does not waive |  | Bail Order Forfeited |
|  | Advised of trial rights as pro se (Dist. Ct. Supp.R.4) |  |  |
|  | Advised of right of appeal to Appeals Ct. (M.R. Crim P.R. 28) |  |  |

SCHEDULING HISTORY

| NO. | SCHEDULED DATE | EVENT | RESULT | JUDGE | TAPE START/STOP |
|---|---|---|---|---|---|
| 1 | 08/12/2013 | Arraignment | ☑ Held ☐ Not Held but Event Resolved ☐ Cont'd JOHNSON SMITH | Hashnet Walpole | F55 2K |
| 2 | 10-28-13 | PTH | ☐ Held ☐ Not Held but Event Resolved ☐ Cont'd JOHNSON SMITH | MCI Walpole | |
| 3 | 11/8/13 | PTH | ☐ Held ☐ Not Held but Event Resolved ☐ Cont'd | MCI Walpole | |
| 4 | | | ☐ Held ☐ Not Held but Event Resolved ☐ Cont'd | | |
| 5 | 1/10/14 | CE | ☐ Held ☐ Not Held but Event Resolved ☐ Cont'd | CASE not media | |
| 6 | 2-26-14 | CE | ☐ Held ☐ Not Held but Event Resolved ☐ Cont'd 2/14/27 | Brackett | |
| 7 | 4/25/14 | CE | ☐ Held ☐ Not Held but Event Resolved ☐ Cont'd | Cunian sec 201 | 1:15 JG |
| 8 | 6-10-14 | CE | ☐ Held ☐ Not Held but Event Resolved ☐ Cont'd Held MCI Walpole RM -mci walpole | MH JG | |
| 9 | 7-14-14 | CE | ☐ Held ☐ Not Held but Event Resolved ☐ Cont'd | Ostrach | |
| 10 | 10-9-14 | mot.s | ☐ Held ☐ Not Held but Event Resolved ☐ Cont'd | Bader Junctin (SBJC) | |

APPROVED ABBREVIATIONS
ARR = Arraignment    PTH = Pretrial hearing    DCE = Discovery compliance & jury selection    BTR = Bench trial    JTR = Jury trial    PCH = Probable cause hearing    MOT = Motion hearing    SRE = Status review
SRP = Status review of payments    FAT = First appearance in jury session    SEN = Sentencing    CWF = Continuance-without-a-finding scheduled to terminate    PRO = Probation scheduled to terminate
DFTA = Defendant failed to appear & was defaulted    WAR = Warrant issued    WARD = Default warrant issued    WR = Warrant or default warrant recalled    PVH = probation revocation hearing.

| A TRUE COPY ATTEST: | CLERK-MAGISTRATE / ASST CLERK | | | TOTAL NO. OF PAGES | ON (DATE) |
|---|---|---|---|---|---|
| | X | | | | |

Date/Time Printed: 07-01-2013 09:39:20


1357CR001301

Version 2.0 - 1/08

| Date | Entry |
|---|---|
| 8-15-13 | BIF Reg Atty Bresnick, requesting to withdraw called atty Susan Costa appt, scheduled |
| 10/28/13 | Atty Costa not present |
| 11/8/13 | Hearing next to Attend. Ostud. |
| 4-25-14 | Atty. Costa allowed to withdraw. Atty. Zwiello appt. as standby counsel — Defendant wishes to proceed pro se. Counsel fee remitted, c. 6/19/14, Johna Smith |
| 6-10-14 | Eddy Zwiello present — C. 8/14/14 for Discovery & Response Motions. Nolle — Mr. Ulbricht, Jody (ss 56) |
| 8/8/14 | Various Exhibits and Def. Reply to DOC Motion to Intervene, motion to preserve District Court tapes, motion for protective orders, motion for Discovery, Motion for Discovery of Evidence, motion for medical records from Lemuel Shattuck hospital, Motion to Dismiss, Motion for funds for Private investigator, motion for funds for mental health expert, motion for funds for medical expert, motion for funds for transcriber, motion for funds to hire expert in prisons, motion for funds for DNA expert and testing, motion for Buccal Swab of third parties and affidavit |

APPROVED ABBREVIATIONS
ARR = Arraignment   PTH = Pretrial hearing   DCE = Discovery compliance & jury selection   BTR = Bench trial   JTR = Jury trial   PCH = Probable cause hearing   MOT = Motion hearing   SRE = Status
SRP = Status review of payments   FAT = First appearance in jury session   SEN = Sentencing   CWF = Continuance-without-finding scheduled to terminate   PRO = Probation scheduled to terminate
DFTA = Defendant failed to appear & was defaulted   WAR = Warrant issued   WARD = Default warrant issued   WR = Warrant or default warrant recalled   PVH = probation revocation hearing

Date/Time Printed:  07-01-2013 09:32:20

Version 2.0 – 11/05

1357CR001301

Exhibit No. 5 — Pg. No. 80 of 4

motions to a                    OSTRACH

| | | |
|---|---|---|
| 9-2-14 | Papersiwork filed from Jordan Rice |

9-4-14 | motion for Ryan Resendes criminal record filed

9-15-14 | Atty Zanello files: motion to Order end or limit Cell sorting, Motion for production of Cell & Tier Videos, Motion to order stop of Dissemination of Witness (Tosker) Motion to Order Cell Leader to be turned on, Motion to Order Removal or Extra Kurshaeofer Status, Motion to Order Release of Brand New Property & Long Term legal Storage, Motion to Order Prison Officerials not to Seize Writing Implements. Affadavit in support. Motion date 10/9/14

Exhibit No. 5 - Pg. 3 of 4

DC-CR 14 (12/89)

1   A&B WITH BODILY SUBSTANCE ON CORRECTIONAL FACILITY EMPLOYEE G.L.
§38B(c)

| DISPOSITION METHOD | FINE/ASSESSMENT | SURFINE | COSTS | OUI §24D FEE | OUI VICTIMS ASMT |
|---|---|---|---|---|---|
| ☐ Guilty Plea or ☐ Admission to Sufficent Facts accepted after colloquy and 278 §29D warning | | | | | |
| ☐ Bench Trial | HEAD INJURY ASMT | RESTITUTION | V/W ASSESSMENT | BATTERER'S FEE | OTHER |
| ☐ Jury Trial | | | | | |

SENTENCE OR OTHER DISPOSITION
☐ Sufficient facts found but continued without a finding until:
☐ Defendant placed on probation until:
　　　☐ Risk/Need or OUI　　☐ Administrative Supervision
☐ Defendant placed on pretrial probation (276 §87) until:
☐ To be dismissed if court costs / restitution paid by:

☐ Dismissed upon:
　☐ Request of Commonwealth　☐ Request of Victim
　☐ Request of Defendant　　☐ Failure to prosecute

　☐ Other:
☐ Filed with Defendant's consent
☐ Nolle Prosequi
☐ Decriminalized (277 §70 C)

| FINDING | | FINAL DISPOSITION | JUDGE | DATE |
|---|---|---|---|---|
| ☐ Guilty | ☐ Not Guilty | ☐ Dismissed on recommendation of Probation Dept. | | |
| ☐ Responsible | ☐ Not Responsible | ☐ Probation terminated: defendant discharged | | |
| ☐ Probable Cause | ☐ No Probable Cause | ☐ Sentence or disposition revoked (see cont'd page) | | |

| COUNT / OFFENSE | | DISPOSITION DATE AND JUDGE |
|---|---|---|
| | | |

| DISPOSITION METHOD | FINE/ASSESSMENT | SURFINE | COSTS | OUI §24D FEE | OUI VICTIMS ASMT |
|---|---|---|---|---|---|
| ☐ Guilty Plea or ☐ Admission to Sufficent Facts accepted after colloquy and 278 §29D warning | | | | | |
| ☐ Bench Trial | HEAD INJURY ASMT | RESTITUTION | V/W ASSESSMENT | BATTERER'S FEE | OTHER |
| ☐ Jury Trial | | | | | |

SENTENCE OR OTHER DISPOSITION
☐ Sufficient facts found but continued without a finding until:
☐ Defendant placed on probation until:
　　　☐ Risk/Need or OUI　　☐ Administrative Supervision
☐ Defendant placed on pretrial probation (276 §87) until:
☐ To be dismissed if court costs / restitution paid by:

☐ Dismissed upon:
　☐ Request of Commonwealth　☐ Request of Victim
　☐ Request of Defendant　　☐ Failure to prosecute

　☐ Other:
☐ Filed with Defendant's consent
☐ Nolle Prosequi
☐ Decriminalized (277 §70 C)

| FINDING | | FINAL DISPOSITION | JUDGE | DATE |
|---|---|---|---|---|
| ☐ Guilty | ☐ Not Guilty | ☐ Dismissed on recommendation of Probation Dept. | | |
| ☐ Responsible | ☐ Not Responsible | ☐ Probation terminated: defendant discharged | | |
| ☐ Probable Cause | ☐ No Probable Cause | ☐ Sentence or disposition revoked (see cont'd page) | | |

| COUNT / OFFENSE | | DISPOSITION DATE AND JUDGE |
|---|---|---|
| | | |

| DISPOSITION METHOD | FINE/ASSESSMENT | SURFINE | COSTS | OUI §24D FEE | OUI VICTIMS ASMT |
|---|---|---|---|---|---|
| ☐ Guilty Plea or ☐ Admission to Sufficent Facts accepted after colloquy and 278 §29D warning | | | | | |
| ☐ Bench Trial | HEAD INJURY ASMT | RESTITUTION | V/W ASSESSMENT | BATTERER'S FEE | OTHER |
| ☐ Jury Trial | | | | | |

SENTENCE OR OTHER DISPOSITION
☐ Sufficient facts found but continued without a finding until:
☐ Defendant placed on probation until:
　　　☐ Risk/Need or OUI　　☐ Administrative Supervision
☐ Defendant placed on pretrial probation (276 §87) until:
☐ To be dismissed if court costs / restitution paid by:

☐ Dismissed upon:
　☐ Request of Commonwealth　☐ Request of Victim
　☐ Request of Defendant　　☐ Failure to prosecute

　☐ Other:
☐ Filed with Defendant's consent
☐ Nolle Prosequi
☐ Decriminalized (277 §70 C)

| FINDING | | FINAL DISPOSITION | JUDGE | DATE |
|---|---|---|---|---|
| ☐ Guilty | ☐ Not Guilty | ☐ Dismissed on recommendation of Probation Dept. | | |
| ☐ Responsible | ☐ Not Responsible | ☐ Probation terminated: defendant discharged | | |
| ☐ Probable Cause | ☐ No Probable Cause | ☐ Sentence or disposition revoked (see cont'd page) | | |

Date/Time Printed: 07-01-2013 09:39:20

1357CR001301

Version 2.0 - 11/08

Exhibit No. 5
Pg. No. 4 of 4

NORFOLK, ss

DISTRICT COURT DEPARTMENT
WRENTHAM DIVISION
NO. 1357CR 1301

COMMONWEALTH

V.

