UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JORDAN RICE, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 17-11059-LTS |
| ) | |
| MICHAEL W. MORRISEY, et al., ) | |
| ) | |
| Defendants. ) | |

ORDER

February 3, 2020

SOROKIN, D.J.

Now before the Court are plaintiff Jordan Rice's motions to compel the Massachusetts Department of Correction ("DOC") (#70) to provide the address of defendants who are former DOC employees, for an extension of time to complete service (#72), and for forms for service on two defendants (#79). Upon review of these motions and the opposition thereto, the Court GRANTS the motions as follows:

1. The Clerk shall reissue summonses for Jamie Chapman, Debra Vogt, Michael Rodrigues, and James Redd III. The Clerk shall provide Rice forms for service by the United States Marshals Service ("USMS").

2. Rice shall serve Chapman, Vogt, Rodrigues, and Redd based on the information contained in the defendants' opposition [76].[1] Rice must, within 28 days of the date of this

---

[1] Contrary to Rice's assertion in his reply (#80), the opposition of the DOC defendants (#76) does not indicate that counsel for these defendants is in possession of the addresses of Chapman and Vogt, who are apparently employees of Wellpath, formerly known as Correct Care Solutions. See https://www.mass.gov/service-details/inmate-healthcareo (statement from DOC

order, provide the USMS (or any other person permitted under Rule 4(c)(2) of the Federal Rules of Civil Procedure to complete service) the summonses and amended complaint for service on these four defendants. Failure of Rice to comply with this directive may result in dismissal of the claims against Chapman, Vogt, Rodrigues, and Redd.

       3.       Within 21 days of the date of this order, counsel for the DOC defendants must either (1) obtain permission from Jason Badger, Rowan Hill, and Ryan Resendes[2] to accept service on their behalf, and notify the Court of the same; or (2) submit the last known address for these three defendants to the Court UNDER SEAL. Failure of counsel for the DOC defendants to comply with this order may result in the imposition of sanctions.

       4.       If, in accordance the preceding paragraph, counsel for the DOC defendants submits the addresses of the former DOC employees, the Clerk shall (1) not disclose the address of the former DOC employees to any person except an employee of this Court or the USMS; (2) reissue summonses for these three defendants; (3) provide the USMS with all documents and instructions for service; and (4) redact or file under seal any returns of service or other document bearing the home address of the former DOC employees.

---

that it "work[s] with Wellpath, formerly Correct Care Solutions, to provide healthcare services for inmates") (last viewed Jan. 31, 2020). Counsel's certification that he would mail copies of the opposition "to those indicated as non-registered participants" is not a representation that he mailed the document Chapman and Vogt. A party who has not yet appeared in an action, whether personally or through counsel, is not a "participant" for purposes of a certifying service. See Wright & Miller, Fed. Prac. & Proc., § 1144 at 429 (3d ed. 2002) ("[A] party who has not appeared is not entitled to service under Rule 5," unless the action was commenced by a seizure of property.). Further, the DOC is under no obligation obtain the addresses of Chapman and Vogt from Wellpath, nor is it clear that they would be able to. The Court cannot advise Rice how he should serve these two parties, but knowing the name of their employer may provide a starting point.

[2] The Court notes that, on January 21, 2020, counsel for the DOC defendants filed a notice of appearance for defendant Saba (#77).

5. Counsel for the DOC defendants must also, within 21 days, enter an appearance for defendant Fagan or inform the Court that counsel is not representing this defendant.

SO ORDERED.

    /s/ Leo T. Sorokin
UNITED STATES DISTRICT JUDGE