UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JORDAN M. RICE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil No. 17-11059-LTS |
| | ) |
| RYAN W. RESENDES, *et al.* | ) |
| | ) |
| Defendants. | ) |

ORDER ON PLAINTIFF'S MOTION TO APPOINT COUNSEL (DOC. NO. 142)
AND PLAINTIFF'S MOTION FOR INDEPENDENT FEDERAL PROBE (DOC. NO. 143)

March 1, 2021

SOROKIN, J.

In this action, Plaintiff Jordan M. Rice, an incarcerated inmate proceeding pro se, alleges that a number of correctional officials at Massachusetts Correctional Institution–Cedar Junction acted individually and in concert to violate his constitutional rights by, among other things, arranging for him to be assaulted and by poisoning his food. Currently before the Court are Rice's Motion to Appoint Counsel (Doc. No. 142) and Rice's Motion for an Independent Federal Probe (Doc. No. 143) into an alleged "Nazi Style Death Penalty System." Doc. No. 143.

I.      BACKGROUND

Rice began this action by filing a lengthy compliant naming ninety-nine defendants. Doc. No. 1. Given the gravity of Rice's allegations, the Court appointed Daniel J. Cloherty, an experienced criminal and civil trial attorney, to meet with Rice at the outset of the case to consider whether he would be willing to represent Rice in this litigation. Doc. No. 32. After reviewing the record and speaking with Rice, Mr. Cloherty declined to accept an appointment. Doc. No. 40. Following this, Rice filed an Amended Complaint naming only twenty-two defendants. Doc. No. 48. The Court

screened the Amended Complaint, pursuant to 28 U.S.C. §§ 1915 and 1915A, and dismissed all but

fifteen defendants. Doc. No. 49. These remaining defendants then moved to dismiss the Amended

Complaint. Doc. Nos. 101 & 105. The Court allowed the defendants' motions as to seven defendants

and held that Rice had plausibly alleged the following claims as to the remaining eight defendants:

> a. The First and Eighth Amendment claims against Defendants Badger and Resendes
>
> arising from the alleged July 2014 assault described in Rice's Amended Complaint;
>
> b. The First and Eighth Amendment claims against Defendants Badger, Pacheco, and
>
> Resendes arising from the alleged December 2014 assault described in Rice's
>
> Amended Complaint;
>
> c. The First and Eighth Amendment claims arising from the alleged post-June 6, 2014
>
> food tampering incidents described in Rice's Amended Complaint, and;
>
> d. The civil rights conspiracy claims against Defendants Badger, Hill, Leavitt,
>
> Pacheco, Pakuris, Resendes, and Thibault. Doc. No. 124.

II.   DISCUSSION

"The law is well established that there is no constitutional right to appointment of counsel in

a civil case." Cookish v. Cunningham, 787 F.2d 1, 2 (1st Cir. 1986) (per curiam). Nonetheless,

district courts are vested with discretion, pursuant to 28 U.S.C. § 1915(e)(1), to appoint counsel when

an indigent litigant has demonstrated "exceptional circumstances in his or her case." Cookish, 787

F.2d at 2. In determining whether such "exceptional circumstances" are present, courts may look to,

among other factors, the merits of the case, Lucien v. Spencer, C.A. No. 07-11338-MLW, 2013 WL

1212895, at *2 (D. Mass. March 22, 2013), "the indigent's ability to conduct whatever factual

investigation is necessary to support his or her claim; the complexity of the factual and legal issues

involved; and the capability of the indigent to present the case." McCauley v. Groblewski, No. 18-

2167, 2020 WL 6265069, at *8 (1st Cir. July 28, 2020) (quoting Cookish, 787 F.2d at 3).

The record does not establish "extraordinary circumstances." True, the Court recently held that Rice had plausibly alleged certain claims. But the Court's ruling was premised on the standard set by Rule 12(b)(6) and is not a reflection of the Court's view as to the ultimate merits of Rice's claims. Although the Court acknowledges the difficulty Rice will face in prosecuting his case from prison, such difficulties are commonly faced by prisoner litigants and do not, in and of themselves, present an "extraordinary circumstance." Indeed, the Court notes that Rice appears to have a network of supporters outside of prison who have been willing to assist him in his efforts so far, mitigating to some extent the challenges facing Rice. Rice emphasizes in briefing that he is untrained in the law. But this factor alone does not justify an entitlement to counsel, see, e.g., Blake v. Medeiros, No. 14-CV-11845-IT, 2015 WL 2381031, at *2 (D. Mass. May 19, 2015), and the legal questions remaining in the case are not particularly complex when compared to the majority of cases presenting constitutional claims. After reviewing the record, the Court concludes Rice has not made a sufficient showing to justify an appointment of counsel.

For the foregoing reasons, Rice's Motion to Appoint Counsel (Doc. No. 142) is DENIED. Rice's Motion for an Independent Federal Probe (Doc. No. 143) is also DENIED for reasons which are apparent from the record.

SO ORDERED.


 /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge