UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JORDAN M. RICE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 17-11059-LTS |
| ) | |
| RYAN W. RESENDES, et al., ) | |
| ) | |
| Defendants. ) | |

ORDER ON PRETRIAL MOTIONS

January 17, 2023

SOROKIN, J.

Pending before the Court are various pretrial filings from pro se Plaintiff Jordan Rice. The Court issues the following rulings as to those motions and certain other matters pertaining to the trial.

1. Trial commences with jury selection on Monday January 30, 2023. **Trial will proceed that day and each day thereafter from 9:00 a.m.— 4:00 p.m.** with a break at approximately 11 a.m. for fifteen minutes, and a lunch break from 1:00p.m.—2:00 p.m. This is a change in the schedule. Mr. Rice and counsel shall adjust accordingly. The Court will meet with Mr. Rice and counsel for the Defendants each trial day (except Monday January 30th) at 8:30 a.m. to discuss any issues requiring the Court's attention.

2. The Court hereby **ORDERS the Department of Corrections** to produce Rice at the John Moakley United States Courthouse, 1 Courthouse Way, Boston, Massachusetts, by 8:00 a.m. on Monday, January 30, 2023, and day to day each day thereafter until this trial concludes and the Court vacates this Order. The Court also **ORDERS the Department of Corrections to produce inmate Andrew Pasquale** for trial testimony in this case on Tuesday, January 31, 2023, at 9:00 a.m. To facilitate security arrangements for the Court, Pasquale will testify at that time even if that is not the preferred timing of his testimony. DOC Counsel for the Defendants shall notify the Clerk no later than Friday, January 30, 2023, if the DOC requires the

issuance of a writ or any other process or orders to ensure Rice's or Pasquale's presence at the trial.

3. The Court ALLOWS Rice's Motion, Doc. No. 325, to wear Nike sneakers, sweatpants, and a sweatshirt at the trial in lieu of the traditional Court clothes DOC permits of a suit and tie. However, this ruling is subject to de novo review upon request by Defendants or DOC based upon a security or safety concern.

4. Counsel for the Defendants has agreed to accept service of subpoenas for all three Defendants and the current DOC employees. Doc. No. 316. The Defendants are required to appear for the trial, so no further subpoena is required for the Defendants. For other current DOC employees, Rice must follow the procedures set out in the Order from Judge Levenson, Doc. No. 315, except service shall be on defense counsel. For all other witnesses, Rice must follow the procedures set out in that Order. Service by the United States Marshals may occur only upon persons the Court authorizes to testify as witnesses as discussed below.

    As explained in Judge Levenson's Order, Doc. No. 315, "[w]itness fees and mileage costs may not be waived by this court." See Matthews v. Cordeiro, 256 F. App'x 373, 375 (1st Cir. 2007). Rice must "tender[] the fees for 1 day's attendance and the mileage allowed by law" should he wish the United States Marshals to serve trial subpoenas upon his witnesses. Fed. R. Civ. P. 45(b)(1).

5. Rice's Motion to Compel DOC to Produce a Diagram of the BMU Unit and the Yard at MCI Cedar Junction, Doc. No. 319, is DENIED. Fact discovery closed long ago, as did the time for filing motions to compel.

6. Rice's Motion to Compel Department of Correction to Submit to the Court Last Known Home Addresses of Current & Former DOC Employees, Doc. No. 318, is DENIED AS MOOT as the issue has been narrowed as described above in paragraph 4, and in any event, was resolved by Judge Levenson's Order so requiring.

7. Rice's Motion for the Clerk and Marshals to serve subpoenas on his trial witnesses, Doc. No. 320, is DENIED AS MOOT in light of the ruling by Judge Levenson, Doc. No. 315, explaining how this will occur and describing Rice's obligations. See also ¶ 4. The scope of persons served is narrowed as described below.

8. Rice has filed a list of witnesses with some explanatory detail. Doc. No. 332. Defendants objected to some of those witnesses. Doc. No. 338. Before turning to the particular witnesses, the Court outlines certain governing principles. The Court has substantially narrowed the scope of the claims for trial, first in a ruling on motions to dismiss, Doc. No. 124, and later in a ruling on a motion for summary judgment. Doc. No. 220. None of the claims Rice has advanced survived these rulings except his

claim for violation of rights under the Eighth Amendment to the United States Constitution. Doc. No. 220 at 14. There is no conspiracy claim of any kind remaining. Id. Rice's Eighth Amendment claim arises out of two incidents: one on July 22, 2014, and the other on December 1, 2014. Doc. No. 48 ¶¶ 114-47. In each incident, Rice alleges that he was attacked by another inmate (Pasquale in the first and Lang in the second). Id. As to each incident, Rice alleges that one or more of the Defendants stood by, did not intervene, and cheered on the attacker. Id. In light of the foregoing, the focus of the trial is on what happened at these two incidents. Of course, Rice may call witnesses with personal knowledge of either incident, as well as some present or former DOC employees with knowledge of policies then in force in 2014 to testify about policies relevant to the alleged conduct of the Defendants in these two incidents.

