UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JORDAN M. RICE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 17-11059-LTS |
| | ) | |
| RYAN W. RESENDES, | ) | |
| JASON BADGER, | ) | |
| CHRISTOPHER PACHECO | ) | |
| | ) | |
| Defendants. | ) | |

ORDER ON MOTIONS FOR EXTENSION OF TIME
AND FOR A NEW TRIAL (Doc. Nos. 404, 405)

April 6, 2023

SOROKIN, J.

Plaintiff Jordan Rice filed two post-judgment motions with the Court. Doc. Nos. 404-05. The Motion for an Extension of Time to File Notice of Appeal, Doc. No. 405, is ALLOWED and the Motion for New Trial, Doc. No. 404, is DENIED.

Judgment entered in this case on March 17, 2023, after the jury verdict in favor of the remaining defendants on the remaining claims. Doc. No. 400. Under Federal Rule of Appellate Procedure 4(a)(1)(A), Rice then had thirty days to file a notice of appeal. On April 5, 2023, the Court docketed Rice's Motion to Extend the Time to File Notice of Appeal. Doc. No. 405. Rice states both that the Court said it would write to him regarding the appeal process, and that he had not received any such writing as of March 18, 2023, the date next to Rice's signature. Id. at 1. Fed. R. App. 4 requires "good cause" to extend an appeal period. While the Court's docket reflects that the notice of appeal was mailed to Rice on March 17, 2023, in view of Plaintiff's pro

se status, as well as his incarceration, the Court extends by thirty days the period for the filing of a notice of appeal. **Thus, Rice's notice of appeal is due within sixty days of March 17, 2023, or May 16, 2023.** The Clerk shall mail this Order to Rice.

Rice also filed a Motion for a New Trial on the grounds that the verdict of the jury is against the weight of the evidence. Doc. No. 404. Under Federal Rule of Civil Procedure 59, the Court may override a jury verdict and order a new trial "'if the verdict is against the law, against the weight of the credible evidence, or tantamount to a miscarriage of justice.'" Teixeira v. Town of Coventry ex rel. Przybyla, 882 F.3d 13, 16 (1st Cir. 2018) (quoting Camillas-Diaz v. Palau, 463 F.3d 77, 81 (1st Cir. 2006)). The Court "cannot displace a jury's verdict merely because [it] disagrees" or "because a contrary verdict may have been equally ... supportable." Jennings v. Jones, 587 F.3d 430, 436 (1st Cir. 2009) (quoting Ahern v. Schulz, 85 F.3d 774, 780 (1st Cir. 1996)). The remedy of a new trial is "sparingly used, and then only where there would be a miscarriage of justice and where the evidence preponderates heavily against the verdict." Sebastino v. Springfield Terminal Railway Co., 530 F.Supp.3d 81, 86 (D. Mass. 2021) (citing U.S. v. Merlino, 592 F.3d 22, 32 (1st Cir. 2010)). The resolution of the two failure to protect claims by the jury involved not only consideration of the tangible evidence (documents and video), but an evaluation of the trial testimony of Rice and each of the three defendants. The verdict was within the province of the jury in light of the evidence at trial. The Motion, Doc. No. 404, is DENIED.

                SO ORDERED.

                /s/ Leo T. Sorokin
                Leo T. Sorokin
                United States District Judge