Jordan Rice

---

## NOLLE PROSEQUI

---

The Commonwealth hereby enters a Nolle Prosequi in this case pursuant to rule 16 of the Massachusetts Rules of Criminal Procedure. ~~The defendant was indicted and arraigned in Norfolk Superior Court for these offenses.~~ The interest of Justice requires this Nolle Pro sequi

For the Commonwealth,
Michael W. Morrissey
District Attorney
By:

Assistant District Attorney
Norfolk County

Date: 10/9/14

Exhibit No. 85

FROM:   Blenda A. Rice, Jordan M. Rice and Brianna J. Adams
        177 Battles Farm Drive
        Brockton, MA 02301


TO:     Martha Coakley, A. G.    |    Office of the Inspector General
        1 Ashburton Place    and  John W. McCormack State Office Building
        Boston, MA 02108     |    One Ashburton Place, Room 1311
                                  Boston, MA 02108


RE:     <u>Demand Letter And Notice Of Civil Action</u>


Dear Public Officials:

Hello, this is a Joint Demand Letter and Notice of Civil Action filed with both the Office Of Attorney
General by Blenda A. Rice, Jordan M. Rice and Brianna J. Adams against the Department of Correction,
et al, and Norfolk County D.A. Office, et al, for Malicious Prosecution; Selective Prosecution, Vindictive
Prosecution, Brady Violation, Failure to Protect; lost/seizure or withholder of Property and Civil/Human
Rights Violations pursuant to any and all state and federal applicable laws.

<u>Malicious, Selective and Vindictive Prosecution and Brady Violation</u>

        On January 31, 2013, Jordan M. Rice (Mr. Rice) while incarcerated at MCI Cedar Junction was
moved to the multi-purpose room by Prision GuardsMichael Kasprzak, John DeRusha, Michael Perkins
and James Redd, Jr. where Kasprzak, DeRusha and Redd, Jr., did physically and sexually assault Mr.
Rice in attempt to coerce him to stop pursuing civil litigation where he was seeking DNA samples from
Guards Mark Glazebrook among other rogue guards, including Kasprzak, to prove their Nazi style
biological torture of him will cost them their jobs. In self-defense, Mr. Rice headbutt and spit in
Kasprzak's face to break Kasprzak's grip upon Rice's testicles which was captured on camcorder video
operate by Perkins. Prior to this incident, Rice was moved to the multi-purpose room on numerous
occasions where he was physically and sexually assaulted by the Kasprzak gang of rogue guards for
exercising his rights to access the courts via attempting to get guards DNA which each time Kasprzak's
gang verbally expressed to Mr. Rice to stop seeking guards' DNA as they assaulted him. After each
assault, Mr. Rice filed institutional written complaints to prison administrators and write letter to D.A.
Michael Morrissey requesting to file criminal charges which each correspondence was ignored including
the request to file charges against Kazprzak, DeRusha, and Redd, Jr., for their January 31, 2013 assaults
upon Mr. Rice.

Exhibit No. 6

On April 12, 2013, D.A. Morrissey did conspire with Kasprzak, DeRusha and Redd, Jr. to silence Mr. Rice from speaking out about pursuing Guards DNA to prove the civil and human rights violations that would cost guards their jobs by arraigning Mr. Rice in Wrentham District Court for a false assault and battery with bodily substance on correctional facility employee (i.e., Kasprzak) criminal charge. Here this was Malicious, Selective and Vindictive Prosecutions.

Prior to the dismissal of the case it would languish in said court docket for 14 months and during this time rogue prison guards did act as agents of D.A. Morrissey where they attempted to coerce Mr. Rice into a guilty plea with numerous tactics including willful destruction of the camcorder video, physical/sexual assaults of Mr. Rice, withholding his legal/personal properties, use food as punishment, threaten Blenda Rice (Mrs. Rice) and the phone among other tactics which were all designed to stop Rice from attempting to seek DNA samples from guards in said District Court. These coercement tactics did violate federal and state laws which they weren't just limited to Mr. Rice but extended to Ms. Adams and Mrs. Rice. It is well established that prison guards/correctional officers are law enforcement. See **County of Barnstable v. American Financial Corp.**, 51 Mass. App. Ct. 213, 216 (2001), **Com. v. Pruce**, 453 Mass. 686, 697-98 (2008). D.A. Morrissey did provide rogue guards immunity for their criminal coercement tactics where Mr. and Mrs. Rice requested to file criminal charges. Therefore, Morrissey is civilly liable for them.

## A) Lost, Seizure and/or Withholder of Mr. Rice's Properties and Brady Violation

On September 13, 2013, Mr. Rice filed an institutional vie regards to the Lost, Seizure and/or Withholder of his personal and legal properties as followed: 1) Personal pictures, 2) Asics Sneakers; 3) Legal documents that were in his cell, 4) thermal top and bottom that were in his cell; 5) legal and personal books (titles (a) Oxford Dictionary, (b) Almanac, (c) CPCS Post Conviction Manual, (d) Prisoners Survival Guides, (e) Writers Market Guide, (f) CPCS Criminal Defense Training Manual, (g) Prisoners Self Help Litigation Manual, (h) I am Innocent, (i) Georgetown Law Journal, (k) Address book, (6) headphones extension that were in prisons long term storage, (7) Cubic Foot of Legal Documents and (8) one box of legal documents that were in DDU storage (see **Exhibit No. 1**).

On July 29, 2014, rogue guard Ryan W. Resendes did enter Rice's cell throwing all Rice's legal documents in one big pile with all his other property, contaminated his bed linen with agents that made his body itch and cause him trouble to breathe, seized non-contraband items, i.e., writing pens, emery boards, legal black folder, legal documents and letter from Brianna Adams that contained her address and phone number which Resendes gave to his Aryan Nation Prisoners hit man Francis Lang and William Miller who yelled it out several times Ms. Adams personal information. Resendes informed Rice this was in reprisal of Rice not pleading guilty to the Kasprzak case, ratting him out for placing a hit on Rice's life in the year with Aryan Nation Prisoner hit man Andrew Pasquale, for trying to get his (Resendes) DNA in court and seized writing pens so Rice couldn't file court motions b/c Rice represented himself ProSe. Also, Resendes destroyed several motions including the one filed by DOC legal and he removed the laces from Rice's Riddell sneakers. Resendes actions did cause Ms. Adams great fear and emotional distress, when she learned of his malfeasant actions of dispensing her personal information.

On September 23, 2014, the sais institution did receive via registered mail a brand new book titled "Prisoners Self-Help Litigation Manual" that Mr. Rice reordered but Resendes is refusing to give it

to him (See Exhibit No. 21) On October 1, 2014, in reprisal of the Kasprzak case dismissal (on October 9, 2104) Rogue Guards:  Resendes, Daniel C. Flavin and Ashraff M. Gomac did seize the remaining of Mr. Rice's legal and personal documents.

Mr. Rice demands the return of all his legal and personal properties cited above and below that were lost, seized or withheld.  Also, he demands compensation for any lost or destroyed properties.

## B) Biological Torture

Mr. Rice can't articulate all the dates and events of the biological torture due to all the above cited lost, seized or withheld of his legal and personal documents.

Mr. Rice did swab the huge loogie spit that Rogue Guard Mark Glazebrook left on mattress which we swabbed and mailed to Mrs. Rice.

Several times Kazprzak and Redd, Jr., did place their own personal DNA (i.e., saliva, semen, feces, urine and hair) in Mr. Rice's food and medication and on his gray blanket which were swabbed and mailed to Mrs. Rice.  Please not, Mr. Rice, cut a swatch from the blanket that had the entire bodily fluids on it that was mailed to Mrs. Rice.

On March 22, 2013, Guards Kasprzak, James Redd (i.e. son of James Redd, Jr.), Joshua Riley and Peter Diagle did dispense food at dinner where they left Mr. Rice's food and juice in the feeding box which before they left the tier Redd said, "Think of my dad while you drink tonight" which all other guards said, "Yeah , think of his dad."   Minutes later Guards Arthur, Dasilva, and Sleeper gave Rice his food/juice which the juice had a huge spit loopie on it that Mr. Rice swabbed and mailed to Mrs. Rice.  This spit belongs to either Kasprzak, Riley, Diagle, DaSilva and Sleeper which "DNA testing will identify the Rogue donor(s).  The U.S. Supreme Court has held "DNA Evidence and testing has the "unparalleled ability…to identify the guilty." **District Attorney's Office for Third Judicial Dist. V. Osborne, 557 U.S. 52, 55 (2009).**

On November 27, 2013, Rogue Guards Resendes and Jason A. Badger did place their or other infectious disease bodily fluids prisoner hit men DNA in Mr. Rice's breakfast (i.e., cold cereal and coffee) which he swabbed and mailed to Mrs. Rice.  On or about February 19, 2014, Rogue Guard Brian Leavitt gave Rice just that had DNA in it which was swabbed and mailed to Mrs. Rice.  On April 19, 2014, at breakfast Rogue Guard Leavitt gave Rice juice that had feces inside it which he, Resendes and Flavin called Aryan Poo-Poo juice for refusing to plead guilty to Kasprzak case and filing a DNA lawsuit that's fucking the DOC which Rice swabbed and mailed to Mrs. Rice.

On June 3, 2014, rogue Guard Leavitt gave Mr. Rice juice and coffee that had hair in it which was swabbed and mailed to Mrs. Rice.  On June 14, 2014 – (1) at lunch Resendes gave Rice contaminated food and (2) at dinner Rogue Guard Calvin Vega gave Mr. Rice contaminated rice which was swabbed and mailed to Mrs. Rice.

On June 26, 2014, in Wrentham District Court, Mr. Rice filed Pro Se Motions requesting funds for DNA Testing and Expert along with buccal swab from all above cited rogue guards.  On October 9,

2014, oral arguments were scheduled on these motions but before such arguments could take place D.A.
Morrissey office abruptly Nulle Prosqui the case (See Exhibit No. 3). Clearly D.A. Morrissey was aware
of rogue guards criminal charges which he did not want exposed or his granting them immunity for their
criminal action. Now post Kasprzak case food is still being used as punishment in reprisal of the
dismissal. On October 23, 2014, at breakfast rogue guard Leavitt did give Rice coffee which he claimed
had semen in it that Mr. Rice swabbed and mailed out to Mrs. Rice.

## C) Failure To Protect

D.A. Morrissey and Prison Administrators did fail to protect Ms. Adams, Mrs. Rice and Mr. Rice
from rogue Prison Guards and their Aryan Nation hit men in attempt to coerce a guilty plea to silence Mr.
Rice about the exculpatory overwhelming DNA evidence to prove the Nazi Style biological torture.

As cited above, Ms. Adams personal information was given to said Prisoner hit men by Resendes.
Infectious Positive Disease Aryan Nation Prisoner hit men Francis Lang and William Miller including
Miller's threats to rape and infected with sexually transmitted diseases Ms. Adams and Mrs. Rice for
Rogue Prison Guards. Please note, Miller is imprisoned for raping and infecting his own Mother and tie
attained names from Rogue Guard Resendes. On April 24, 2014, a rogue prison guard did call from phone
number (207) 952-2951 to Mrs. Rice at her phone number at (508) 586-1849 to threaten her life via
stating "You and Brianna Adams are dead nigger bitches if Jordan continues to try to get our DNA that
will get us fired." Then the male caller recited Mrs. Rice home address, the description of her car and
license plate number and recited Ms. Adams home address. This caused Mr. Rice, Mrs. Rice and Ms.
Adams great fear and emotional distress. This call was possibly made by Rec. Officer Rick Solomon who
abruptly retired after Mrs. Rice informed D.A. Morrissey Office of this criminal call on April 25, 2014, in
Wrentham District Court. Please note, the call came from a Maine state phone number and Solomon is
and was a part time Maine resident.

Immediately after Rice's arraignment day in the Kasprzak case, Prison Administrators removed
him off camcorder video to conceal the forthcoming planned physical and sexual assaults in attempt to
coerce a guilty plea to silence the Rices about the exculpatory DNA evidence to prove the Nazi Style
biological torture of Mr. Rice. A lot of the said assault dates Rice can't iterate herein due to Resendes and
others seizing all Mr. Rice's legal documents but almost all the said assaults were committed by
Resendes, Leavitt and Badger.

As already cited above Mr. Rice was physically sexually assaulted by Kasprzak, DeRusha, Redd,
Jr., and Perkins in the multi-purpose room which is a blind spot where prisoners are repeatedly assaulted
which Mr. Rice has repeatedly informed them.

On October 23, 2013, Rogue Guards Resendes, Chris Pacheco, Badger and Leavitt did enter the
shower with Mr. Rice where they squeezed his testicles and punched him along with informing him to
inform his then lawyer, Susan Costa, that he (Mr. Rice) wanted to plead guilty. Mr. Rice sustained pain
in his groin, back, legs, stomach, ankles, head and wrists which still persist to this day. Please note, the
shower is the only blind spot which guards are suppose to enter with a prisoner with unless there is a

camcorder video present. Prison Administrators are aware that these assaults are occurring in the shower but fail to address or remedy these assaults upon prisoners.

On May 16, 2014, either Rogue Prison guards Steve Fagan or Brian Leavitt arranged a hit on Mr. Rice's life by Aryan National Prisoner Ralph Sullivan when they gave a handcuff key to at breakfast tray dispensement which he used in the restart chair area to remove his shackles and assault Mr. Rice with them. In attempt to cover up the plot Fagan issued Mr. Rice a bogus D-Report claiming Rice was swinging his arms at Sullivan as Sullivan swung the shackles which the video evidence demonstrates Rice was only blocking the leg shackles that Sullivan swung at him. Mr. Rice sustained cuts to his arms and back along with extreme pain in his arms, back and head. Prior to this assault, Prison Official informed Mr. Rice that Sullivan would assault him at the behest for not pleading guilty and trying to get their (Guards) DNA which Rice made Prison Officials and D.A. Morrissey aware of in writing prior to the assault that the following threats among others were leveled against him.

In an affidavit dated April 25, 2014, at paragraph No. 22, clearly cites the hit on his life that Prison Guards paid Sullivan for. On February 13, 2014, Mental Health (M.H.) Clinician Jamie Chapman verbally threatened Mr. Rice's life with a hit by Sullivan. On April 11, 2014, Guard Leavitt opened Sullivan's cell door slot, giving him contraband stating "Rice, I just paid for the hit on your life in the restart chairs. The night before the hit Guards Rowan Hill and Chris Pakuris, did seize Mr. Rice's personal property from his cell and threaten his life via stating "we will have you fucked up in the restart chairs by Ralph Sullivan because you ain't going to stop trying to fuck us with that DNA Lawsuit." It is Mr. Rice's understanding from Sullivan bragging that he was criminally charged but only received 2 days running concurrent with his current conviction. If so Rice was never informed or consulted about the criminal charges by Prison Officials or D.A. Morrissey's Office and Mr. Rice would've requested a very long sentence for Sullivan. Prison IPS Guards took pictures of Rice's injuries.

On May 19, 2014, Rogue Guard Resendes, Badger and Edward Trahan did enter the shower with Rice where Resendes did sucker punch Rice over the right eye causing a cut, Resendes grabbed Rice's testicles, Badger and Trahan punched Rice in the head and body and then they slammed Rice to the ground where Trahan kicked Rice in the face several times. Rice sustained cuts/bruises to his head and body. Stab wound due to Resendes stabbing him in the forearm. Rice sustained pain in his testicles, head, back ribs and neck. During this assault all Guards informed Rice to plead guilty.

On July 22, 2014, Resendes asked Mr. Rice if he was going to the yard which he answered "Yes" and his reply was "Good Pasquale wants your ass for making him miss his visit on Friday," (i.e., July 18, 2014). To set up on physical altercation with Pasquale and Mr. Rice rogue guards, Resendes and Jason Badger didn't place us prisoners in the year as our cell numerical order where Mr. Rice's cell no. 106, William Miller in cell 107, Pasquale in cell no. 110, which the yard video will prove along with Badger allowing Pasquale to physically carry a red scrub top to year where clothes are suppose to be worn. While in the yard, Pasquale used the said top to bend back the fence to break it which yard video will prove along with: (A) Aryan Nation Prisoner Francis Lang coaching Pasquale how to breach the fence which Lang was **NEVER** disciplined for his conduct that was instrumental in the fight because he works with Guards and (B) Badger and Resendes knew Pasquale was undoing the fence but refused to take action until Mr. Rice was forced to se self-defense after Pasquale physically entered Rice's yard cage. In

BMU prisoners can't purchase razors. *5) State Clothes and face clothes* – Almost all Mr. Rice's state issue clothes as been seized by Rogue Guard Resendes so Rice has almost no clothing which he can't purchase from canteen. *6) Toothbrush* – For 4 months Mr. Rice has been denied one because Rogue Guard Resendes seized it which toothbrushes can't be purchased from canteen b BMU prisoners. As like batteries, they are suppose to be issued on a weekly basis.

Mr. Rice has brought this to the attention of Prison Administrators and D.A. Morrissey because they are in reprisal of not pleading guilty and seeking guards DNA.

Now that the Kasprzak case has been dismissed, Rogue Prison Guards have threaten to set Mr. Rice up for a serious assault including stabbing or raping a prison staff member. Also, he has been threaten with transferred to DDU Unit.

Mrs. Rice had to take days off work to support Mr. Rice in court. Ms. Adams had to travel to court to support Mr. Rice and are waiting to testify in regards to the mail censoring. Both Ms. Adams and Mrs. Rice live in fear of their lives due to Rogue Prison Guards malfeasant behavior and threats by Guards Aryan Nation Prisoner hit men.

## CONCLUSION

Mr. Rice seeks/demands a $100 million dollars in monetary damages individually for each above named Department of Correction employee and D.A. Morrissey.

Mrs. Rice seeks/demands a $100 million dollars in monetary damages individually for each above named Department of Correction employee and D.A. Morrissey.

Ms. Adams seeks/demands a $100 million dollars in monetary damages individually from each named Department of Correction employee and D.A. Morrissey.

Signed under the pains and penalties this _____31_____ day of October, 2014, A.D.

x _Jordan Martell Rice_
Jordan M. Rice

x _Blenda A. Rice_
Blenda A. Rice

x _Brianna J. Adams_
Brianna J. Adams

| Name RICE JORDAN M | Grievance# 79557 | Institution MCI CEDAR JUNCTION | | |
|---|---|---|---|---|
| Commit No. W65429 | Housing BMU/NINE BLOCK | Date Of Incident 20150318 | | Date Of Grievance 20150318 |

| Informal filed | No |
|---|---|
| Complaint | Since July 22, 2014 to the present (March 18, 2015) I have been on Extra Restraint Status (ERS) which I shouldn't never been placed on b/c C/O Ryan Resendes and C/O Jason Badger arranged the 7/22/14 hit on my life where they allowed their Aryan Nation Prisoner hitman Andreo Pasquale to breach the yard cage to enter my cage and he attempted to murder me via stabbing me but due to my Zulu fighting skills I successfully defended myself w/o sustaining injury. Now I am being kept on ERS so I can be murdered while in full restraints in the yard as both rogue guards set me up to be murder again unsuccessfully on Dec 1, 2014 where I was assaulted by another said hitman b/c I refuse to go to the yard on ERS status. I am in a kill or be killed situation b/b 3 unsuccessful hits been placed on my life. |
| Remedy Requested | Order I be removed off ERS status so I can go to the yard.? I haven't been in the yard since July 22, 2014 w/the exception of one time. |
| Staff Recipient | Dubois Marc D   CO II |
| Staff Involved | |
| Signature | |

## RECEIPT BY INSTITUTIONAL GRIEVANCE COORDINATOR

| Date Received 20150323 | Decision Date 20150406 |
|---|---|
| Signature | Dubois Marc D   CO II |
| Final Decision | PARTIAL APPROVAL |
| Decision | Alligations against staff were reviewed and were are without merit however your ers status was reviewed and you have subsequently been removed. |
| Signature | Date |

Denied grievances may be appealed to the Superintendent within 10 working days of Institutional Grievance Coordinator's decision.

## INMATE RECEIPT

| Name | RICE JORDAN M | | Institution MCI CEDAR JUNCTION |
|---|---|---|---|
| Commit No. | W65429 | Grievance# 79557 | Date Received 20150323 |
| Signature. | Dubois Marc D   CO II | | |

# INMATE GRIEVANCE FORM
## FORWARD TO INSTITUTIONAL GRIEVANCE COORDINATOR (IGC)

| | | | | | | |
|---|---|---|---|---|---|---|
| Name | RICE JORDAN M | Grievance# 75116 | Institution MCI CEDAR JUNCTION | | | |
| Commit No. W65429 | Housing BMU/NINE BLOCK | | | Date Of Incident 20140808 | Date Of Grievance 20140808 | |

**Informal filed** Yes

**Complaint** On Aug. 8, 2014 at breakfast tray collection Prisoners Francis Lang said to c/o Ryan Resendes "Hey since Jordan doesn't have to stay in the cell I broke the TV volume for trying to get you DNA and not pleading guilty in court and you guys can't let us Aryan Nation group kill him then turn off his cell water to kill him of dehydration." Resendes reply was "That nigger also wrote me up this week which I an in trouble for so thats a good idea. Heil Hitler!" At approx. 7:23am, an guard possibly Resendes, did turn off my hot and cold water which the video facing the utility door will demonstrate the guards I.D.! Also my cell video will demonstrate the water worked from the time I was placed in the cell on Aug. 7, 2014 at approx. 10pm until on Aug 8, 2014 at 7:23am. During this time I cleaned the cell and my body the morning the water was turned off. I never mentioned any problem to staff about the water but at approx. 8:30am when I mentioned the no water problem Lt. Dan Flavin reply was "we fixed the water pressure at Kasperzaks request. Now keep writing about us trying to force you to plead guilty."

**Remedy Requested** I request a probe into this matter along w/ preserving my cell (no. 110) video from Aug. 7, 2014 at approx. 10pm thru Aug. 8, 2014 at approx. 7:23am and utility door video on Aug. 8, 2014 from 7am - 7:30am for investigation purposes? I will be seeking the video in court. Order my hot and cold water be turned on?

**Staff Recipient** Dubois Marc D   CO II

**Staff Involved** Resendes Ryan W   CO I.
Flavin Daniel C   CO III

**Signature**

## RECEIPT BY INSTITUTIONAL GRIEVANCE COORDINATOR

**Date Received** 20140811   **Decision Date** 20140911

**Signature** Dubois Marc D   CO II

**Final Decision** DENIED

**Decision** Your grievance is denied. Based on the allegations towards staff a review of all available materials related to this incident was reviewed. Upon completion it has been determined that your allegations regarding staff are unsubstantiated. Additionally on the date/time in question you were observed on video surveillance using your sink to include beyond the time you indicated in the grievance. It should be noted that there was a known water pressure throughout the facility on the date in question.

**Signature** _____   **Date** _____

# DISCIPLINARY REPORT

| | | | |
|---|---|---|---|
| e  RICE, JORDAN M | Commit No  W65429 | Location  9 Block Yard | |
| 20140722 | D- Report No  315074 | Institution  MCI CEDAR JUNCTION | |

| gory | Offense(s) |
|---|---|
| 1 | 07-Fighting with any person |
| 2 | 24-Conduct which interferes with the security or orderly running of the institution |
| 2 | 29-Attempting to commit any of the above offenses, making plans to commit any of the above offenses or aiding another person to commit any of the above offenses shall be considered the same as the commission of the offense itself |
| 3 | 05-Refusing a direct order by any staff member |
| 3 | 26-Use of obscene, abusive or insolent language or gesture |
| 3 | 27-Conduct which disrupts the normal operation of the facility or unit |
| 3 | 29-Attempting to commit any of the above offenses, making plans to commit any of the above offenses or aiding another person to commit any of the above offenses shall be considered the same as the commission of the offense itself |

escription of Offense(s

N TUESDAY JULY 22, 2014 AT APPROXIMATELY 1:11PM I CO RESENDES DID WITNESS INMATE RICE, ORDAN ENGAGE IN A PHYSICAL ALTERCATION WITH INMATE PASQUALE, ANDREW (W102354).

N TUESDAY JULY 22, 2014 AT APPROXIMATELY 1:11PM WHILE COVERING THE 9 BLOCK (BMU) YARD I CO ESENDES DID WITNESS INMATE RICE STRIKE INMATE PASQUALE WITH SEVERAL CLOSED FIST UNCHES TO THE FACIAL AREA. INMATE RICE WAS GIVING SEVERAL DIRECT ORDERS TO STOP WHICH HE REFUSED. ALL PROPER AUTHORITIES NOTIFIED. EOR...

Disciplinary Report Type:    Formal

Has Inmate been placed on Awaiting Action Status     Yes [X]  No     []

Referred to DA     [] Yes     [X] No          Referred to DDU     [] Yes     [X] No

| | | | | |
|---|---|---|---|---|
| | | Date  20140722 | Time  14:07 | |
| eporting Staff | Ryan W Resendes | | | |
| Days off | Thu  Fri | | | |
| Shift | 7X3 | Date  20140805 | Time  14:22 | |
| Supervisor | David E Duarte | Date  20140805 | Time  14:22 | |
| Shift Commander | Raymond Turcotte | Date  20140806 | Time  08:08 | |
| Disciplinary Officer | Kurt S DeMoura | | | |

Results     GUILTY

Continuance Date  20141112          Projected Date

Continuance Length _____

| Offenses | Sanctions | Start Date | Unit | #of Units | Credits | End Date | Amount |
|---|---|---|---|---|---|---|---|
| | | | | | | | 0 |
| 2-07-Fighting with any person | NONE | | | | | | 0 |
| 2-24-Conduct which interferes with the security or | NONE | | | | | | |

*See Next pages*

20141114 11:55

Exhibit KG-23

# COMMONWEALTH OF MASSACHUSETTS
## DEPARTMENT OF CORRECTION

### DISCIPLINARY REPORT

| Inmate | RICE, JORDAN M | Commit No | W65429 | Location | 9 Block – Yard |
|---|---|---|---|---|---|
| Date | 20140722 | D- Report No | 315074 | Institution | MCI CEDAR JUNCTION |

| Category | Offense(s) |
|---|---|
| 2 | 07-Fighting with any person |
| 2 | 24-Conduct which interferes with the security or orderly running of the institution |
| 2 | 29-Attempting to commit any of the above offenses, making plans to commit any of the above offenses or aiding another person to commit any of the above offenses shall be considered the same as the commission of the offense itself |
| 3 | 05-Refusing a direct order by any staff member |
| 3 | 26-Use of obscene, abusive or insolent language or gesture |
| 3 | 27-Conduct which disrupts the normal operation of the facility or unit |
| 3 | 29-Attempting to commit any of the above offenses, making plans to commit any of the above offenses or aiding another person to commit any of the above offenses shall be considered the same as the commission of the offense itself |

**Description of Offense(s**

ON TUESDAY JULY 22, 2014 AT APPROXIMATELY 1:11PM I CO RESENDES DID WITNESS INMATE RICE, JORDAN ENGAGE IN A PHYSICAL ALTERCATION WITH INMATE PASQUALE, ANDREW (W102354).

ON TUESDAY JULY 22, 2014 AT APPROXIMATELY 1:11PM WHILE COVERING THE 9 BLOCK (BMU) YARD I CO RESENDES DID WITNESS INMATE RICE STRIKE INMATE PASQUALE WITH SEVERAL CLOSED FIST PUNCHES TO THE FACIAL AREA. INMATE RICE WAS GIVING SEVERAL DIRECT ORDERS TO STOP WHICH HE REFUSED. ALL PROPER AUTHORITIES NOTIFIED. EOR...

**Disciplinary Report Type:** Formal

**Has Inmate been placed on Awaiting Action Status** Yes [X] No [ ]

**Referred to DA** [ ] Yes [X] No    **Referred to DDU** [ ] Yes [X] No

| Reporting Staff | Ryan W Resendes | Date | 20140722 | Time | 14:07 |
|---|---|---|---|---|---|
| Days off | Thu  Fri | | | | |
| Shift | 7X3 | | | | |
| Supervisor | David E Duarte | Date | 20140805 | Time | 14:22 |
| Shift Commander | Raymond  Turcotte | Date | 20140805 | Time | 14:22 |
| Disciplinary Officer | Kurt S DeMoura | Date | 20140806 | Time | 08:08 |

**Results** GUILTY

**Continuance Length** _____ **Continuance Date** 20141112 **Projected Date** _____

| Offenses | Sanctions | Start Date | Unit | #of Units | Credits | End Date | Amount |
|---|---|---|---|---|---|---|---|
| 2-07-Fighting with any person | NONE | | | | | | 0 |
| 2-24-Conduct which interferes with the security or | NONE | | | | | | 0 |

20141114 11:55

*See Next pages*

# COMMONWEALTH OF MASSACHUSETTS
## DEPARTMENT OF CORRECTION

### DISCIPLINARY REPORT

| | | | | | |
|---|---|---|---|---|---|
| **Inmate** | RICE, JORDAN M | | **Commit No** W65429 | **Location** | 9 Block - Yard |
| **Date** | 20140722 | **D- Report No** 315074 | **Institution** | MCI CEDAR JUNCTION | |

orderly running of the institution

| | | | |
|---|---|---|---|
| 2-29-Attempting to commit any of the above offenses, making plans to commit any of the above offenses or aiding another person to commit any of the above offenses shall be considered the same as the commission of the offense itself | Dismissed | D | 0 |
| 3-05-Refusing a direct order by any staff member | NONE | | 0 |
| 3-26-Use of obscene, abusive or insolent language or gesture | Dismissed | D | 0 |
| 3-27-Conduct which disrupts the normal operation of the facility or unit | Dismissed | D | 0 |
| 3-29-Attempting to commit any of the above offenses, making plans to commit any of the above offenses or aiding another person to commit any of the above offenses shall be considered the same as the commission of the offense itself | Dismissed | D | 0 |

**Reviewing Authority** _____    **Date** _____    **Time** _____

_____

20141114 11:55

MASSACHUSETTS DEPARTMENT OF CORRECTION

DISCIPLINARY HEARING

INMATE: RICE, JORDAN M                    #: W65429    Unit/Cell/Bed: NINE BLOCK/110/A

REPORT #: 315074        DATE OF REPORT: 20140722            Type: Formal

REFERRED to DA:  No

OFFENSE:  2-07, 2-24, 2-29, 3-05, 3-26, 3-27, 3-29

DATE OF HEARING: 20141112            HEARING OFFICER: Donahue, Rebecca I

HEARING HELD AT:  9 BLOCK

1. The Inmate was given at least 24 hours notice of the hearing (if no,
   attach 24 waiver)        YES  X        NO              WAIVED

2. The Inmate is present before the hearing officer (if not, attach
   refusal to appear form) YES  X        NO              REFUSED

3. The inmate has been advised of his right to remain silent, since the offense
   charged has, or may be referred to the District Attorney. The inmate has
   been further advised that his silence may be used to draw an adverse
   inference against him, but his silence alone may not be
   used to support a guilty finding      YES              NO  X

4. The Inmate requested representation
   The Inmate is represented by an attorney/law student YES        NO  X
   Name of legal representative:

5. The Inmate requested the presence of the reporting staff
   The reporting staff person is present      YES  X        NO
   If the Inmate's request was denied, indicate the reason:

6. Inmate challenges impartiality of the Hearing Officer.  YES        NO  X
   If yes, state reasons why:

7. Witness: if None requested, check here
   A. REQUESTED BY INMATE: (If any witness request is denied, a written explanation of
                            the reasons must be included as part of the record)

        1      PASQUALE,ANDREW
        he attacked me

   WITNESS STATEMENT:

        1      PASQUALE,ANDREW
        declined to participate

   B. REQUESTED BY HEARING OFFICER:
   ****************************************************************************
   Reason For Exclusion Of Witnesses And/Or Evidence

8. Presentation of evidence:
   A. Inmate Statement
   PLEA: Not Guilty

   Statement in defense(summary):

   A hit was placed on my life by CO Ryan Resendes and CO Jason Badger
   because I am seeking their DNA to prove that they biologically tortured

MASSACHUSETTS DEPARTMENT OF CORRECTION

DISCIPLINARY HEARING

INMATE: RICE, JORDAN M                #: W65429    Unit/Cell/Bed: NINE BLOCK/110/A

me. They are trying to get me to plead guilty to the Kasprzak case. They allowed this man to break the fence and enter my cage, I had to use self defense. He had three weapons, two razors in his mouth and a knife that he made from the fence. I had to use self defense. They knew it was happeneing, didn't do anything. His was referred to DDU, it was on the radio. I was placed in a situation where I had to defend myself. I got his weapon and could have used it but I didn't. He didn't get a chance to take the razors out of his mouth. It was self defense, I want to do this program so I didn't seriously injure him.

B. Reporting Staff Person's Statement:
The reporting officer verified the report as an accurate account of the incident. He states: I remember Pasquale went through the cage and entered Rice's cage. I did not recover the weapon. I saw the weapon, Rice didn't have it. I saw Pasquale swinging a pick type weapon. Rice hopped on him 3/4 of the way through and then they fell. He would have come through. He was aggressively defending himself. Chemical agent was applied to both of them. Rice went to the back of the cage and Pasquale went to the front. I don't know what he would have done.

C. Disciplinary Officer Statement:


D. Other Statements: (If witness has been denied, indicate reasons for

*****************************************************************************

E. Documentary Evidence:
In addition to the Disciplinary Report; The Hearing Officer accepted into evidence, and considered the following documents, physical evidence, photographs/video tapes:

photocopies of pictures-15; incident reports-1262878, 1262883, 1262904, 1263152, 1267645, 1267648, 1267651, 1267654, 1267655, 1267657, 1267658, 1267669, 1267685, 1267698, 1267701, 1267829, 1267833, 1268149, 1268151, 1268185, 1268566

Evidence Submitted by Inmate

Statement Of Evidence Relied Upon To Support Findings:
Based on the officer's written report along with his testimony at the hearing and the incident reports submitted as evidence, which clearly establish that inmate Rice was observed throwing closed fist punches at another inmate (2-07), and refused several orders to stop (3-05), making an emergency response and use of chemical agent necessary (2-24). The inmate's testimony was considered, however, using the standard of a preponderance of the evidence, as codified in 103CMR430, it appears more likely than not that the proponent's contention is true. All other charges are dismissed as duplicative.

## MASSACHUSETTS DEPARTMENT OF CORRECTION

## DISCIPLINARY HEARING

INMATE: RICE, JORDAN M                    #: W65429    Unit/Cell/Bed: NINE BLOCK/110/A

Sanction Rationale
**None given.**

The Inmate has been advised of the Hearing Officer's decision & a copy of document has been delivered to the Inmate.

The Inmate has been advised of his/her right to appeal this decision within 15 days of his/her receipt to the Superintendent:        **Yes**

Staff Signature  **Donahue, Rebecca I**       Date 11/19/14     Time

Dear Ladies,

   Hello,my name is Jordan. I'm seeking someone to correspond
with. I'm wrongfully convicted but have newly discovered evidence
proving my innocence so I hope to be out in the very near future!
I strive everyday to stay positive despite the daily realities of
prison.

   My interest are weight training, running, cooking, dining out,
traveling and much more! I enjoy reading self-help, biographies
and a variety of non-fiction books. I am a Iron Worker by trade.
I never been married. Nor have I Fathered any children!

   Due to my injustice; I've become an autodidact in regards to
the law, and found I truly enjoy in-depth learning of new topics
and other cultures! Though prison is not how I would have liked
to learn of law, it has benefited me in reevaluating my life and
STOP wasting time on the superficial!

   Thank you for your time, and I look forward to corresponding
with positive like minded individuals.

   You can reach me snail mail at the address listed below. Or
you can E-Mail me at: www.CorrLinks.com

Sincerely Yours,
Jordan M. Rice - W65429
Old Colony Correctional Center
1 Administration Road
Bridgewater, MA. 02324

Dear Ladies,

    Hello, my name is Jordan and currently I am wrongfully incarcerated but have newly discovered evidence to prove my innocence! If your interested in hooking up thru "EXOTIC CORRESPONDENCES & HOT PHONE SEX" then I am your MAN! We can share our guilty fantasies while I am incarcerated and upon my release we can make ALL OUR HOT EXOTIC GUILTY PLEASURES COME TRUE!!!

    I am a 40 year old African-American Male, 5'-11", 195 pounds with Coco-Brown skin, Dark Brown eyez, 9 1/2 inch DICK, a clean shaved Bald head and extemely passionate! I've never been married. Nor have I fathered any children but I am VERY able too!

    If your interested in making XXX-Rated contact with this Chocolate Stud then you can reach me either snail mail at the address listed below or via E- Mail at: www.CorrLinks.com

    I hope to hear from you BABYGIRL!

Sincerely Yours,
Jordan M. Rice - W65429
Old Colony Correctional Center
1 Administration Road
Bridgewater, MA. 02324

not responding [illegible] were in the are where [illegible] by [illegible] with grip upon Pasquarriciw) neck. I secure the [illegible] weapon and [illegible]

Surgus per his request. Borgia had nothing to do w/ this set up?

I want [illegible] to know that I am writing State Officials, Federal Officials and media reporters to let them know now your DOW Staff continues to place hits on my life. of Aryan Nation Prisoners that has [illegible] it kill or be killed situations so if and when I kill ONLY in self-defense of my life. ill these past correspondences will control the [illegible] narrative in the media and not the Doc. propaganda machine. ONLY death will spotlight your people, as the American Nazi pigs these people are as with the murder of Prisoner John Creighton and I have Cnewide DNA so prepare yourselfs for the coming indelible storm b/c after [illegible] it life will never be the same on the Doc. ! WHEREFORE, I request a probe into this matters along with [illegible] preserving any and all your video from July 22, 2014 for investigation purposes? I will be seeking the video's in court.

Thank you for your attention to this matter

Respectfully Submitted

CC: Michael Morrissey, Norfolk County D.A
    Emogene Smith, Judge
    Rice Family
    Enclosure

Exhibit No. 22

| Name | RICE JORDAN M | | Institution | MCI CEDAR JUNCTION | |
|---|---|---|---|---|---|
| Number | W65429 | Housing   NINE BLOCK | Appeal Date | 17-APR-15 | Date Of Grievance   18-MAR-15 |

Appeal Received Date   22-APR-15

**Appeal**

I now appeal the denial of grievance no. 79557 where the coordinator held "partial approval". "Alligations against staff were reviewed and were are without merit however you ERS status was reviewed and you have subsequently been removed." I now reiterate my grievance: Since July 22, 2014, to the present (March 18, 2015) I have been on extra restraint staus (EBS) which I souldn't never been placed on b/c c/o Ryan Resendes and c/o Jason Badger arranged the 7/22/14 hit on my life where they allowed their Aryon Nation Prisoner hitman Andrew Pasquale to breach the yard cage to enter my cage and he attempted to murder me via stabbing me but due to my Zulu fighting skills I successfully defended myself w/o sustaining injury. Now I an being kept on ERS so I can be murdered while in full restraints in the yard as both rogue guards set me up to be murdered again unsuccessfully on Dec. 1, 2014 where I was assaulted by another said hitman b/c I refuse to-go to the yard on ERS status. I am in a kill or be killed situation b/c 3 unsuccessful hits been placed on my life.

**Remedy Requested**

Order I be removed off ERS status so I can go to the yard? I haven't been in the yard since July 22, 2014 w/ the exception of one time:

**Staff Recipient**   Dubois Marc D  CO II

**Signature**

## DECISION BY SUPERINTENDENT

| Appeal Received Date   22-APR-15 | Decision Date   14-MAY-15 | Decision   DENIED |
|---|---|---|

**Decision By**   Saba James J  SUPERINTENDENT

**Reasons**   I concur with the IGC. Additionally, you are currently not on extra restraint status. I encourage you to remain in compliance with the institution?s rules and regulations so that you do not have to be placed on extra restraint status in the future.

**Signature**

_James Saba (IGC)_   Date   5/14/15

## INMATE RECEIPT

| Inmate's Name   RICE'JORDAN M | Institution   MCI CEDAR JUNCTION |
|---|---|
| Number   W65429 | Appeal Received Date   22-APR-15 |
| Staff Recipient   Dubois Marc D  CO II | |

**Superintendent's Signature**

| Name | RICE JORDAN M | | | | |
|---|---|---|---|---|---|
| Number | W65429 | Housing | NINE BLOCK | Appeal Date | 11-OCT-13 |

Appeal Received Date    16-OCT-13

**Appeal**

I now appeal the denial of Grievance Form No. 68646 where coordinator Stork states "Pursuant to 103 CMR 491. Inmate Grievances you have 10 working days from the date of the incident or 10 working days from the date you become aware of an incident to file a grievance. you indicate an incident date of 9/30/13, however you make allegations on 9/5/13 through informal complaints, while on grievance suspension, and did not file your grievance until 10/1/13 which clearly exceeds the time limits." I now restate my grievance: My mother, Blenda Rice has sent me 2 articles of certified mail 1) No(s) 7012 2210 0000 2831 7565 and 2) No(s) 7012 2920 0001 9280 which were received by the prison but still to date I am not in receipt of and my mother has the return receipts. Lt Pat Morrissey intercepted b/c 1) I refuse to plead guilty to assaulting SGT Mike Kasperzak in court & 2) I filed a lawsuit attempted to attain c/o Marc Glazebrook, Kasperzak among other rogue guards DNA to prove the Nazi biological torture of me which will lead to a scandal that guards will loose their jobs over so I must cbe cut off from the outside world.  The prison certified mail log book will confirm I never received/signed for those articles of mail. Also the U.S. Post Office website will confirm that both articles were received by this prison website address www.usps.com

1) Blenda Rice on Aug. 19, 2013.  And articles placed in the mail box by c/o Mike Lontok on Aug. 30, 2013; 3) Blenda ricee n Sept. 2, 2013 collected by c/o Brown; 4) Pam Stewart & 5) Ruby Phillips on Sept. 25, 2013 collected by c/o Pakuris

**Remedy Requested**

To reinstate this grievance and grant the remedy b/c I filed it at my earliest opportunity. Also to order my 2 articles of said mail be given to me?  If they cant be located then forward this matter to the internal Affairs unit?  Also please note BMU staff has state the names of Stephanie Hunt, Leslie Thompson, Kameka Blount, Stephanie Thompson & others) along w/given their mail to other prisoners allegedly.  I filed informal complaint form in regard tot his matter to no avail.

**Staff Recipient**    Stork Robert E  CO II

**Signature**

## DECISION BY SUPERINTENDENT

Appeal Received Date    16-OCT-13    Decision Date    24-OCT-13    Decision    DENIED.

**Decision By**    Saba James J  SUPERINTENDENT

**Reasons**    concur with the IGC.

**Signature**    _James Saba_                     Date    _October 24 2013_

## INMATE RECEIPT

**Inmate's Name**    RICE JORDAN M        **Institution**  MCI CEDAR JUNCTION

**Number**    W65429                **Appeal Received Date**    16-OCT-13

**Staff Recipient**    Stork Robert E  CO II

**Superintendent's Signature**

Attachment I

**COMPLETED**

14511(a)

COMMONWEALTH OF MASSACHUSETTS
DEPARTMENT OF CORRECTION
INFORMAL COMPLAINT FORM

Inmate Name _Jordan River_   Commitment # _W65474_   Incident Date _Dec. 7, 2014_
Institution _MCI C/J_    Housing Unit _BMU_

Part No. 7 cot 3

CHECK OFF AREA OF CONCERN (one issue per form allowed)

___ HOUSING ASSIGNMENT/STATUS   ___ LAUNDRY   ___ PROGRAMS   ___ MAIL   ___ FOOD
___ CLOTHING/LINEN EXCHANGE   ___ RELIGION   ___ PROPERTY   ___ VISITS   Assault and failure
___ LEGAL EXCHANGE   ___ LIBRARY   ___ PHONE   _✓_ OTHER: _To protect_

State completely, but briefly, the single issue of concern and your requested resolution On Dec. 7, 2014, at approx. 1:30p when I [illegible] Sgt. Chris Parker and Jason Badger did place a hit on my life of my liked enemy Artois Nathan [illegible] [illegible] followed BMU staff into Large an hand cuff key while being run in the pre shower change area BMU staff to abandon the restraint change area so I any could remove this leg shackles which he did while I recently did place the handcuffs and leg shackles on extremely tight and said to me today o [illegible] I am covering for the DNA Lawsuit DNA Restraining order and Happ2014 case dismissed. That I Slapped out my arm in full hand cuff [illegible] restraints and turned the corner where I any come at me with a [illegible] corn which where he hit me in the face and head with it removed [illegible] and stabbed me in the face with and excessive after it broke while this assault occurred Kasendra Parker and Badger while the arm team are in Navy Kelt that prices for further us over for the Kaspersal case DNA Lawsuit and DNA Restraining order Parkers stated "Let me help you Kill that [illegible] so no assaulted once more in the face with chemical agents which is all while I was in [illegible] said full restraints being unassaulted by I any whom was [illegible] sprayed. Then I any and I fell to the ground.

List any previous steps you have taken to resolve your concern I filed an letter grievance b/c I can't get back copies of these complaints of my grievance form

_____

(Use other side of page if more space is needed)

Inmate Signature _[signature]_    Date _12/2/14_

*Note: If you follow instructions in preparing your request, it can be addressed more readily. Your complaint will be reviewed and replied to within ten (10) business days from the date of receipt.*

DO NOT WRITE BELOW THIS LINE (Reserved for Staff Response)

Received By _Kathleen O'Brien_    Date Received _12-8-14_

**DECISION**

Complaint:   Has merit___   Has some merit___   Has no merit___   N/A  _X_

Resolution:   Granted___   Partially Granted___   Denied___   Alternate Resolution Offered _X_   N/A___

Comments: Due to the nature of your complaint and the need for prompt attention due to Staff allegations, I am forwarding this informal to the Superintendent's Office for review and whatever action is deemed appropriate, therefore concluding the informal process.

Decision By _Kathleen O'Brien_    Date _12-8-14_

Attachment I

14.51(b)

## COMMONWEALTH OF MASSACHUSETTS
### DEPARTMENT OF CORRECTION
### INFORMAL COMPLAINT FORM

Inmate Name _Jaden Rice_    Commitment # _W43749_    Incident Date _Dec 1, 2014_

Institution _MCI 4.73_    Housing Unit _BMM_

Part No. 2 of 3

---

CHECK OFF AREA OF CONCERN  (one issue per form allowed)

____ HOUSING ASSIGNMENT/STATUS    ____ LAUNDRY    ____ PROGRAMS    ____ MAIL    ____ FOOD

____ CLOTHING/LINEN EXCHANGE    ____ RELIGION    ____ PROPERTY    ____ VISITS    Assault & Failure

____ LEGAL EXCHANGE    ____ LIBRARY    ____ PHONE    X OTHER:    To Protect

---

State completely, but briefly, the single issue of concern and your requested resolution _there's no b.t in the back of the neck. Resendes did assaulted me via twisting back my left wrist which is now swollen and I believe broken. Plus, due to the Resendes assault, there are deep indents, hardens, my serum on my left wrist and head. Due to the Long assault, I received numerous facial and head injuries. Next, I was moved to the shower where Resendes continued to assault me via twisting back my left wrist. I was given a shower to wash off the chemical op agent where my bedding, left wrist, 7 wrist, 7 was given a shower to wash off the chemical op agent where my cell and left wrist 7 was given personal purchased items i.e. tv, radio, t.p. and sneakers. 10th as also seized by this IPS including my personal purchased items i.e. tv, radio, t.p. and sneakers. Msi IPS officer Matthew Burgess did take pictures of my injuries caused by Law but not the injuries caused by Resendes. 7 was never intervened with at all thru assault. 7 was never intervened with at all thru assault. Placed in assault/cell w/all the way to the assault cell will Resendes continued to assault me via further injuries. Then Resendes stated to Law "Hey don't worry you will get no less than 2 years w/o hoe for this. 7 will make sure the IPS finds all the fingerprints w/a finger print. Leave clothes for evidence in you don't have to turn in shirt and 7 will have IA Flan make sure Rice, cut the ties to the right side so they cant stay in the left side, that's for working with us. Nest we will get Rice up to be stabbed to death while in the left side._

List any previous steps you have taken to resolve your concern
_I filed an informal grievance b/c I didn't get back copies of these complaints_
_grievance to me_

(Use other side of page if more space is needed)

Inmate Signature _____    Date _12/2/14_

Note: If you follow instructions in preparing your request, it can be addressed more readily. Your complaint will be reviewed and replied to within ten (10) business days from the date of receipt.

---

DO NOT WRITE BELOW THIS LINE (Reserved for Staff Response)

Received By _____    Date Received _____

#### DECISION

Complaint:    Has merit ____    Has some merit ____    Has no merit ____    N/A ____

Resolution:    Granted ____    Partially Granted ____    Denied ____    Alternate Resolution Offered ____    N/A ____

Comments _____

Decision By _____    Date _____

Attachment I

14-511(c)

# COMMONWEALTH OF MASSACHUSETTS
## DEPARTMENT OF CORRECTION
### INFORMAL COMPLAINT FORM

Inmate Name __J. Din Rice__  Commitment # __W85494__  Incident Date __Dec. 1 & 2, 2014__

Institution __MST C17__  Housing Unit __BMV__  Part #No. 3 of 3

CHECK OFF AREA OF CONCERN (one issue per form allowed)

____ HOUSING ASSIGNMENT/STATUS    ____ LAUNDRY    ____ PROGRAMS    ____ MAIL    ____ FOOD

____ CLOTHING/LINEN EXCHANGE    ____ RELIGION    ____ PROPERTY    ____ VISITS    __X__ OTHER: Assault & Failure to Protect

____ LEGAL EXCHANGE    ____ LIBRARY    ____ PHONE

State completely, but briefly, the single issue of concern and your requested resolution _(4) Restraints because we_
_went to turn our cells over their in over 8 hours our DNA, towels clothes were never taken for evidence_
_despite blood in them which they are within the report left this door teary aware. On Dec. 2, 2014 @ 9pm_
_I was left my cell light on but kept lights off till #0 Domenico had under my cell seizing my radio and_
_earphones which I didn't do anything wrong to my said privacy should've remained in my cell. Also I was_
_given sneakers that aren't mine. I want the bees and spiders were serviced. Such as the hallway_
_destruction of Recorder and floors WITHOUT FURY. I request a probe into these matters copy w/_
_my cell and unit video, from Dec. 1 and 2, 2014 preserved for investigative purposes? Replace my_
_entire tv card new batteries so called. Or be given back my Radio and headphones/_
_and I'd i's photograph the injuries to my left wrist due to the defendants assault._

List any previous steps you have taken to resolve your concern
_I filed on both grievances. b/c I don't get back copies of these complaints_
_or my grievances from me_

(Use other side of page if more space is needed)

Inmate Signature __[signature]__  Date __12/2/14__

Note: If you follow instructions in preparing your request, it can be addressed more readily. Your complaint will be
reviewed and replied to within ten (10) business days from the date of receipt.

DO NOT WRITE BELOW THIS LINE (Reserved for Staff Response)

Received By _____  Date Received _____

## DECISION

Complaint:  Has merit ____  Has some merit ____  Has no merit ____  N/A ____

Resolution:  Granted ____  Partially Granted ____  Denied ____  Alternate Resolution Offered ____  N/A ____

Comments _____

_____  Date _____

*Rcvd 2/9/15*

...achusetts Department of Correction
Health Services

## SICK CALL REQUEST FORM

Name: _Jordan Riel_    ID#: _W45409_    Unit #: _BMU_

Date of Birth: _4 73_    Date: _2 9 15_    Check ONLY One Box:

☑ Medical
☐ Dental
☐ Mental Health

Nature of problem or request: _Pain in head, headaches NO GUIZING a memory lost due to the Feurt Sgt Chris Pacheco, Rijen responded Jason Bader set me up to Bo assaulted while in Full restraint by a white prisoner in reprisal or heumy orders. NA to prove & trying to get DNA testing to prove the Juarisity NA turture wt_

I consent to be treated by the healthcare staff for the condition described above.    Date: _2/9/15_

Inmate Signature: _____

***DO NOT WRITE BELOW THIS AREA - PLACE THIS SLIP IN MEDICAL BOX OR DESIGNATED AREA***

| Date/Time Received | Referred to: | ☐ Nurse    ☐ Provider<br>☐ Mental Health    ☐ Dental    ☐ Other |
|---|---|---|
| | Institution: _____ | Slip Sorted By: _____ |
| | ☐ Emergency    ☐ Urgent    ☐ Routine    ☐ Administrative | |

Subjective:

Objective:    T _____ P _____ R _____ B/P _____ W/T _____

Assessment:    *Exhibit No. 63*

Plan:

Signature & Title _____    Date: _____    Time: _____

# COMPLAINT FOR PROTECTION FROM ABUSE

(G.L. c. 209A) Page 1 of 2

COURT USE ONLY – DOCKET NO. 1457A0-221

TRIAL COURT OF MASSACHUSETTS

| | | |
|---|---|---|
| A ☐ BOSTON MUNICIPAL COURT | ☒ DISTRICT COURT | ☐ PROBATE & FAMILY COURT | ☐ SUPERIOR COURT | DIVISION |

**B**

Name of Plaintiff (person seeking protection)
Jordan Rice
P.O. Box 100
South Walpole, Ma. 02071

Name of Defendant (person accused of abuse)
Ryan Rasavong
P.O. Box 100
So. Walpole, Ma. 02071
Defendant's Alias, if any
Sex: ☒ M ☐ F

(RECEIVED stamp) OCT 9 2014

**C** 
☒ I am 18 or older.
☐ I am under the age of 18, and _____ has filed this complaint for me.

The Defendant and Plaintiff:
☐ are currently married to each other
☐ were formerly married to each other
☐ are not married but we are related to each other by blood or marriage; specifically, the Defendant is my _____ (relationship to Plaintiff)

my _____

**g**
☐ The Defendant is 18 or older.
☐ are the parents of one or more children
☐ are not related but live in the same household
☐ are formerly members of the same household
☐ are or were in a dating or engagement relationship

**D** To my knowledge, the Defendant possesses the following guns, ammunition, firearm identification card, and/or license to carry:

**F** Are there any prior court actions in any state or country involving the Plaintiff and the Defendant for divorce, annulment, separate support, legal separation or abuse prevention? ☒ No ☐ Yes. If Yes, give Court, type of case, date, and (if available) docket no.

**H** Does the Plaintiff have any children under the age of 18? ☐ Yes ☒ No. If Yes, the Plaintiff shall complete the appropriate parts of Page 2.

**I** On or about (date(s)) ☒ Aug 30 2013, 2013 , May 31, May 16 2014 , July 18 , 2014 I suffered abuse when the Defendant:
☒ attempted to cause me physical harm
☒ placed me in fear of imminent serious physical harm
☒ caused me to engage in sexual relations by force, threat or duress
☒ caused me physical harm

**THEREFORE, I ASK THE COURT:**

1. ☒ to order the Defendant to stop abusing me by harming, threatening or attempting to harm me physically, or placing me in fear of imminent serious physical harm, or by using force, threat or duress to make me engage in sexual relations.

2. ☒ to order the Defendant not to contact me, unless authorized to do so by the Court.

3a. ☒ to order the Defendant to leave and remain away from my residence: See Plaintiff Confidential Information Form. If this is an apartment building or other multiple family dwelling, check here ☐

3b. ☒ to order the Defendant to leave and remain away from my workplace: See Plaintiff Confidential Information Form.

3c. ☐ to order the Defendant to leave and remain away from my school: See Plaintiff Confidential Information Form.

4a. ☐ to order that my residential address not appear on the order.

4b. ☐ to order that my workplace address not appear on the order.

4c. ☐ to order that my school address not appear on the order.

5. ☒ to order the Defendant to pay my $100,000,000.00 in compensation for the following losses suffered as a direct result of the abuse: Exhibit No. 641

6. ☐ to order the Defendant, who has a legal obligation to do so, to pay temporary support to me. (You may not obtain a temporary Order from a Boston Municipal, District or Superior Court if there is a prior or pending Order for support from the Probate and Family Court.)

7. ☐ to order the relief requested on Page 2 of this Complaint pertaining to my minor child or children.

8. ☐ to order the following: _____

9. ☒ to order the relief I have requested, except for temporary support for me and/or my child(ren) and for compensation for losses suffered, without advance notice to the Defendant because there is a substantial likelihood of immediate danger of abuse. I understand that if the Court issues such a temporary Order, the Court will schedule a hearing within 10 court business days to determine whether such a temporary Order should be continued, and I must appear in Court on that day if I wish the Order to be continued.

DATE 9/24/14 [X signature] PLAINTIFF'S SIGNATURE

Please complete affidavit on reverse of this page

This is a request for a civil order to protect the Plaintiff from further abuse. The Defendant may also be subject to criminal penalties. If the Defendant has also committed a crime by his/her alleged abuse and you wish to file a criminal complaint, you can talk with the District Attorney's Office for the location where the alleged abuse occurred.

| NOTICE TO THE PARTIES | DOCKET NUMBER 1457RO000271 | Trial Court of Massachusetts District Court Department  |
|---|---|---|

CASE NAME   Jordan Rice v. Ryan Resendes

ATTORNEY (OR PRO SE PARTY) TO WHOM THIS COPY OF NOTICE IS ISSUED

Jordan Rice

COURT NAME & ADDRESS

Wrentham District Court
60 East Street
Wrentham, MA 02093

## TO THE PARTIES TO THIS CASE:

The Court has made the following docket entry in this case.

02/18/2015  Complaint denied; no restraining order to issue.

Johnson Smith, Hon. Emogene

\*\*\*NOTICE TO PLAINTIFF ONLY.\*\*\*

*Exhibit No. 65*

DATE ISSUED
February 19, 2015

CLERK-MAGISTRATE/ASST. CLERK
Edward J Doherty

Date/Time Printed: 02-19-2015 10:08:14

015

Jordan Rice - W[C](BB?)
BMU cell #108

Michael Rodrigues, Superintendent
MCI Cedar Junction

June 20, 2016

RE: Letter Grievance - Failure To Protect

Dear Sir

Hello, on June 16, 2016, Prisoner William Miller was placed back on the tier with me after he assaulted me and does have his radio and Tv in which (A) he shouldn't be on the tier w/ me, (B) shouldn't have a radio until June 23, 2016 and (C) shouldn't have a Tv until July 16, 2016, at the earliest

Over the weekend (i.e June 17-19, 2016) Miller claimed (A) he has Tv and radio privileges as payment for trying to infect me, (B) He will try to infect me again, (C) if I file an complaint I would be set up to take my phrase again and (D) I would be infected with his hiv, herpes and hepatitis "C" WHEREFORE, I request: (A) Miller's radio be seized, (B) Miller's Tv turned off and (C) Miller moved to the right side tier? Your administration is failing to protect me with Miller and I on the tier together where he is/has threaten to infect me which has me in a kill or be killed situation? Please review Miller's cell video from June 16-20 2016

Thank you for your attention to this matter

Respectfully

CC: Liz, BMU Coordinator
Enclosure

Exhibit No. 98



## Trial Court of the Commonwealth
### Wrentham District Court

60 EAST STREET
WRENTHAM, MASSACHUSETTS 02093

EMOGENE JOHNSON SMITH
*First Justice*

EDWARD J. DOHERTY
*Clerk-Magistrate*
LILLIAN AMARU
*Chief Probation Officer*

TEL: (508) 384-3106
FAX: (508) 384-1978
TDD/TTY: (508) 384-8270

February 18, 2015

Mr. Jordan M. Rice
C/o Ms. Brianna Adams
177 Battles Farm Drive
Brockton, MA 02301
RE:  1457RO-271

Mr. Rice,

Please note that your request for a restraining order against Officer Ryan Resendes is DENIED. Please see attached letter from Ellen S. Shapiro, Deputy Court Administrator.

Sincerely,

Hon. Emogene Johnson Smith

Exhibit No. 94

14 RO 271



# Trial Court of The Commonwealth
## District Court Department

Administrative Office
Edward W. Brooke Courthouse
24 New Chardon Street, First Floor
Boston, MA 02114-4703

TEL: (617) 788-8810
FAX: (617) 788-8985
TTY: (617) 788-8809

Paul C. Dawley
*Chief Justice*

January 26, 2015

Mr. Jordan M. Rice
c/o Ms. Brianna Adams
177 Battles Farm Drive
Brockton, MA 02301

Dear Mr. Rice,

Your correspondence to the Wrentham District Court has been forwarded to this office for response. In your letter, you complain that the court has not docketed or responded to your request for a G.L. c. 209A petition or your accompanying motions.

There are two factors of which you should be aware. First, and most importantly, General Laws chapter 127, section 38F, provides in part as follows: "An inmate **shall not file** any claim that may be the subject of a grievance under section 38E unless the inmate has exhausted the administrative remedy established pursuant to said section 38E . . . .". (Emphasis added.) Once a grievance has been decided (and appealed, if necessary), judicial review may be sought in the superior court in accordance with G.L. c. 30A, sec. 14. However, any complaint that does not demonstrate the exhaustion of available administrative remedies (i.e., a final decision on a grievance) "shall not be accepted for filing." G.L. c. 127, § 38H.

If you have not exhausted your administrative remedies and demonstrated this, the clerk's office cannot accept your papers for filing.

Additionally, even had your papers been accepted and placed before a judge, G.L. c. 209A, § 1, proceedings are limited to "family or household members," defined as persons who:

(a) are or were married to one another;
(b) are or were residing together in the same household;
(c) are or were related by blood or marriage;
(d) having a child in common regardless of whether they have ever married or lived together; or
(e) are or have been in a substantive dating or engagement relationship . . . .

Exhibit No. 95 - Pg. No 1 of 2

As there appears to be no such relationship between you and Mr. Resendes, this type of relief would not be available to you under the circumstances.

I hope that this information has been useful to you.

Sincerely,

Ellen S. Shapiro
Deputy Court Administrator

Exhibit No. 95 - Pg. No. 2 of 2

Exhibit No. 13 2. Pg. No. 1 of 1

Bmu. cell #108

Michael Rodriguez, Superintendent
Mci Cedar Junction

Aug. 21, 2016

Re: Letter Grievence

Dear Sir,

Hello, on Aug. 21 2016, yard was conducted in numerical order until it was my turn to be stripped for it c/o Thibault walked by my cell door skipping me going to Prisoner Dominic Juyee stating "Rice, Redd's got something special planned for you", which they video will prove. Then about a minute later at apprx. 8:52am c/o James Redd III came to my cell door where I put my clothes on the top slot and sneakers on the bottom slot. Redd took my clothes to search them he purposely threw them on the ground in my cell thru the top slot which he did the something with my sneakers which the sneakers are suppose to go thru the bottom slot. He partially put his hand in my cell door slot which is all captured on my cell video. Then he said "That's for telling the count in the Kosprecik case and the FBI that I am one of the c/o's you want dna from because you believe I spit in your juice and mail out it to your Mother or wife, we will kill you nigger if you don't shut up because we will loose our job." Next I called mental health crisis but was denied it. In fact, I was told to kill myself by c/o Thibault of 9:02am and 10:02am and Redd at apprx. 9:30am whom also both said we gave extra yard time to other prisoners because your not out there" Prisoners were outside 2 times. I refused to go out after Redd's threats and actions to avoid an physical altercation bc I was extremely mad! WHEREFORE, I request a probe into this matter along w/ preserving my cell and their video's for investigation purposes?

Thank you for your attention to this matter

Respectfully

# COMMONWEALTH OF MASSACHUSETTS
## DEPARTMENT OF CORRECTION
## INMATE GRIEVANCE FORM
### FORWARD TO INSTITUTIONAL GRIEVANCE COORDINATOR (IGC)

| | | | | |
|---|---|---|---|---|
| Name RICE JORDAN M | Grievance# 90929 | Institution MCI CEDAR JUNCTION | | |
| Commit No. W65429 | Housing BMU/NINE BLOCK | | Date Of Incident 20160821 | Date Of Grievance 20160821 |

**Informal filed** No

**Complaint**
On Aug. 21, 2016, yard was conducted in numerical order until it was my turn to be stripped for it. c/o Thibault walked by my cell door skipping me going to prisoner Dominic Joyce stating "Rice, Redd's got something special planned for you" which tier video will prove. Then about a minute later at approx. 8:52am c/o James Redd III came to my cell door where I put my clothes on the top slot and my sneakers on the bottom slot. Redd took my clothes to search them he purposely threw them on the ground in my cell thru the top slot which he did the something with my sneakers which the sneakers are suppose to go thru the bottom slot. He particlly put his hand in my cell door slot which is all captured on my cell video. The he said "Thats for telling the court in the Kasprzak case and the FBI that I an on of the c/o;s you want dna from because you believe I spit in your juice and mail out it to your mother or wife. We will kill you nigger if you don't shult because we will lose our jobs." Next I called mental health crisis but was denied it. In fact, I was told to kill myself by c/o Thibault at 9:02 am and 10:02 am and Redd at approx 9:32am

**Remedy Requested**
I request a probe into this matter along w/ preserving my cell and tier videos for investigation purposes.

**Staff Recipient** Dubois Marc D  CO II

**Staff Involved**
Redd James  Jr. CO III
Thibault Christopher M  CO I

**Signature**

---

## RECEIPT BY INSTITUTIONAL GRIEVANCE COORDINATOR

**Date Received** 20160823     **Decision Date** _____

**Signature** _____

**Final Decision** _____

**Decision** _____

**Signature** _____     **Date** _____

Denied grievances may be appealed to the Superintendent within 10 working days of Institutional Grievance Coordinator's decision.

---

## INMATE RECEIPT

| | | | |
|---|---|---|---|
| Name | RICE JORDAN M | Institution | MCI CEDAR JUNCTION |
| Commit No. | W65429 | Grievance# 90929 | Date Received 20160823 |

**Signature.** Dubois Marc D  CO II

Exhibit No 132 - Pg. No. 2 of 2

Exhibit No. 136

BMU. Cell # 108

Michael Rodrigues, Superintendent
mci cedar Junction

Aug. 22, 2016

RE: letter Grievances

Dear Sir,

Hello, on Aug. 22, 2016 - That approx. 7:54 am I, James Redd III came on the tier opening Prisoner William Millers cell do slot stating "I just get the breakfast tray with semen in it it to put in Jordan's food". Please note, breakfast tray's had already been collected, 2) I smelled chemical agent cel approx. 10:10am, 3) while cuffing me up to go to the yard C/o Redd attempted to scrape my left wrist with the handcuffs; 4) Then after yard was completed BMU staff attempted to set me up for a physical altercation, myself and Billy Miller were the last two prisoners in the yard, C/o Redd took Miller in from the yard. Then the guard who was suppose to take me in never came to take me in. C/o Redd came to cuff me up where he put the cuffs on one click which was means the cuffs were on extremely loose. Then we entered the unit and his father, Lt. James Redd, were standing watching us. Then we got on the tier where C/o Redd said "Hey slip the cuffs and lets fight over the spit in the juice instead of you ratting to the FBI and to the events in lawsuits. Please note, this was a set up and I don't believe Lt. Redd was assigned to the BMU but if he was a father and son shouldn't be working the same unit. WHEREFORE, I request a probe into these matters along with preserving my cell, tier, Unit and yard video's for investigation purposes?

Thank you for your attention to this matter

Respectfully

# COMMONWEALTH OF MASSACHUSETTS
## DEPARTMENT OF CORRECTION
## INMATE GRIEVANCE FORM
### FORWARD TO INSTITUTIONAL GRIEVANCE COORDINATOR (IGC)

| | | | |
|---|---|---|---|
| Name  RICE JORDAN M | Grievance#  93851 | Institution MCI CEDAR JUNCTION | |
| Commit No. W65429 | Housing  BMU/NINE BLOCK | Date Of Incident  20161225 | Date Of Grievance  20161225 |

**Informal filed Complaint** No

On Dec. 25, 2016, my christmas lunch meal i.e,. Turkey, stuffing, ,ash potatoes, Gravey and cran berry sauce) was contaminated with bodily fluids, chemical agent or other type of agent which was given to me by c/o shris Thibault. Please note Sgt. Dankovich [sic]  walked by my cell dorr stating to me "you ate christmas spit". If there was dna in my food it belongs to one or more of the following c/o Thibault, Sgt. Dankovich [sic], c/o Aron Valla or c/o luvett whom worked in the Bmu on christmas day, food made my body shake and left an odd taste in my mouth

**Remedy Requested** To probe this matter along with preserving my cell tier and unit videos for investigation purposes?

**Staff Recipient** Dubois Marc D  CO II

**Staff Involved**
Valla Aron D  CO I
Dankievitch John A  CO II
Thibault Christopher M  CO I
Leavitt Brian A  CO I

**Signature**

---

## RECEIPT BY INSTITUTIONAL GRIEVANCE COORDINATOR

**Date Received** 20170106     **Decision Date**

**Signature**

**Final Decision**

**Decision**                                    **Date**

**Signature**

Denied grievances may be appealed to the Superintendent within 10 working days of Institutional Grievance Coordinator's decision.

---

## INMATE RECEIPT

| | | | |
|---|---|---|---|
| | | | Institution MCI CEDAR JUNCTION |
| Name  RICE JORDAN M | | | |
| Commit No.  W65429 | Grievance#  93851 | Date Received  20170106 | |
| Signature.  Dubois Marc D  CO II | | | |

Exhibit No. 317

Exhibit No. 318                              Jordan Rice-Wasyel

michael Rodrigues, superintendent        BMU. cell #100
mci cedar Junction

Re: letter Grievance                                  Dec. 25, 2016

Dear Sir,

Hello, on Dec. 22, 2016 - 1) I smelled chemical agent at approx. 2:55
pm 4:38pm, 2) contaminated dinner Burrito, Rice and bread by
C/o Sean Carlden

Dec. 23, 2016 - 1) I smelled chemical agent at approx. 2:55pm,
3:23 pm, 4:24pm, 2) Contaminated dinner Pasta, Sauce & bread by C/o
Nicholas Wolschen whom claimed it was contaminated, 3) C/o
Wolschen violently pulled in my cell door threaten my life at
approx. 5:30pm, 9:31pm, 10:01pm

Dec. 24, 2016 - 1) I smelled chemical agent at approx. 4:31 pm
2) contaminated dinner Chicken Patty, Rice & Bun by C/o Aron Valla
Food made my body shake.

Dec. 25, 2016 - 1) I smelled chemical agent at approx. 2:41pm, 3:16pm -
2) contaminated lunch Turkey, Stuffing, Mash Potatoes, Gravy and cranberry
Sauce by C/o Chrisf Thibault. Allegedly food had spit in it
Please note Sgt. DanKovich (Sic) walked by my cell stating "too ate
Christmas spit", 3) Contaminated dinner Peanut Butter, Jelly & bread
by C/o Fernando Vierra food made my body shake 4) If my lunch
tray has dna in it then it belongs to Lt. DanKovich (sia),
C/o Thibault, C/o Aron Valla or C/o Lovett 5) C/o Thibault refused
to return one it my phone slips form a call that I didn't get
through on WHEREFORE I request a probe into this matter
preserving my cell, tier and unit videos for investigation

... for your attention to this matters.      respectfully