With these principles in mind, the Court permits Rice to call the following witnesses from Rice's Witness List, Doc. No. 332: each of the three Defendants (witnesses 7-9), Pasquale (witness 12), Saba (witness 16), Black (witness 17), Rice's mother Brenda Rice (witness 21), and Brianna Rice (witness 22). In so ruling, the Court does not endorse as relevant or admissible the topics described by Rice for each witness. In addition, the Court cautions Rice to follow the general principles described above, as these principles will guide the Court's further rulings on matters including whether to sustain objections, strike testimony, or entirely exclude a witness the Court has here permitted Rice to call.

The Court STRIKES all of the other witnesses proposed by Rice in Doc. No. 332 as not relevant to the claims at issue with two exceptions. First, the Court permits Rice to call one or more present or former DOC employees to testify about relevant policies. The Court will address with the parties what policies might be relevant and who might testify as to those policies at the Final Pretrial Conference. Rice shall identify the policies he deems relevant at or before this Conference. Second, Rice wants to call inmate Fisher. Doc. No. 332. Rice claims inmate Fisher "[p]ersonally witnessed both failure to protect claims." Doc. No. 332 ¶ 11. Defendants object, contending "there is no evidence [Fisher] witnessed either the July or December 2014 incidents." Doc. No. 338 at 2. Rice may make a proffer of the basis for his assertion that Fisher has witnessed either incident or otherwise has relevant testimony. The other testimony Rice described in his proffer is not now relevant to the trial.

9. The Court notes but takes no action at this time on the following filings by Rice: Plaintiff's Concise Summary of Evidence (Doc. No. 336), Letter to the Court (Doc. No. 317), Rice's Proposed Jury Instructions (Doc. No. 322), his Proposed Special Verdict Form (Doc. No. 323), Rice's Probable Length of Trial filing (Doc. No. 331), Rice's Statement of Facts (Doc. No. 330), Rice's Proposed Voir Dire (Doc. No. 341), Rice's Issues of Law (Doc. No. 334), and Rice's List of Objections (Doc. No. 342).

10. Rice's Motion for Prisoner Witnesses to Be Separated, Doc. No. 321, is DENIED WITHOUT PREJUDICE except that defense counsel shall notify the Department of Corrections that Pasquale has previously attacked Rice. Accordingly, they shall take appropriate security precautions. Rice's Motion for Order to Transport Prisoner Witnesses, Doc. No. 324, and his Petition for Writ of Habeas Corpus Ad Testificandum, Doc. No. 326, are DENIED AS MOOT in light of other provisions of this Order.

11. Rice's Motion to Compel Prison Video Release, Doc. No. 327, and his Motion to Seek an Order to Compel Prison Treasurer, Doc. No. 328, are DENIED.

12. Rice's Motion for Requested Amendments to the Pleadings, Doc. No. 335, is DENIED. The time for revising the scope of the claims in the operative complaint is long past, and the revisions Rice seeks would prejudice Defendants on the eve of trial, seek to inject irrelevant material, or without basis, revise matters resolved by the Court in prior orders.

13. Rice's Motion for Enlargement of Time, Doc. No. 329, is DENIED AS MOOT as the Court is not now aware of late filings by Rice and he has not identified the amount of time he seeks.

14. Rice's Motion to Bar Reference to Good Character, Doc. No. 340, remains under advisement pending a response from Defendants.

15. Rice has filed a list of 116 proposed exhibits, Doc. No. 333, and attached those exhibits at Doc. No. 337. Defendants filed a response. Doc. No. 339. Many of the exhibits appear to address matters outside the scope of the trial. Doc. No. 337. The Court will rule on specific exhibits either at the Pretrial Conference or when offered at trial. However, the Court expects defense counsel to have electronic copies of the DOC video of the two incidents for display to the jury if offered by Rice at trial, and if approved by the Court in response to any objections.

16. The Court notes that Rice's papers refer to four motions not, so far, received by the Court: a Witness List To Testify Via Deposition, a Motion in Limine to Exclude Bad Act Evidence, a Motion for the Jury to take a View, and a Motion to Recuse Defense Counsel.

17. Regarding a view, the Court adopts the statements and rulings expressed by Judge Levenson in his Order. Doc. No. 315.

18. The Clerk shall mail this Order to Rice. **Defense Counsel shall arrange for staff at DOC to deliver a copy of it to Rice no later than the next business day after receipt by defense counsel.**

4

19. The Final Pretrial Conference is set for Thursday, January 26, 2023, at 3:00 p.m. Rice shall appear at the Final Pretrial Conference in person. The Clerk shall issue a writ to secure Rice's appearance at the Final Pretrial Conference.

SO ORDERED.

 /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge